IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN HUGO EICKHOFF, JR., )<br>RHONDA KAY EICKHOFF, )<br>HOFFMAN ASSOCIATES, LLC, )<br>ARIC ELLIOT SCHREINER, )<br>COLUMBIA CPA GROUP LLC, )<br>JOHN WILLIAM GRAY II, and )<br>DAMON THOMAS EISMA, individually )<br>and d/b/a DAMON T. EISMA )<br>ATTORNEY AT LAW, )<br>)<br>Defendants. ) | Case No.: 2:22-cv-04027-MDH |

**DEFENDANT RHONDA EICKHOFF'S MOTION TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT**

Defendant Rhonda K. Eickhoff ("Eickhoff"), by and through her undersigned counsel, moves to dismiss Count IV of Plaintiff United States of America's ("Plaintiff") Amended Complaint ("Complaint"), pursuant to Fed. R. Civ. P. 12(b)(6). In support of her motion, Eickhoff states as follows:

**INTRODUCTION**

In the Complaint, Plaintiff alleges that Eickhoff and her co-defendants "organize, promote, or facilitate…an abusive tax scheme" referred to therein as the Hoffman CRAT Scheme. *See generally* Complaint. Despite the Complaint's conclusory allegations of improper conduct, the specific allegations against Eickhoff in the Complaint are limited to the following between 2015-2020: (1) Eickhoff "assists with and approves the design of advertisements used to promote the Hoffman CRAT Scheme" and "arranges for the publication of…advertisements;"

1

and (2) Eickhoff "participates in the sale of SPIA contracts and other insurance products made to participants in the Hoffman CRAT Scheme." For this alleged improper conduct, Plaintiff seeks two types of remedies against Eickhoff: (1) injunctive relief (Counts I and III) and (2) disgorgement of "ill-gotten" gains to punish Eickhoff for alleged violations of Section 26 U.S.C. § 6700 related to the Hoffman CRAT Scheme (Count IV).

Eickhoff denies she engaged in any improper conduct. *See* Eickhoff Answer and Affirmative Defenses to Counts I and III filed contemporaneously herewith. However, even if Plaintiff states a claim against Eickhoff under Counts I and III, the remedy of disgorgement is not available under 26 U.S.C. § 7402. As a result, Eickhoff brings this Motion to Dismiss Count IV of the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Count IV of the Complaint should be dismissed for the following reasons: *First*, Plaintiff cannot state a claim for or seek the remedy of disgorgement against Eickhoff under 26 U.S.C. § 7402, and, *second*, even if the Plaintiff could seek disgorgement, Plaintiff's claims that pre-date February 23, 2017 are precluded by the statute of limitations.

## ARGUMENT

### A. Legal Standard

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

555. Rather, the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id*. When it is clear from the face of the complaint that "there is some insuperable bar to relief," a court should grant a Rule 12(b)(6) motion. *Krentz v.Robinson*, 228 F.3d 897, 905 (8th Cir. 2000) (internal citations omitted).

B. **Disgorgement is not an available remedy under Section 7402.**

The text of 26 U.S.C. § 7402 does not provide for disgorgement. 26 U.S.C. § 7402(a) provides for three types of remedies: (i) "writs and orders of injunction, and of ne exeat republica, orders appointing receivers," (ii) "such other orders and processes," and (iii) "such judgments and decrees." None of these remedies expressly includes disgorgement and there is no reason to read disgorgement into the statute given the penalties enumerated in 26 U.S.C. § 6700.

In 2021, the Supreme Court confirmed, in a unanimous decision, that where Congress has established a robust statutory scheme through which an administrative agency can seek money damages for certain conduct, a statutory provision that authorizes federal courts to issue injunctions does not carry with it the authority to order disgorgement related to the same conduct. *AMG Cap. Mgmt. v. Fed. Trade Comm'n*, 141 S. Ct. 1341, 1350 (2021) ("…[W]e have held, based on our reading of a statutory scheme as a whole, that a provision's grant of an 'injunction' or other equitable powers does not automatically authorize a court to provide monetary relief."). When one section of a statute explicitly provides for certain types of equitable remedies, and other sections of a statute provide a comprehensive scheme of monetary remedies, the former section *should not be read* to provide for monetary remedies as well. *Id*.; see *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 487–88 (1996) ("[W]here Congress has provided elaborate enforcement provisions for remedying the violation of a federal statute . . . . it cannot be assumed

3

that Congress intended to authorize by implication additional judicial remedies . . . .") (internal quotations omitted). However, this is exactly what the Plaintiff seeks in Count IV.

In the Complaint, Plaintiff seeks disgorgement based on Eickhoff's purported violations of 26 U.S.C. § 6700, which imposes financial penalties for promoting abusive tax shelters and for aiding and abetting the understatement of a tax liability. If, as Plaintiff alleges, Eickhoff's conduct violates 26 U.S.C. § 6700, Eickhoff would be subject to a minimum penalty of $1,000 and up to a maximum penalty of 50% of the gross income derived from promoting the allegedly abusive tax shelter. See 26 U.S.C. § 6700(a). Thus, there is no basis to assert that Section 7402(a) provides for additional penalties in excess of those contained in Section 6700, such as disgorgement.[1]

Because Congress did not expressly authorize disgorgement in 26 U.S.C. § 7402(a) and instead established a robust statutory scheme through which Plaintiff can seek monetary damages, 26 U.S.C. § 7402(a) does not authorize Plaintiff to pursue disgorgement as a remedy. Therefore, the Complaint fails to state a claim for disgorgement and Count IV should be dismissed.

C. **Plaintiff's claims that pre-date February 23, 2017 are precluded by the statute of limitations.**

Section 2462 of Title 28 imposes a general five-year period of limitation with respect to any federal "action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise." 28 U.S.C. § 2462. This provision applies to the disgorgement

---

[1] The Eleventh Circuit has affirmed orders of disgorgement in tax cases from the Middle District of Florida. See, e.g., *United States v. Stinson*, 729 F. App'x 891, 899 (11th Cir. 2018) ("To be entitled to disgorgement, the Government need only produce a reasonable approximation of the defendant's ill-gotten gains."). However, those cases are not controlling on this Court and were decided before *AMG*.

4

remedy sought in Count IV. In 2017, a unanimous Supreme Court ruled in *Kokesh* that the five-year statute of limitations under 28 U.S.C. § 2462 applies to claims for disgorgement imposed as a sanction for violating federal securities laws. *Kokesh v. SEC*, 137 S. Ct. 1635, 1639 (2017).

There, the Court had to determine whether disgorgement fit within the definition of a penalty in 28 U.S.C. § 2462. The Court answered affirmatively, holding that "[d]isgorgement in the securities-enforcement context is a 'penalty' within the meaning of 28 U.S.C. § 2462, and so disgorgement actions must be commenced within five years of the date the claim accrues." *Id.* The Court explained that disgorgement in SEC cases "bears all the hallmarks of a penalty" because: (1) it seeks to deter infractions of "public laws," described as "violation[s] . . . committed against the United States rather than an aggrieved individual"; (2) it is imposed for "punitive purposes" to "deter violations of . . . laws by depriving violators of their ill-gotten gains," and (3) the recovered funds are returned to the Treasury and, thus, are not compensatory. *Id.* at 1643–44 (internal quotations and citations omitted).

Even if disgorgement were available in tax cases—which it is not—it would serve a purpose of deterring infractions of public laws, would be imposed for punitive purposes, and the recovered funds would be returned to the Treasury in a non-compensatory manner, like in SEC matters. *Cf. Fed. Energy Regul. Comm'n v. Silkman*, 359 F. Supp. 3d 66, 116 (D. Me. 2019) (concluding that *Kokesh's* holding with regard to SEC penalties applied with "equal force to FERC penalties," including disgorgement, assessed by the Federal Energy Regulatory Commission, and therefore FERC penalties were subject to 28 U.S.C. § 2462); *U.S. Commodity Futures Trading Comm'n v. Gramalegui*, No. 15-cv-02313-REB-GPG, 2018 WL 4610953, at *30 (D. Colo. Sept. 26, 2018) (applying *Kokesh* to restitution under the Commodity Exchange

5

Act because, like disgorgement, it serves a punitive purpose – even if it was not the sole or primary purpose).

Here, Plaintiff alleges that disgorgement is necessary because Defendants "unjustly profited at the expense of *the United States* by charging customers fees for participating in the Hoffman CRAT Scheme and for the services and products offered in connection with the Hoffman CRAT Scheme…," and in so doing received "ill-gotten gains." Complaint, ¶196-197 (emphasis added). Like, *Kokesh*, disgorgement against Eickhoff is sought as an infraction against the United States, to recover ill-gotten gains, and are not compensatory. As a result, disgorgement is a penalty, and a five-year statute of limitations applies.

The Plaintiff alleges that "from at least 2015 through 2020, [] Eickhoff promoted the Hoffman CRAT Scheme to the public." Complaint, 62. Plaintiff filed its original complaint in this matter on February 23, 2022. As a result, Plaintiff's Claims that pre-date February 23, 2017 are precluded by the statute of limitations and fail to state a claim.

## CONCLUSION

For the forgoing reasons, Defendant Rhonda K. Eickhoff respectfully requests the Court dismiss Count IV of the Complaint, and for all other relief the Court deems just and proper.

6

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: */s/ Sara G. Neill*
Sara G. Neill, #53053 (MO)
Andrew W. Blackwell, #64734 (MO)
8182 Maryland Avenue, Fifteenth Floor
St. Louis, Missouri 63105
314-505-5418 (Phone)
314-505-5419 (Facsimile)
neill@capessokol.com
blackwell@capessokol.com

***Attorneys for Defendant Rhonda Eickhoff***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by filing a copy of the same with the Court's electronic filing system this 11th day of July, 2022.

*/s/ Sara G. Neill*