| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN HUGO EICKHOFF, JR., )<br>RHONDA KAYE EICKHOFF, )<br>HOFFMAN ASSOCIATES, LLC, )<br>ARIC ELLIOT SCHREINER, )<br>COLUMBIA CPA GROUP LLC, )<br>JOHN WILLIAM GRAY II, and )<br>DAMON THOMAS EISMA, individually )<br>and d/b/a DAMON T. EISMA )<br>ATTORNEY AT LAW, )<br>)<br>Defendants. )<br>_____ ) | Case No. 2:22-cv-04027-MDH |

**DAMON T. EISMA'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Damon Thomas Eisma, individually and d/b/a Damon T. Eisma Attorney at Law, provides the following answer and affirmative and other defenses to Plaintiff's Amended Complaint for Injunctive and Other Relief (the "Complaint") (Doc. 4). Each numbered paragraph in this answer responds to the paragraph in the Amended Complaint bearing the same number. Except as hereinafter expressly admitted, Eisma denies each and every allegation in the Amended Complaint, including any legal argument, allegation, or characterization that may be implied or stated in any heading or subheading of the Complaint or anything else not in an enumerated paragraph.[1]

    1.    Eisma denies the allegations contained in paragraph 1.

---

[1] Eisma omits the headings from his Answer that state legal conclusions or are otherwise inaccurate characterizations. To the extent that any headings include facts to which a response is required, Eisma denies them.

2. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 2, and therefore denies the same.

3. Paragraph 3 is a statement of the relief Plaintiff seeks that requires no response. Eisma denies that Plaintiff is entitled to any of the relief sought from or against him.

4. Paragraph 4 is a statement of the relief Plaintiff seeks that requires no response. Eisma denies that Plaintiff is entitled to any of the relief sought from or against him.

5. Paragraph 5 is a statement of the relief Plaintiff seeks that requires no response. Eisma denies that Plaintiff is entitled to any of the relief sought from or against him.

## Authorization

6. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 6, and therefore denies the same.

## Jurisdiction and Venue

7. Paragraph 7 is a legal statement that requires no response.

8. Paragraph 8 is a legal statement that requires no response. Regarding the issues of venue as it relates to Eisma, Eisma denies that venue is proper as to him.

## The Parties

9. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 9, and therefore denies the same.

10. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 10, and therefore denies the same.

11. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 11, and therefore denies the same.

12. Eisma lacks sufficient information or knowledge to form a belief about the truth

of the allegations in paragraph 12, and therefore denies the same.

13. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 13, and therefore denies the same.

14. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 14, and therefore denies the same.

15. Eisma admits he has and does prepare federal income tax returns. Eisma further admits that he is an attorney licensed to practice law in Minnesota. Eisma further admits he resides in Rock County, Minnesota. Eisma denies the remaining allegations contained in paragraph 15.

## Background

16. Paragraph 16 is a legal statement that requires no response.
17. Paragraph 17 is a legal statement that requires no response.
18. Paragraph 18 is a legal statement that requires no response.
19. Paragraph 19 is a legal statement that requires no response.
20. Paragraph 20 is a legal statement that requires no response.
21. Paragraph 21 is a legal statement that requires no response.
22. Paragraph 22 is a legal statement that requires no response.
23. Paragraph 23 is a legal statement that requires no response.

## Defendants' Abusive Tax Scheme

24. Paragraph 24 contains legal statements that require no response. To the extent required, Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 24, and therefore denies the same.

25. As applied to Eisma through the use of the word "Defendants" and any other

reference to Eisma, Eisma denies the allegations in paragraph 25. As the remaining allegations in paragraph 25 relate to other defendants, no response is required. To the extent a response is required to the remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 25, and therefore denies the same.

26. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 26, and therefore denies the same.

27. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 27, and therefore denies the same.

28. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 28, and therefore denies the same.

29. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 29, and therefore denies the same.

30. Regarding the allegations against Eisma in the second sentence, Eisma denies these allegations. As to the remaining allegations in paragraph 30, those are directed at other defendants and require no response. To the extent a response is required, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 30, and therefore denies the same.

31. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 31, and therefore denies the same.

32. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 32, and therefore denies the same.

33. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 33, and therefore denies the same.

34. The first sentence of paragraph 34 is a legal statement that requires no response. Regarding the second sentence of paragraph 34, Eisma admits he has prepared Forms 5227. Regarding the remaining allegations in paragraph 34 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The portions of the paragraph that are directed at other defendants require no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 34, and therefore denies the same.

35. The first sentence of paragraph 35 is a legal statement that requires no response. Regarding the remaining allegations in paragraph 35 that pertain to him (either by name or through "Defendants"), Eisma denies these allegations. The portions of the paragraph that are directed at other defendants require no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 35, and therefore denies the same.

36. The first sentence of paragraph 36 is a legal statement that requires no response. Regarding the remaining allegations in paragraph 36 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The remaining portions of the paragraph are directed at other defendants and require no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 36, and therefore denies the same.

37. The first sentence of paragraph 37 is a legal statement that requires no response. Regarding the remaining allegations in paragraph 37 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The remaining portions of the paragraph are directed at other defendants and require no response. To the extent a response is required to

these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 37, and therefore denies the same.

38. The first sentence of paragraph 38 is a legal statement that requires no response. Regarding the remaining allegations in paragraph 38 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The remaining portions of the paragraph are directed at other defendants and require no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 38, and therefore denies the same.

39. Regarding the allegations in paragraph 39 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The portions of the paragraph that are directed at other defendants require no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 39, and therefore denies the same.

40-41. Paragraphs 40 and 41 are legal statements that require no response.

42. Regarding the allegations in paragraph 42 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The remaining portions of the paragraph are directed at other defendants and require no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 42, and therefore denies the same.

43. Regarding the allegations in paragraph 43 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The portions of the paragraph that are directed at other defendants require no response. To the extent a response is required to these

remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 43, and therefore denies the same.

44. Regarding the allegations in paragraph 44 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The portions of the paragraph that are directed at other defendants require no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 44, and therefore denies the same.

45. Regarding the allegations in paragraph 45 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The portions of the paragraph that are directed at other defendants require no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 45, and therefore denies the same.

46. Regarding the allegations in paragraph 46 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The portions of the paragraph that are directed at other defendants require no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 46, and therefore denies the same.

47-48. Paragraphs 47 and 48 are legal statements and legal conclusions that require no response.

49. Regarding the allegations in paragraph 49 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The portions of the paragraph that are directed at other defendants require no response. To the extent a response is required to these

remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 46, and therefore denies the same.

50. Regarding the allegations in paragraph 50 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The portions of the paragraph that are directed at other defendants require no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 50, and therefore denies the same.

51. Regarding the allegations in paragraph 51 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The portions of the paragraph that are directed at other defendants require no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 51, and therefore denies the same.

52-61. Paragraphs 52 to 61 are directed at another defendant and requires no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraphs 52 through 61, and therefore denies the same.

62-67. Paragraphs 62 to 67 are directed at another defendant and requires no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraphs 62 through 67, and therefore denies the same.

68-89. Paragraphs 68 to 89 are directed at another defendant and requires no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information

or knowledge to form a belief about the truth of the remaining allegations in paragraphs 68 through 89, and therefore denies the same.

90-93. Paragraphs 90-93 are directed at another defendant and requires no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraphs 90 through 93, and therefore denies the same.

94. Regarding the allegations in paragraph 94 that pertain to Eisma (either by name or through "Defendants"), Eisma denies these allegations. The portions of the paragraph that are directed at two other defendants require no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 94, and therefore denies the same.

95-96. Paragraphs 95-96 are directed at another defendant and requires no response. To the extent a response is required, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraphs 95-96, and therefore denies the same.

97. Defendant Eisma admits he has communicated with Defendant Gray, but denies the remaining allegations and characterizations contained in paragraph 97 that relate to him. The remaining portions of the paragraph are directed at two other defendants and require no response. To the extent a response is required to these remaining allegations, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 97, and therefore denies the same.

98-99. Paragraphs 98-99 are directed at other defendants and requires no response. To the extent a response is required, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraphs 98-99, and therefore denies the same.

100-102. Eisma denies the allegations contained in paragraphs 100 to 102.

103. Eisma admits he has prepared Forms 5227 and Forms 1040 that involve K-1s. Regarding allegations in paragraph 103, Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations, and therefore denies the same.

104. Eisma admits he has prepared Schedules D and Forms 4797. Regarding the remaining allegations in the first sentence in paragraph 104, Eisma lacks sufficient information or knowledge to form a belief about the truth of these allegations, and therefore denies the same. Regarding the second sentence of paragraph 104, this sentence is a legal statement and/or conclusion that requires no response. To the extent a response is required, Eisma denies the allegations and characterizations contained in paragraph 104.

105. Eisma denies the allegations and characterizations contained in paragraph 105.

106. Regarding the allegations and characterizations contained in paragraph 106, these are legal statements and/or conclusions that require no response. To the extent a response is required, Eisma denies the allegations and characterizations contained in paragraph 106.

107. Regarding the allegations and characterizations contained in paragraph 107, these are legal statements and/or conclusions that require no response. To the extent a response is required, Eisma denies the allegations and characterizations contained in paragraph 107.

108. Regarding the allegations and characterizations contained in paragraph 108, these are legal statements and/or conclusions that require no response. To the extent a response is required, Eisma denies the allegations and characterizations contained in paragraph 108.

109. Eisma admits he has prepared a Schedule K-1. Regarding the remaining allegations in the first sentence in paragraph 109, Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations, and therefore denies the same. Regarding the second

sentence of paragraph 109, this sentence is a legal statement and/or conclusion that requires no response. To the extent a response is required, Eisma denies the allegations and characterizations contained in paragraph 109.

110. Regarding the allegations and characterizations contained in paragraph 110, these are legal statements and/or conclusions that require no response. To the extent a response is required, Eisma denies the allegations and characterizations contained in paragraph 110.

111. Regarding the allegations and characterizations contained in paragraph 111, these are legal statements and/or conclusions that require no response. To the extent a response is required, Eisma denies the allegations and characterizations contained in paragraph 111.

112-113. Eisma denies the allegations contained in paragraphs 112 and 113.

114. Regarding the allegations and characterizations contained in paragraph 114, these are legal statements and/or conclusions that require no response. To the extent a response is required, Eisma denies the allegations and characterizations contained in paragraph 114.

115-116. Eisma denies the allegations contained in paragraphs 115 and 116.

117. Eisma admits he has represented some clients before the IRS during examinations. Eisma denies the remaining allegations contained in paragraph 117.

118-120. Eisma denies the allegations contained in paragraphs 118 through 120.

121-131. Paragraphs 121-131 are directed at other defendants and requires no response. To the extent a response is required, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraphs 121 through 131, and therefore denies the same.

132. Eisma denies the allegations related to "Defendants' actions," as they pertain to him. The remainder of paragraph 132 is directed at other defendants and requires no response. To

the extent a response is required, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 132, and therefore denies the same.

133-142. Paragraphs 133 through 142 are directed at other defendants and requires no response. To the extent a response is required, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraphs 133 through 142, and therefore denies the same.

143. Eisma denies the allegations related to "Defendants' actions," as they pertain to him. The remainder of paragraph 143 is directed at other defendants and requires no response. To the extent a response is required, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 143, and therefore denies the same.

144-154. Paragraphs 144 through 154 are directed at other defendants and requires no response. To the extent a response is required, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraphs 144 through 154, and therefore denies the same.

155. Eisma denies the allegations related to "Defendants' actions," as they pertain to him. The remainder of paragraph 155 is directed at other defendants and requires no response. To the extent a response is required, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 155, and therefore denies the same.

156. Eisma denies the allegations related to "Defendants' actions," as they pertain to him. The remainder of paragraph 156 is directed at other defendants and requires no response.

157. Eisma lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 157, and therefore denies the same.

158. Eisma denies the allegations related to "Defendants" as they pertain to him. The remainder of paragraph 155 is directed at other defendants and requires no response. To the extent a response is required, Eisma lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 158, and therefore denies the same.

159. Eisma denies the allegations related to "Defendants" as they pertain to him. The remainder of Paragraph 159 is directed at other defendants and contains legal statements and conclusions that require no response.

160. Eisma denies the allegations related to "Defendants" as they pertain to him. The remainder of Paragraph 160 is directed at other defendants and contains legal statements and conclusions that require no response.

161. Eisma denies the allegations related to him. The remainder of Paragraph 160 is directed at other defendants and contains legal statements and conclusions that require no response.

162. Eisma denies the allegations related to "Defendants" as they pertain to him. The remainder of Paragraph 162 is directed at other defendants and contains legal statements and conclusions that require no response.

## COUNT I
### Injunction against All Defendants under 26 U.S.C. § 7408

163. Eisma incorporates his responses to paragraphs 1 through 162 as if fully stated herein.

164-168. Paragraphs 164 through 168 are legal statements and conclusions that require no responses.

169-174.	Eisma denies the allegations in paragraphs 169 through 174 related to "Defendants" as they pertain to him. The remainder of Paragraphs 169 through 174 are directed at other defendants and require no response.

## COUNT II
### Injunction against Schreiner Defendants under 26 U.S.C. §7407[2]

175.	Eisma incorporates his responses to paragraphs 1 through 162 as if fully stated herein.

176-178.	Paragraphs 176 through 178 are legal statements and conclusions that require no responses.

179-181.	Portions of paragraphs 179 through 181 are legal statements that are directed at Eisma and require no response. To the extent a response is required, Eisma denies the allegations in these two paragraphs related to Eisma. The remainder of paragraphs 179 through 181 are directed at two other defendants and require no response.

182.	Paragraph 182 is a legal statement and conclusion that require no responses.

183-185. Eisma denies the allegations in paragraphs 183 through 185 that pertain to him. The remainder of paragraphs 183 through 185 are directed at other defendants and require no response.

## COUNT III
### Injunction against Defendants under 26 U.S.C. §7402

186.	Eisma incorporates his responses to paragraphs 1 through 162 as if fully stated herein.

---

[2] This heading does not list Eisma even though the allegations refer to Eisma. While Eisma strongly denies that any permanent ban is appropriate or warranted and based upon this headings Plaintiff did not seek to raise this claim against him, Eisma answers these paragraphs anyway.

187. Paragraph 187 contains legal statements and conclusions that require no responses.

188-193. Eisma denies the allegations in paragraphs 188 through 193 as they relate to Eisma. The remainder of paragraphs 188 through 193 are directed at the other Defendants and require no response.

## COUNT IV
## Disgorgement under 26 U.S.C. §7402 against all Defendants

194. Eisma incorporates his responses to paragraphs 1 through 162 as if fully stated herein.

195. Paragraph 195 contains legal statements and conclusions that require no responses.

196-198. Eisma denies the allegations in Paragraphs 196 through 198 that pertain to him. The remainder of Paragraphs 196 through 198 are directed at other defendants and require no response.

WHEREFORE, Eisma prays that the relief sought in the Plaintiff's Amended Complaint that pertains to him, including permanent injunctive relief, disgorgement, and other further equitable, legal or monetary relief be denied, that the Court dismiss the Plaintiff's Amended Complaint with prejudice as to him, deny Plaintiff's request for post-judgment discovery, award Eisma his costs and attorneys' fees, allow him a jury trial on all issues triable to a jury, and all other relief that justice requires.

## **EISMA'S DEFENSES**

In accordance with Fed. R. Civ. P. 8(b)(1)(A) and 8(c)(1), Eisma sets forth the following affirmative and other defenses. By including defenses, Eisma is not assuming the burden of proving any fact, issue, or element, including where any burden belongs to the Plaintiff. Moreover, in listing any defense, Eisma is listing them in the alternative and is not acknowledging

15

that a particular matter is relevant to the Plaintiff's allegations or serve as an admission of any kind.

1. The Complaint fails to state any claim against Eisma upon which relief can be granted under the applicable law. *See* Fed. R. Civ. P. 12(b)(6); *see also* Fed. R, Civ. P. 12(h)(2)(A) & Fed. R. Civ. P. 7(a).

2. Plaintiff's claims are barred because Eisma complied with the applicable law, his conduct was lawful, was proper, and he otherwise complied with applicable statutes and regulations.

3. To the extent the Amended Complaint asserts claims against Eisma based on statements he made, such statements were made in good faith, and based upon his belief that such statements were accurate.

4. Eisma acted at all relevant times in good faith, with reasonable cause after exercising due diligence and without the requisite intent, as well as without actual knowledge that any of his actions, statements or omissions were false, unlawful, or otherwise improper.

5. The claims in the Amended Complaint, and relief requested, are barred, in whole or in part, to the extent that they seek to impose upon Eisma obligations that are inconsistent with, or in excess of those imposed by the Internal Revenue Code and the rules and regulations promulgated thereunder.

6. Plaintiff has no basis for the claim of disgorgement because (1) Plaintiff lacks statutory authority to pursue this claim and remedy against Eisma; (2) Plaintiff has an adequate remedy at law, including the statutory scheme under the Internal Revenue Code and applicable regulations and, as a result, is not entitled to equitable disgorgement; and (3) the claim and requested relief violates the Excessive Fines Clause of the Eighth Amendment.

7. Some or all of the claims and remedies asserted against Eisma in the Amended Complaint are barred by the applicable statute of limitations.

8. Although Eisma denies any liability in this manner, Eisma contends that any alleged conduct, actions, or omissions on the part of him giving rise to the Plaintiff's claims, if any, are justified and/or the result of bona fide error notwithstanding reasonable efforts by Eisma. Thus, Eisma at all times acted in a reasonable manner, in good faith and lacked the necessary intent, including a lack of intentional disregard, willfulness, fraud, malice, or reckless disregard.

9. Injunctive relief is unavailable because there has been no violation of the Internal Revenue Code; any violations of law that may have occurred were not egregious and have stopped; and, as known by Plaintiff, there is no likelihood of any future violation based upon the allegations in the Amended Complaint. Therefore, the Plaintiff cannot establish there is a reasonable likelihood that Eisma would "continue preparing and filing inaccurate or false tax returns" in the absence of injunctive relief or otherwise establish that his conduct warrants the imposition of an injunction under any applicable statute or under any other legal basis.

10. Even if available, the imposition of disgorgement is not appropriate under the applicable standards, including a lack of scienter, where Eisma acted reasonably and in good faith, will not be unjustly enriched, did not receive ill-gotten gains, and would otherwise be inequitable.

11. Plaintiff's purported claims for relief violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

12. The matter is improperly situated in the United States District Court for the Western District of Missouri and should be dismissed for improper venue and lack of personal jurisdiction, *see* Fed. R. Civ. P. 12(b)(2) and (3), and/or transferred to the United States District Court for the District of Minnesota as provided for under 28 U.S.C. § 1404(a).

## RESERVATION OF RIGHTS

Eisma has insufficient knowledge or information upon which to form a belief as to whether he may have additional, yet unstated defenses and Eisma reserves the right to assert any additional affirmative or other defenses as may be discovered during the conduct of this litigation.

Date: July 11, 2022

Respectfully submitted,

*/s/ Benjamin L. Tompkins*
BENJAMIN L. TOMPKINS
MO Bar No. 52295
KENNYHERTZ PERRY, LLC
2000 Shawnee Mission Pkwy, Ste. 210
Mission Woods, KS 66206
Tel: (816) 527-9443
Fax: (855) 844-2914
Email: ben@kennyhertzperry.com

*ATTORNEY FOR DEFENDANT
DAMON THOMAS EISMA*
(Individually and doing business
as Damon T. Eisma Attorney at Law)

## CERTIFICATE OF SERVICE

I certify that on the 11th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

*/s/ Benjamin L. Tompkins*
Attorney for Defendant
Damon Thomas Eisma