| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN HUGO EICKHOFF, JR., )<br>RHONDA KAYE EICKHOFF, )<br>HOFFMAN ASSOCIATES, LLC, )<br>ARIC ELLIOT SCHREINER, )<br>COLUMBIA CPA GROUP LLC, )<br>JOHN WILLIAM GRAY II, and )<br>DAMON THOMAS EISMA, individually )<br>and d/b/a DAMON T. EISMA )<br>ATTORNEY AT LAW, )<br>)<br>Defendants. )<br>_____ ) | Case No. 2:22-cv-04027-MDH |

**UNITED STATES' MOTION TO STRIKE
AFFIRMATIVE DEFENSES**

The United States respectfully moves the Court for an order striking affirmative defenses asserted by Defendants in their answers to the United States' Amended Complaint. Specifically, the United States moves to strike the following affirmative defenses: laches (asserted by John Hugo Eickhoff, Jr., Rhonda Eickhoff, Aric Schreiner, Columbia CPA Group LLC, and John William Gray II); estoppel (asserted by John Hugo Eickhoff, Jr., Rhonda Eickhoff, Aric Schreiner, Columbia CPA Group LLC, and John William Gray II); waiver (asserted by John Hugo Eickhoff, Jr.); and statute of limitations (asserted by John Hugo Eickhoff, Jr., Rhonda Eickhoff, Aric Schreiner, Columbia CPA Group LLC, John William Gray II, and Damon Thomas Eisma). (*See* Answers, Doc. Nos. 36 (p. 10), 42 (p. 19), 44 (p. 17), 45 (p. 65), and 49 (p. 13).)

As a matter of law, laches is not available as an affirmative defense in this civil law enforcement action under any set of factual allegations. Estoppel and waiver are rarely available in litigation against the United States and, putting aside whether Defendants have any plausible basis to allege such facts, their barebones, boilerplate assertions of estoppel and waiver fail to provide even minimal notice to the United States. Similarly, Defendants' affirmative defense of statute of limitations lacks any factual allegations, fails to identify which claims or relief Defendants contend are barred by the defense, and is unavailable as a matter of law. An order striking laches, estoppel, waiver, and statute of limitations as affirmative defenses from each Defendant's answer would avoid the risk of wasting the Court's and the United States' efforts and resources (in this case, taxpayer-funded resources of the United States) addressing irrelevant issues during discovery, at summary judgment, or at trial.

## Background

The United States, in its sovereign capacity commenced this action to enjoin an abusive tax promotion scheme. The United States alleges that Defendants organize, promote, or facilitate (or assist in the organization, promotion, or facilitation of) a multi-state abusive tax scheme involving charitable remainder annuity trusts ("CRATs"). The United States seeks, *inter alia*, injunctions against all Defendants under 26 U.S.C. §§ 7402 and 7408, and against Schreiner under 26 U.S.C. § 7407. In addition, pursuant to 26 U.S.C. § 7402, the United States seeks the disgorgement of any ill-gotten gains from Defendants' involvement in the CRAT tax scheme. Following extensions of deadlines to respond to the Amended Complaint granted by the Court to each defendant, between June 9, 2022 and July 11, 2022, John Hugo Eickhoff, Jr., Rhonda Eickhoff, Aric Elliot Schreiner, Columbia CPA Group LLC, John William Gray II, and Damon Thomas Eisma each filed their answers, including affirmative defenses.[1]

## Argument

The Court may strike defenses that are "insufficient[,] . . . redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Defenses are insufficiently pled if they fail to include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] Courts should also strike an affirmative defense "if no questions of

---

[1] On June 22, 2022, the Court granted the United States' motion to extend the deadline to July 21, 2022 to strike affirmative defenses from Gray's answer. (Doc. No. 38.) This Motion is otherwise within the 21-day deadline set by Fed. R. Civ. P. 12(f)(2).

[2] The Eighth Circuit has not resolved whether, after the Supreme Court's *Twombly* and *Iqbal* decisions, the heightened pleading standard for complaints also applies to affirmative defenses. But the Second Circuit has held that those cases apply to affirmative defenses. *See GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019). And this Court too likewise

Page 3 of 10

Case 2:22-cv-04027-MDH   Document 51   Filed 07/21/22   Page 3 of 10

law or fact exist and the defense sought to be stricken could not succeed under any set of circumstances." *Choice Escrow & Land Title, LLC v. BancorpSouth Bank*, 2012 U.S. Dist. LEXIS 39345, *2 (W.D. Mo. Feb. 14, 2012) (quotation omitted); *see also United States v. NHC Health Care Corp.,* 2000 U.S. Dist. LEXIS 23561, at *2 (W.D. Mo. Dec. 29, 2000) ("A motion to strike an affirmative defense offered by a defendant may be granted by the Court when the offered defense is insufficient as a matter of law"). Grounds for granting a motion to strike affirmative defenses include "mak[ing] a trial less complicated or otherwise streamlin[ing] the ultimate resolution of the action," or "prevent[ing] a considerable waste of time and resources." *SEC v. Carebourn Cap., L.P.*, 2022 U.S. Dist. LEXIS 67596, at **15-16, 18 (W.D. Mo. Apr. 12, 2022) (striking affirmative defense that would invite "pointless discovery disputes and nondispositive motion practice" by defendants seeking to "spin everyone's wheels while they investigate the SEC's investigation") (quotation omitted).

### I. The Court Should Strike Defendants' Affirmative Defenses of Laches, Estoppel, and Waiver.

The Court should strike the laches affirmative defense from each Defendant's answer. Laches generally does not apply against the United States when it is acting in its sovereign capacity and enforcing its rights. *See United States v. Summerlin*, 310 U.S. 414, 416 (1940); *United States v. Warren Brown & Sons Farms*, 868 F. Supp. 1129, 1134 (8th Cir. 1994) (citations omitted). As district courts within the Eighth Circuit have addressed, a narrow exception to this rule exists when the United States' lawsuit arises from events involving "ordinary business outside of strictly Government matters," and the United States "has assumed

---

held that *Twombly* and *Iqbal* apply to affirmative defenses. *See Karnes v. Happy Trails RV Park, LLC*, 2018 U.S. Dist. LEXIS 246211, at **3-4 (W.D. Mo. Feb. 23, 2018) (Harpool, J.).

the interest of a private party." *O'Rourke v. Duncan*, 2011 U.S. Dist. LEXIS 34447, at *19 (E.D. Mo. Mar. 31, 2011) (citations omitted); *United States v. Squires*, 378 F. Supp. 798, 801 (S.D. Iowa 1974). In these circumstances, the Government "must be held to the same rules that govern other parties in these transactions." *Squires*, 378 F. Supp. at 801. But in a civil law enforcement action brought by the United States, such as this litigation, the *Summerlin* rule bars a laches defense against the United States as a matter of law. *See, e.g., United States v. Shelton Wholesale, Inc.*, 1998 U.S. Dist. LEXIS 7356, at **20-21 (W.D. Mo. Apr. 28, 1998) (holding that a laches defense does not apply to the United States in a civil enforcement action seeking injunctive relief and civil penalties for violations of the Federal Hazardous Substances Act); *see also United States v. Meyer*, 376 F.Supp.3d 1290, 1296 (S.D. Fla. 2019) (striking laches affirmative defense in an action brought under 26 U.S.C. §§ 7402, 7407, and 7408 to enjoin the promotion of an allegedly abusive tax scheme). Accordingly, laches is not available as an affirmative defense by Defendants, no matter how plead, and the Court should strike that defense from the answers of John Hugo Eickhoff, Jr., Rhonda Eickhoff, Aric Schreiner, Columbia CPA Group LLC, and John William Gray II.

Similarly, estoppel does not apply against the United States, except in very rare circumstances. *See Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 422 (1990) ("[W]e have reversed every finding of estoppel [against the United States] that we have reviewed."). While the United States' status as a party to civil litigation "does not preclude the application of equitable estoppel, it does increase the burden an opposing party must carry in order to prevail on its estoppel claim." *Bartlett v. U.S. Dep't of Agric.*, 716 F.3d 464, 475 (8th Cir. 2013). "To succeed on a claim of equitable estoppel against the government, a plaintiff must not only prove all the elements of equitable estoppel, but also that the government committed *affirmative*

misconduct." *Id*. (quoting *Charleston Hous. Auth. v. U.S. Dep't of Agric.*, 419 F.3d 729, 739 (8th Cir. 2005)) (emphasis added); *see also Meyer*, 376 F.Supp.3d at 1297 (striking estoppel affirmative defense). Defendants fail to allege any of the elements required to assert a viable estoppel claim generally or any affirmative misconduct by the United States to claim estoppel applies in this litigation. Therefore, the Court should strike the estoppel affirmative defense from the answers filed by John Hugo Eickhoff, Jr., Rhonda Eickhoff, Aric Schreiner, Columbia CPA Group LLC, and John William Gray II.

The Court should also strike John Hugo Eickhoff, Jr.'s affirmative defense of waiver. "Waiver is the voluntary, intentional relinquishment of a known right made by one with knowledge of material facts upon which the waiver is based." *Schaefer v. Arkansas Medical Soc.*. 853 F.2d 1487, 1493 (8th Cir. 1998) (citing *United States v. King Features Enter., Inc.*, 843 F.2d 394, 399 (9th Cir. 1988); *United Forest Prods. Co. v. Baxter*, 452 F.2d 11, 16 (8th Cir. 1971)). John Hugo Eickhoff, Jr.'s waiver affirmative defense not only fails to allege that anyone intentionally relinquished the United States' right to bring this action, it includes no allegations of fact at all. For these reasons, the Court should strike John Hugo Eickhoff, Jr.'s affirmative defense of waiver from his Answer to the Amended Complaint.[3]

### II. Statute of Limitations Does Not Apply to This Case and Defendants Fail to Provide Any Notice How It Applies to Any Claim or Requested Relief.

Each answer filed by Defendants avers that the statute of limitations somehow precludes claims or relief requested in the Amended Complaint. None of the Defendants, however, include

---

[3] If the Court allows Defendants to amend their estoppel or waiver affirmative defenses to include factual allegations, those allegations must satisfy the requirements of Fed. R. Civ. P. 11. *See* Fed. R. 11(b)(3) (requiring "the factual contentions [to] have evidentiary support" or, at a minimum, a factual basis for counsel to believe it will "likely have evidentiary support after a reasonable opportunity for further investigation or discovery").

any fact allegations in support or identify which claims or relief they contend are barred by the statute of limitations. Defendants' barebones, boilerplate assertions of their statute of limitations affirmative defense fail to provide any notice to the United States and, therefore, fail to satisfy the pleading standards set forth in *Twombly* and *Iqbal*. *See Karnes*, 2018 U.S. Dist. LEXIS 246211, at **3-4. As a result, Defendants leave the United States to guess whether, how, or why this defense applies in this action.

In any event, there is no statute of limitations in an action for injunctive relief under 26 U.S.C. §§ 7402, 7407, and 7408. *See, e.g., United States v. Moss*, 2017 U.S. Dist. LEXIS 144969, at **16-17 (M.D. Ala. Sept. 6, 2017) (holding that "[t]here is no relevant statute of limitations" under §§ 7402, 7407, and 7408, "there is no limitation on this action by the United States in its governmental capacity for injunctive relief," and citing *United States v. Banks*, 115 F.3d 916, 919 (11th Cir. 1997)); *see also United States v. Sommersted*, 2009 U.S. Dist. LEXIS 146162, *16 (D. Nev. Jun. 22, 2009) ("the Court is unaware of any statute that requires the United States to commence its action under section 7408 or 7402 within a particular time period following the improper conduct"). To the extent Defendants' intent is to assert a statute of limitations defense regarding the Government's claim for disgorgement under 26 U.S.C. § 7402, as will be addressed in greater detail in the United States' opposition to Defendant Rhonda Kaye Eickhoff's motion to dismiss Count IV of the Amended Complaint (Doc. No. 41), no statute of limitations applies to disgorgement relief. *See, e.g., Meyer*, 376 F.Supp.3d at 1298 (striking statute of limitations affirmative defense because it "fails as a matter of law").

Page 7 of 10

Case 2:22-cv-04027-MDH   Document 51   Filed 07/21/22   Page 7 of 10

### III. Striking Defendants' Improper Affirmative Defenses Would Avoid Wasting Time and Resources in This Action.

The United States has not moved to strike affirmative defenses that, if they remain, will have no practical effect in discovery. Rather, the affirmative defenses of laches, estoppel, waiver, and statute of limitations, if permitted to remain in this case, invite "pointless discovery disputes and nondispositive motion practice" because each is a potential means for Defendants to "spin everyone's wheels while [Defendants] investigate the [IRS's] investigation" through discovery. *Carebourn Cap., L.P.*, 2022 U.S. Dist. LEXIS 67596, at **17-18.

That risk is present concerning Defendants' statute of limitations defense. Striking it from Defendants' answers would ensure that it does not improperly serve as a justification for Defendants to waste time and resources fishing for facts from the United States during discovery that have no relevance.

Finally, laches, estoppel, and waiver all directly implicate IRS actions prior to this litigation. But, apart from discoverable facts gathered by the IRS, decisions made and actions taken by Government employees during the IRS's investigation simply have no relevance to the United States' claims in this action or any of Defendants' remaining affirmative defenses. *Mayes v. United States*, 1985 U.S. Dist. LEXIS 18976, at *6 (W.D. Mo. Jun. 12, 1986) (holding that "[t]he legal and factual analysis undertaken by the IRS is of no concern to the court; instead, the issues are subject to de *novo* review") (citations omitted); *see also Stobie Creek Investments, LLC v. United States,* 82 Fed. Cl. 636 (2008), *aff'd*, 608 F.3d 1366 (Fed. Cir. 2010) (under *de novo* review, "no weight is given to the factual findings made by the IRS during administrative proceedings") (citation omitted). Absent laches, estoppel, and waiver, resolution of this case will entirely depend upon the Court's independent determination, based on its review of evidence showing Defendants' involvement in the CRAT tax scheme, whether it should issue injunctions

or award disgorgement as requested in the Amended Complaint. Therefore, the Court should strike these defenses in order to avoid: (1) "pointless" discovery and discovery disputes should Defendants attempt to use laches, estoppel, or waiver to improperly investigate the IRS's investigation; and (2) a waste of resources addressing these defenses at summary judgment or trial.

**Conclusion**

For the reasons addressed above, the Court should strike Defendants' affirmative defenses of laches, estoppel, waiver, and statute of limitations because they are: (1) insufficiently pled and/or do not apply in this action; and (2) if not stricken, will waste the Court's and the United States' efforts and resources in this case addressing irrelevant issues.

WHEREFORE, pursuant to Fed. R. Civ. P. 12(f), the United States requests that the Court grant the United States' Motion to Strike the following affirmative defenses:

a) From John Hugo Eickhoff, Jr.'s Answer (Doc. No. 45, p. 65): statute of limitations (¶ 3), laches (¶ 6), estoppel (¶ 7), and waiver (¶ 8);

b) From Rhonda Kaye Eickhoff's Answer (Doc. No. 42, p. 19): statute of limitations (¶ 4), laches (¶ 7), and estoppel (¶ 8);

c) From Aric Elliot Schreiner and Columbia CPA Group LLC's Answer (Doc. No. 49, p. 13): statute of limitations (¶ 4), laches (¶ 6) and estoppel (¶ 7);

d) From John William Gray II's Answer (Doc. No. 36, p. 10), the "Second Affirmative Defense (Statute of Limitations)," the "Third Affirmative Defense (Laches)," and "Fourth Affirmative Defense (Estoppel)"; and

e) From Damon Thomas Eisma's Answer (Doc. No. 44, p. 17): statute of limitations (¶ 7).

Dated: July 21, 2022

Respectfully submitted,

TERESA A. MOORE
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Russell J. Edelstein*
RUSSELL J. EDELSTEIN
MA Bar No.: 663227
JUSTIN M. FONTAINE
Cal. Bar No.: 323357
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7328 – Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2704 (Edelstein)
Tel: (202) 514-5085 (Fontaine)
Fax: (202) 514-6770
russell.j.edelstein@usdoj.gov
justin.m.fontaine@usdoj.gov
*Attorneys for Plaintiff United States*