IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA,                    )
                                             )    Case No. 2:22-cv-04027-MDH
              Plaintiff,                     )
                                             )
       v.                                    )
                                             )
JOHN HUGO EICKHOFF, JR.,                     )
RHONDA KAYE EICKHOFF,                         )
HOFFMAN ASSOCIATES, LLC,                      )
ARIC ELLIOT SCHREINER,                        )
COLUMBIA CPA GROUP LLC,                       )
JOHN WILLIAM GRAY II, and                     )
DAMON THOMAS EISMA, individually              )
and d/b/a DAMON T. EISMA                      )
ATTORNEY AT LAW,                              )
                                             )
              Defendants.                    )
_____)

## UNITED STATES' SUGGESTIONS IN OPPOSITION TO
## DEFENDANT RHONDA EICKHOFF'S MOTION TO DISMISS

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 6

II. UNITED STATES' CLAIMS .................................................................................... 7

III. ARGUMENT ............................................................................................................ 9

    A.    Two Circuit Courts Have Held That Disgorgement is Available Under 26 U.S.C. § 7402(a). ....................................................................................................................... 9

        i.    Section 7402(a) Grants District Courts Broad Authority to Fashion Appropriate Equitable Relief ............................................................................................................ 10

        ii.    Supreme Court Precedent Supports the Inclusion of Disgorgement as an Available Remedy Under Section 7402(a) ................................................................................... 12

    B.    The United States' Claims Are Not Barred by the Five-Year Statute of Limitations Set Forth in 28 U.S.C. § 2462 .................................................................................... 15

        i.    The Narrow Holding in *Kokesh* Does Not Transform Disgorgement Under Section 7402 into a Penalty. In short, *Kokesh* is inapposite. ................................................. 16

        ii.    The Disgorgement Sought Here is Within the Bounds of Traditional Equitable Principles ................................................................................................................... 18

IV. CONCLUSION ....................................................................................................... 20

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AMG Capital Management, LLC v. F.T.C.*,
 141 S. Ct. 1341 (2021)...................................................................................12, 13

*Brody v. United States*,
 243 F.2d 378 (1st Cir. 1957).............................................................................7, 11

*C.F.T.C. v. Co Petro Mktg. Grp., Inc.*,
 680 F.2d 573 (9th Cir. 1982) ..................................................................................12

*Capozzi v. United States*,
 980 F.2d 872 (2d Cir. 1992)....................................................................................15

*E. L. Du Pont De Nemours & Co. v. Davis*,
 264 U.S. 456 (1924)..................................................................................................15

*Kokesh v. S.E.C.*,
 137 S. Ct. 1635 (2017).................................................................................. *passim*

*Liu v. S.E.C.*,
 140 S. Ct. 1936 (2020).................................................................................14, 16, 17

*Mitchell v. Robert DeMario Jewelry, Inc.*,
 361 U.S. 288 (1960)..........................................................................................12, 13

*Porter v. Warner Holding Co.*,
 328 U.S. 395 (1946)....................................................................................12, 13, 14

*S.E.C. v. Blackburn*,
 15 F.4th 676 (5th Cir. 2021) ...................................................................................17

*S.E.C. v. GenAudio Inc.*,
 32 F.4th 902 (10th Cir. 2022) ..................................................................................10

*United States v. Askins & Miller Orthopaedics, P.A.*,
 924 F.3d 1348 (11th Cir. 2019) ...............................................................................11

*United States v. Banks*,
 115 F.3d 916 (11th Cir. 1997) ..................................................................................15

*United States v. Davison*,
 2010 WL 1935951 (W.D. Mo. 2010), *aff'd in relevant part*, 407 Fed. Appx.
 997 (8th Cir. 2011)...............................................................................................9, 11

3

*United States v. Ernst & Whinney*,
   735 F.2d 1296 (11th Cir. 1984) ...................................................................11

*United States v. Findett Corp.*,
   220 F.3d 842 (8th Cir. 2000) .....................................................................15

*United States v. First Nat'l City Bank*,
   379 U.S. 378 (1965)..............................................................................7, 11

*United States v. First Nat'l City Bank*,
   568 F.2d 853 (2d Cir. 1977)......................................................................11

*United States v. HedgeLender, LLC*,
   2011 WL 2686279 (E.D. Va. 2011)...........................................................19

*United States v. ITS Financial, LLC*,
   592 Fed. Appx. 387 (6th Cir. 2014)........................................................7, 11

*United States v. Kaun*,
   633 F. Supp. 406 (E.D. Wis. 1986)...........................................................11

*United States v. Lane Labs-USA Inc.*,
   427 F.3d 219 (3d Cir. 2005).......................................................................12

*United States v. Meyer*,
   376 F. Supp. 3d 1290 (S.D. Fla. 2019) ................................................ *passim*

*United States v. RaPower-3, LLC*,
   294 F. Supp. 3d 1238 (D. Utah 2018)....................................................11, 17

*United States v. RaPower-3, LLC*,
   343 F. Supp. 3d 1115 (D. Utah 2018)........................................................19

*United States v. RaPower-3, LLC*,
   960 F.3d 1240 (10th Cir. 2020) .........................................................6, 9, 11

*United States v. Rx Depot, Inc.*,
   438 F.3d 1052 (10th Cir. 2006) .................................................................12

*United States v. Stinson*,
   729 Fed. Appx. 891 (11th Cir. 2018)..................................................6, 9, 11

*United States v. Tesch*,
   831 F. Supp. 2d 1104 (S.D. Iowa 2011) .....................................................9

**Statutes**

15 U.S.C. § 53(b) ...................................................................................................13

26 U.S.C. § 6700 ...........................................................................................9, 10, 14

26 U.S.C. § 7402 ................................................................................... *passim*

26 U.S.C. § 7408 ...............................................................................................8, 10

28 U.S.C. § 2462 ................................................................................... *passim*

# I.
## INTRODUCTION

The United States commenced this suit to enjoin Defendants' organization, promotion, and facilitation of an abusive tax scheme involving charitable remainder annuity trusts ("CRATs"). The United States also seeks to have Defendants disgorge their ill-gotten gains that they received from the abusive tax scheme. To date, two U.S. Circuit Courts of Appeals have specifically upheld disgorgement awards under 26 U.S.C. § 7402(a) in suits like this where the United States seeks to enjoin promoters from promoting abusive tax schemes. *United States v. RaPower-3, LLC*, 960 F.3d 1240, 1250-52 (10th Cir. 2020) (affirming a $50 million disgorgement award under Section 7402(a)); *United States v. Stinson*, 729 Fed. Appx. 891, 899 (11th Cir. 2018) (affirming a $949,952.47 disgorgement award under Section 7402(a)). Also, because the disgorgement claim made under Section 7402(a) by the United States is remedial in nature, no statute of limitations applies. *United States v. Meyer*, 376 F. Supp. 3d 1290, 1298 (S.D. Fla. 2019) ("disgorgement in the § 7402 context is an equitable remedy" and not subject to a statute of limitations).

Despite the publicly reported circuit and other cases that are directly on point, one defendant, Defendant Rhonda Eickhoff ("Defendant"), seeks to dismiss the United States' disgorgement claim (Count IV of the United States' Amended Complaint) asserted against her on the grounds that the term "disgorgement" does not appear in 26 U.S.C. § 7402(a).[1]

---

[1] 26 U.S.C. § 7402(a) provides that "[t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, *and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.*" (emphasis added).

As we explain below, while it is true that the term "disgorgement" does not appear in the statute, the statute's plain terms reveal that Congress gave the district courts extraordinarily broad powers and remedies to enforce the Internal Revenue Code. The courts have long held that Section 7402(a) gives courts "a full arsenal of powers" and broad authority to issue orders and judgments to enforce federal tax law. *See Brody v. United States*, 243 F.2d 378, 384 (1st Cir. 1957); *accord United States v. ITS Financial, LLC*, 592 Fed. Appx. 387, 394 (6th Cir. 2014) (the scope of a court's equity powers are broad under Section 7402(a)) (collecting cases, including and quoting from *United States v. First Nat'l City Bank*, 379 U.S. 378 (1965)).

Defendant further argues that the United States' disgorgement claim is barred by 28 U.S.C. § 2462, which imposes a five-year statute of limitation period on any "action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise." But she is wrong because, as we note above and more fully explain below, the disgorgement sought by the United States is remedial in nature inasmuch as it seeks to compensate the United States for the approximately $8,000,000 in tax revenue losses resulting from the Defendants' unlawful participation in a multi-state abusive tax scheme involving charitable remainder annuity trusts. As explained below and as other courts have already held, the disgorgement sought by the United States is not punitive in nature, and thus, the five-year statute of limitations under 28 U.S.C. § 2462 does not apply.

Accordingly, the United States respectfully requests that the Court deny Defendant's motion to dismiss Count IV of the United States' Amended Complaint.

## II.
## UNITED STATES' CLAIMS

The United States brings this action against the Defendants to enjoin their organization, promotion, and facilitation of an abusive tax scheme that they falsely claim eliminates the federal

capital gains tax on income derived through the sale or other disposition of property. (Amended Compl., ECF No. 4, at ¶ 1.) Specifically, Defendants convince their customers to sell property through a charitable remainder annuity trust arrangement and then file fraudulent tax returns that fail to report the taxable income that customers actually realized (the "Hoffman CRAT Scheme"). (*Id.*) Participation in the Hoffman CRAT Scheme results in the unlawful exclusion of taxable income and the significant understatement of tax liability on each customer's federal income tax returns. (*Id.* at ¶ 24.) The IRS estimates that the total understatement of taxable income for the CRATs promoted by Defendants exceeds $17,000,000. (*Id.* at ¶ 157.) Through the promotion, implementation, and unlawful operation of the Hoffman CRAT Scheme, Defendants have caused the United States at least $8,000,000 in tax revenue losses. (*Id.* at ¶ 158.)

The United States seeks, *inter alia*, a permanent injunction barring Defendants from promoting the Hoffman CRAT Scheme. (*Id.* at ¶ 3.) The United States also seeks to disgorge the ill-gotten gains that Defendants derived from the Hoffman CRAT Scheme. (*Id.* at ¶ 5.)

Specifically, the United States seeks a permanent injunction against Rhonda Eickhoff for her participation in the Hoffman CRAT Scheme under 26 U.S.C. § 7408 (Count I), a permanent injunction against Rhonda Eickhoff for her participation in the Hoffman CRAT Scheme under 26 U.S.C. § 7402(a) (Count III), and disgorgement under 26 U.S.C. § 7402 (Count IV).

## III.
## ARGUMENT

### A. Two Circuit Courts Have Held That Disgorgement is Available Under 26 U.S.C. § 7402(a).

As noted above, the Tenth and Eleventh Circuit[2] have expressly affirmed disgorgement awards made under Section 7402(a) in cases like this. But Defendant's motion ignores those publicly reported cases, and in the complete absence of *any* case law in support of her position, Defendant asserts that disgorgement is unavailable under 26 U.S.C. § 7402(a) because the statute does not explicitly authorize disgorgement.[3] Defendant's argument is premised on: (1) the incorrect assertion that the United States seeks disgorgement based on Defendant's violations of 26 U.S.C. § 6700, which provides for financial penalties for promoting abusive tax shelters; and (2) the fact that, apart from this litigation, Defendant "would be subject to a minimum penalty of $1,000 and up to a maximum penalty of 50% of the gross income derived from promoting the allegedly abusive tax shelter" under 26 U.S.C. § 6700. (ECF No. 41 at 4.)

---

[2] *See RaPower-3, LLC*, 960 F.3d at 1250-53 (affirming disgorgement award of $50 million in suit to enjoin promoters of abusive tax shelter involving solar lenses); *Stinson*, 729 Fed. Appx. at 899 (affirming $949,000 disgorgement award in suit to enjoin tax preparer filing fraudulent tax returns).

[3] To-date, the Eighth Circuit has not directly addressed disgorgement under 26 U.S.C. § 7402(a). But in a suit in which the United States obtained declaratory and injunctive relief against a tax protestor and affirmative injunctive relief against the Secretary of State of Iowa, a district court within the Eighth Circuit has recognized the extraordinary grant of authority that Section 7402(a) confers on district courts. *United States v. Tesch*, 831 F. Supp. 2d 1104, 1106-1109 (S.D. Iowa 2011). And another court within the Eighth Circuit recognized the broad grant of authority under Section 7402(a) in a promoter injunction case such as this. *United States v. Davison*, 2010 WL 1935951 at *2 (W.D. Mo. 2010), *aff'd in relevant part*, 407 Fed. Appx. 997 (8th Cir. 2011).

However, the United States does not seek disgorgement against Defendant based on her violations of 26 U.S.C. § 6700.[4] Instead, the United States seeks disgorgement under Section 7402(a), which authorizes a district court to issue orders, judgments, and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. And to the extent Defendant suggests that she may not be held separately liable for disgorgement under Section 7402(a) and penalties under Section 6700, she is mistaken. *See S.E.C. v. GenAudio Inc.*, 32 F.4th 902, 944 (10th Cir. 2022) (affirming award of both disgorgement and civil penalties against defendants)). As will be discussed below, Section 7402 grants this Court with broad authority to fashion appropriate equitable relief in cases such as this action, including the remedy of disgorgement.

i.   **Section 7402(a) Grants District Courts Broad Authority to Fashion Appropriate Equitable Relief**

Section 7402(a) confers broad remedial authority on district courts:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

26 U.S.C. § 7402(a).

The broad language of Section 7402 demonstrates that Congress intended to grant district courts "a full arsenal of powers" to enforce both the letter and the spirit of the Internal Revenue

---

[4] The United States does not seek any monetary penalties against Defendant under 26 U.S.C. § 6700. The United States seeks an injunction against Defendant under 26 U.S.C. § 7402 (Count III) and 26 U.S.C. § 7408 (Count I). The United States alleges that Defendant's violations of Section 6700 form the basis of the United States' request for an injunction under 26 U.S.C. § 7408. However, the United States' request for an injunction under that section is separate and distinct from its request for an injunction and request for disgorgement under 26 U.S.C. § 7402 (Counts III and IV, respectively).

10

Code. *Brody*, 243 F.2d at 384 ("It would be difficult to find language more clearly manifesting a congressional intention to provide the district courts with a full arsenal of powers to compel compliance with internal revenue laws"); *see also Davidson*, 2010 WL 1935951 at *2 (same). Courts have consistently interpreted the scope of Section 7402(a) to "encompass[ ] a broad range of powers necessary to compel compliance with the tax laws." *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984); *see also United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1354 (11th Cir. 2019) ("Section 7402(a) . . . grants federal district courts an array of powers to aid in enforcing the tax laws . . . ."); *ITS Fin., LLC*, 592 Fed Appx. at 394 (collecting cases).

Notably, Section 7402(a) "confirm[s] and codif[ies] the equity jurisdiction of the federal courts" in Title 26 cases. *United States v. Kaun*, 633 F. Supp. 406, 409 (E.D. Wis. 1986); *see also First Nat'l City Bank*, 379 U.S. at 383 ("[O]ur review of the injunction as an exercise of the equity power granted by 26 U.S.C. § 7402(a) *must be in light of the public interest involved*: 'Courts of equity may, and frequently do, go much further both to give and withhold relief in furtherance of the public interest . . . .'") (emphasis added). Courts have repeatedly rejected taxpayers' attempts to narrow the breadth of remedies available under the statute's "broad and clear" language. *United States v. First Nat'l City Bank*, 568 F.2d 853, 855 (2d Cir. 1977); *see ITS Fin., LLC*, 592 Fed. Appx. at 394-98; *Ernst & Whinney*, 735 F.2d at 1300.

Given the broad and equitable language of Section 7402, courts have ordered disgorgement as an equitable remedy under Section 7402(a). *RaPower-3, LLC*, 960 F.3d at 1250-52; *Stinson*, 729 Fed. Appx. at 899; *Meyer*, 376 F. Supp. 3d at 1297-98 ("[D]isgorgement in the § 7402 context is an equitable remedy"); *see also United States v. RaPower-3, LLC*, 294 F. Supp. 3d 1238, 1241-42 (D. Utah 2018) ("Contrary to Defendants' argument, disgorgement is

11

equitable"). As the case law clearly indicates, Congress has left it within courts' sound discretion to determine which remedy within the "full arsenal" of Section 7402(a) "may be necessary or appropriate" in any given case. Indeed, Defendant fails to identify *any* case where a court held that disgorgement is not available under Section 7402(a) as a matter of law.

<h3>ii.    <u>Supreme Court Precedent Supports the Inclusion of Disgorgement as an Available Remedy Under Section 7402(a)</u></h3>

Longstanding Supreme Court precedent strongly supports the broad interpretations and above-cited judicial practice relating to Section 7402(a). The Supreme Court has explained that where Congress invokes the equity jurisdiction of federal courts—as it has done in Section 7402(a)—"all the inherent equitable powers of the [courts] are available for the proper and complete exercise of that jurisdiction," absent a "clear and valid legislative command" to the contrary. *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946) (discussing disgorgement under section 205(a) of the Emergency Price Control Act). This is because "[w]hen Congress entrusts to an equity court the enforcement of prohibitions contained in a regulatory enactment, it must be taken to have acted cognizant of the historic power of equity to provide complete relief in light of the statutory purposes." *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 291-92 (1960); *accord United States v. Rx Depot, Inc.*, 438 F.3d 1052, 1053-55 (10th Cir. 2006); *United States v. Lane Labs-USA Inc.*, 427 F.3d 219, 226 (3d Cir. 2005); *C.F.T.C. v. Co Petro Mktg. Grp., Inc.*, 680 F.2d 573, 584 (9th Cir. 1982). As discussed in *Porter* and *Mitchell*, Section 7402(a) should be read to encompass "the full scope of [equity] jurisdiction," including the power, where necessary or appropriate, to order disgorgement. *Porter*, 328 U.S. at 398-99.

Defendant focuses much of her argument on the recent Supreme Court decision *AMG Capital Management, LLC v. F.T.C.*, 141 S. Ct. 1341 (2021). *AMG* is inapposite. *AMG* involved a challenge to the FTC's practice of seeking disgorgement under section 13(b) of the Federal

Trade Commission Act ("FTCA"), 15 U.S.C. § 53(b) (hereinafter, "Section 13(b)"), which granted the FTC limited authority to only file actions in district court to obtain "permanent injunctions." *See AMG*, 141 S. Ct. at 1347-48 (explaining that the challenged statute "refers only to injunctions"). The narrow wording of the FTC statute was central to the Court's decision that it does not allow additional remedies, such as disgorgement *Id.*

Here, the United States is not tethering its request for disgorgement to a statute that expressly authorizes only "permanent injunctions" as relief. The plain language of Section 7402(a) is unquestionably far broader than Section 13(b) because it's undisputable that it encompasses far broader remedies. Indeed, Section 7402(a) is even broader than the statute discussed by the Supreme Court in *Porter*, which authorizes the United States to seek "a permanent or temporary injunction, restraining order, or other order." *Porter*, 328 U.S. at 399. The Supreme Court held that the *Porter* statute's language authorizing a court to issue "other order[s]" enables a court to exercise its equitable powers, including the power to disgorge defendants of their ill-gotten gains. *Id.* at 399-400; *cf.* 26 U.S.C. § 7402(a) (authorizing a court to enter "such other orders, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws").

As the Court in *AMG* recognized, the Court's decision is consistent with the precedent laid out in *Porter* and *Mitchell*: the statutes invoking federal courts' powers in equity should be construed broadly, "[u]nless [the] statute in so many words, or by a necessary and inescapable inference, restrict[ ] the court's [equity] jurisdiction." *Porter*, 328 U.S. at 398; *see AMG*, 141 S. Ct. 1349-50 (harmonizing *AMG* with the holdings in *Porter* and *Mitchell*). While the Supreme Court in *AMG* concluded that specific elements of Section 13(b)'s language, structure and

context restricted the scope of allowable remedies, the sharp differences between that statute and Section 7402(a) demonstrate that the Court's equity jurisdiction is *not* restricted in this action.

Defendant's unreasonably narrow reading of Section 7402 is also fatal to her assertions that the availability of penalties under 26 U.S.C. § 6700 renders disgorgement unavailable. Here, Congress unambiguously provided that the district court's power to grant relief under Section 7402(a) is "***in addition to and not exclusive of any and all other remedies***." 26 U.S.C. § 7402(a) (emphasis added). Moreover, disgorgement under Section 7402(a) does not provide for "additional penalties" as Defendant suggests. (ECF No. 41 at 4.)

Within the context of internal revenue laws, disgorgement and penalties serve distinct purposes. Disgorgement ensures that the wrongdoers do not benefit from their ill-gotten gains and restores the status quo. *See Liu v. S.E.C.*, 140 S. Ct. 1936, 1943 (2020). By contrast, civil penalties serve a "retributive or deterrent" function. *Kokesh v. S.E.C.*, 137 S. Ct. 1635, 1645 (2017) (quotations omitted). These two concepts are not inconsistent: this Court may conclude that Defendant, for her conduct depriving the Treasury of millions of dollars, should not be allowed, in equity, to keep the fruits of her unjust labor—and Defendant may also be subject to a penalty for that same conduct at some future date. The mere fact that penalties are available under 26 U.S.C. § 6700 does not deprive the equitable remedy of disgorgement under Section 7402(a).

This Court should not limit "'[t]he great principles of equity'" at stake in this and future litigation based on the "'light inferences [and] doubtful construction'" that Defendant sets forth in her brief. *Porter*, 328 U.S. at 398 (quoting *Brown v. Swann*, 35 U.S. 497, 503 (1936)). The Court may ultimately conclude that—in *this* case—disgorgement is not a "necessary or appropriate" remedy under Section 7402(a). But that is not the determination Defendant has

14

asked this Court to make, and it is one that the Court should not make until after all the facts have been presented. This Court should deny Defendant's motion to dismiss and conclude that Section 7402(a) authorizes all forms of equitable relief, including disgorgement.

**B.** **The United States' Claims Are Not Barred by the Five-Year Statute of Limitations Set Forth in 28 U.S.C. § 2462**

Defendant asserts that part[5] of the disgorgement sought by the United States is punitive in nature, and thus, is barred by the five-year statute of limitations set forth in 28 U.S.C. § 2462. It is well established, however, that actions brought by the United States are not subject to a statute of limitations unless Congress clearly imposes one. *United States v. Banks*, 115 F.3d 916, 919 (11th Cir. 1997); *E. L. Du Pont De Nemours & Co. v. Davis*, 264 U.S. 456, 462 (1924). Additionally, any "[s]tatutes of limitation sought to be applied to bar rights of the Government, must receive a strict construction in favor of the Government." *United States v. Findett Corp.*, 220 F.3d 842, 848 (8th Cir. 2000) (quoting *Badaracco v. Comm'r*, 464 U.S. 386, 391 (1984)). Congress has not provided any statute of limitations for disgorgement claims (or other types of claims) brought under Section 7402. *See Meyer*, 376 F. Supp. 3d at 1297-98. Therefore, there is a presumption that Congress did not intend that any limitation apply. *See id.*; *Banks*, 115 F.3d at 919; *see also Capozzi v. United States*, 980 F.2d 872, 875 (2d Cir. 1992) (describing the "strong presumption against finding a limitations period that works against the federal government").

Despite there being no authority for her argument, Defendant asks this Court to impose the statute of limitations of 28 U.S.C. § 2462 to bar the United States' disgorgement claim under

---

[5] While Defendant seeks to dismiss Count IV in its entirety, Defendant seems to concede that the statute of limitations does not bar the United States' claims for disgorgement occurring after February 23, 2017 (five-years prior to the filing of this action). (*See* ECF No. 41 at 6 ("As a result, Plaintiff's Claims that pre-date February 23, 2017 are precluded by the statute of limitations and fail to state a claim").) As Defendant recognizes, the United States alleges that her wrongful conduct continued beyond 2017. (*Id.*)

15

Section 7402 based on her misreading of U.S. Supreme Court precedent and an incomplete review of its case law. Section 2462 imposes a five-year statute of limitations on any "action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture." Notably, Defendant has not cited a single case where any court has held that the five-year limitations in Section 2462 applies to claims brought under Section 7402(a). Instead, Defendant relies on the Supreme Court's decision in *Kokesh*, 137 S. Ct. 1635, for her argument that Section 2462 applies here. Once again, the authority cited by Defendant is inapposite and disregards the Supreme Court's subsequent opinion in *Liu v. S.E.C.*, 140 S. Ct. 1936 (2020).

     i.      **The Narrow Holding in *Kokesh* Does Not Transform Disgorgement Under Section 7402 into a Penalty. In short, *Kokesh* is inapposite.**

In *Kokesh*, the Supreme Court held that Section 2462 applied to the SEC's disgorgement claim because it operated as a "penalty." *Kokesh*, 137 S. Ct. at 1644. However, *Kokesh's* narrow holding does not upend the large breadth of case law establishing that disgorgement under Section 7402 is an equitable remedy. Here, unlike in *Kokesh*, the disgorgement sought by the United States is within the bounds of traditional equitable principles.

In *Kokesh*, the Supreme Court held that the disgorgement sought by the SEC operated as a "penalty" within the meaning of Section 2462 for three main reasons: (1) it was imposed as a consequence for violating public laws, *id.* at 1643; (2) it was imposed for the primary purpose of deterring infractions, *id.*; and (3) it was not compensatory, *id.* at 1644. In deciding that the disgorgement at issue was not merely compensatory, the Supreme Court highlighted the fact that disgorgement would be paid to someone other than the victim and that "[i]ndividuals who illegally provide confidential trading information have been forced to disgorge profits gained by individuals who received and traded based on that information—*even though they never received any profits*." *Id.* (emphasis added).

16

Subsequent to the Supreme Court's decision in *Kokesh*, the Supreme Court considered whether *Kokesh* stands for the broad proposition that disgorgement is "necessarily a penalty, and thus not the kind of relief available in equity" in all SEC enforcement actions." *Liu*, 140 S. Ct. at 1946. The Supreme Court answered in the negative. *Id.* Instead, it held that "the *Kokesh* Court evaluated a *version* of the SEC's disgorgement remedy that seemed to exceed the bounds of traditional equitable principles." *Id.* (emphasis added). The *Liu* Court emphasized that the version of disgorgement at issue in *Kokesh* was especially excessive based on the SEC's practice of seeking disgorgement of profits earned by people other than the wrongdoer (*i.e.*, so-called "tippees"). That practice "could transform any equitable profits-focused remedy into a penalty." *Id.* at 1949.

As the Supreme Court recognized, disgorgement is an equitable remedy—and not a penalty—as long as it "does not exceed a wrongdoer's net profits and is awarded for victims." *Id.* at 1940; *see also S.E.C. v. Blackburn*, 15 F.4th 676, 682 (5th Cir. 2021) ("Two things keep such a remedy aimed at unjust enrichment from becoming punitive: Disgorgement cannot exceed the defendants' 'net profits' and must 'be awarded for victims'") (quoting *Liu*, 140 S. Ct. at 1942).

As is further explained below, in this case, the United States only seeks to have Defendant disgorge her ill-gotten gains. That is, her net profits. (See ECF No. 4 at 47.)

Furthermore, in other injunction suits brought by the United States, the few courts that have specifically addressed the same issue Defendant presents here—whether *Kokesh* applies to disgorgement claims under Section 7402—have all answered the question in the negative. *See Meyer*, 376 F. Supp. 3d at 1297-98 (striking Section 2462 statute of limitations defense raised by an abusive tax scheme promoter on the grounds that disgorgement under Section 7402 is an equitable remedy"); *Rapower-3, LLC*, 294 F. Supp. 3d at 1241-42 (holding that *Kokesh* did not

apply to disgorgement under Section 7402 because disgorgement is an equitable remedy not triable by jury).

In *Meyer*, the court directly addressed the issue before this Court. The government brought suit under Section 7402 seeking an injunction and disgorgement against promoters of an abusive tax scheme. *Meyer*, 376 F. Supp. 3d at 1293. The defendants, like the defendant here, alleged that the government's disgorgement claim was subject to the five-year statute of limitations in Section 2462 pursuant to *Kokesh*. *Id.* at 1297-98. The court rejected their defense and struck if from defendants' answer because "disgorgement in the § 7402 context is an equitable remedy" and not subject to any limitations period. *Id.* at 1298 (citing *Banks*, 115 F.3d at 919).

As the case law has recognized, *Kokesh* stands for the narrow proposition that *one version* of the SEC's disgorgement remedy—which exceeds the wrongdoer's net profits and does not compensate the actual victim—goes too far to be equitable. However, disgorgement under Section 7402 has historically been characterized as an equitable remedy. Accordingly, the Court should decline to upend the long-standing case law that disgorgement is an equitable remedy under Section 7402 based on one case that has been limited in its application and that involved an excessive version of disgorgement under a different statutory scheme.

ii.     **The Disgorgement Sought Here is Within the Bounds of Traditional Equitable Principles**

The disgorgement the United States seeks against Defendant here lacks the punitive characteristics of the disgorgement sought in *Kokesh*. Unlike *Kokesh*, the disgorgement here redresses a wrong committed against the complaining party—the United States. Defendant's conduct took money out of the Public Fisc vis-à-vis an estimated $17,000,000 understatement of federal income liabilities claimed under the Hoffman CRAT Scheme. (ECF No. 4 at ¶ 157.) On

the other hand, the defendants in *Kokesh* took money out of the pockets of private investors. Because the disgorgement would have been paid to the SEC, not the private investors, it did not operate to redress injuries to the actual victims in *Kokesh*. Here, disgorgement would redress injuries to the actual victim by allowing the United States to recoup a small fraction of its own losses.

Even if the IRS were able to recover some or all of its loss from customers of the Hoffman CRAT Scheme, the government would still not be made whole. Identifying customers of the Hoffman CRAT Scheme, auditing them (and potentially having to litigate disputes in Tax Court or district court), requires significant time and resources—without any guarantee that the government will be able to fully collect any balance owed. *See, e.g.*, *United States v. RaPower-3, LLC*, 343 F. Supp. 3d 1115, 1197 (D. Utah 2018) (describing the significant harm to the IRS when it is forced to devote resources to auditing tax shelter promoter's customers and recovering funds); *United States v. HedgeLender, LLC*, 2011 WL 2686279 at *10 (E.D. Va. 2011) (same).

Another critical distinction between this case and *Kokesh* is the wide-ranging scope of disgorgement sought in *Kokesh*. Key to the Supreme Court's finding that disgorgement remedy there was punitive rather than remedial was that the SEC sought profits earned by people other than the wrongdoer, even where the wrongdoer did not earn *any* profits. *Kokesh*, 137 S. Ct. at 1644. In that scenario, disgorgement "does not simply restore the status quo; it leaves the defendant worse off." *Id.* at 1645.

In contrast to *Kokesh*, the United States here is only seeking to have Defendant disgorge her own profits, not profits earned by others in order to recuperate some of the $8,000,000 of tax that was improperly obtained from U.S. Treasury under the Hoffman CRAT Scheme. Requiring disgorgement to be paid to the United States will help compensate the U.S. Treasury for its loss

19

from improper tax deductions and may offset the cost to the IRS of performing the various tasks outlined above. Disgorgement of this nature simply attempts to restore the status quo.

## IV.
## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court deny Rhonda Eickhoff's motion to dismiss.

Respectfully submitted,

Dated: July 25, 2022

THERESA A. MOORE
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Justin M. Fontaine*
RUSSELL J. EDELSTEIN
MA Bar No.: 663227
JUSTIN M. FONTAINE
Cal. Bar No.: 323357
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238 – Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2704 (Edelstein)
Tel: (202) 514-5085 (Fontaine)
Fax: (202) 514-6770
Russell.J.Edelstein@usdoj.gov
Justin.M.Fontaine@usdoj.gov
*Attorneys for Plaintiff United States*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 25th day of July, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties registered to receive such notice.

*/s/ Justin M. Fontaine*
JUSTIN M. FONTAINE
Trial Attorney
United States Department of Justice, Tax Division