# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-04027-MDH |
| | ) | |
| JOHN HUGO EICKHOFF, JR., | ) | |
| RHONDA KAY EICKHOFF, | ) | |
| HOFFMAN ASSOCIATES, LLC, | ) | |
| ARIC ELLIOT SCHREINER, | ) | |
| COLUMBIA CPA GROUP LLC, | ) | |
| JOHN WILLIAM GRAY II, and | ) | |
| DAMON THOMAS EISMA, individually | ) | |
| and d/b/a DAMON T. EISMA | ) | |
| Attorney at Law, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS JOHN HUGO EICKHOFF, JR., HOFFMAN ASSOCIATES, LLC, ARIC ELLIOT SCHREINER, AND COLUMBIA CPA GROUP LLC'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

COME NOW Defendants John Hugo Eickhoff, Jr., Hoffman Associates, LLC, Aric Elliot Schreiner, and Columbia CPA Group LLC, by and through their respective undersigned counsel, and state as follows in opposition to Plaintiff the United States of America's Motions to Strike Affirmative Defenses.

## I.    BACKGROUND

On March 9, 2022, Plaintiff the United States of America (the "Government") filed an amended complaint alleging that Defendants engage in the organization, promotion, or facilitation of a tax design involving charitable remainder annuity trusts in violation of various provisions of the Internal Revenue Code. (ECF No. 4). The Government seeks injunctions against and disgorgement of proceeds from all Defendants. (*Id.*). Defendants John Hugo Eickhoff, Jr.,

Hoffman Associates, LLC, Aric Elliot Schreiner, and Columbia CPA Group LLC (collectively, "Defendants") subsequently answered the Government's Amended Complaint and raised the affirmative defenses of statute of limitations, laches, and the doctrine of estoppel. (ECF Nos. 45 at 65, 49 at 13, 55 at 67). John Hugo Eickhoff, Jr. and Hoffman Associates, LLC additionally raised the affirmative defense of waiver. (ECF Nos. 45 at 65, 55 at 67). The Government now moves to strike these defenses largely on the basis that Defendants have failed to sufficiently allege them under the standards of *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (ECF Nos. 51, 62).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." When deciding motions to strike affirmative defenses under Rule 12(f), district courts review the pleadings in the light most favorable to the pleader and grant such motions only when the affirmative defense is so deficient that it fails to "fairly present[ ] a question of law or fact which the court ought to hear" and that deficiency causes "prejudice to the moving party." *Knapp v. FAG Bearings, LLC*, No. 3:21-CV-05035-MDH, 2021 WL 3771793, at *2 (W.D. Mo. Aug. 24, 2021) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). The Eighth Circuit Court of Appeals has made it clear that affirmative defenses "need not be articulated with any rigorous degree of specificity, and [are] sufficiently raised for purposes of Rule 8 by [their] *bare assertion*." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997) (emphasis in original). *See also Knapp*, 2021 WL 3771793, at *2 (compiling cases in which the United States Court for the Western District of Missouri found that the pleading requirements of *Twombly* do not apply to affirmative defenses). This Court has held that "[t]o apply *Twombly/Iqbal* to affirmative defenses would force

2

defendants to plead fewer affirmative defenses and then, after taking discovery, to move the court

for permission to amend their answers to add affirmative defenses . . . increasing the burdens on

the federal courts, and adding expense and delay for the parties." *Consumer Financial Protection*

*Bureau v. Moseley*, No. 4:14-CV-00789-DW, 2015 WL 12834015, at \*1 (W.D. Mo. May 26, 2015)

(internal quotation omitted). While "[j]udges enjoy liberal discretion to strike pleadings under Rule

12(f), *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007)…this remedy is

drastic and often [] sought by the movant simply as a dilatory or harassing tactic, [and] striking a

party's pleading is an extreme and disfavored measure." *Donelson v. Ameriprise Fin. Servs., Inc.*,

999 F.3d 1080, 1091–92 (8th Cir. 2021), cert. denied, 142 S. Ct. 2675, 212 L. Ed. 2d 762 (2022)

(internal quotation marks omitted).

## III.    ANALYSIS

### A.    Laches

The Government moves to strike the defense of laches with the blanket assertion that

"laches is not available as an affirmative defense by Defendants, no matter how plead." (ECF Nos.

51 at 5, 62 at 2). This is an overbroad and incorrect statement of law. As this Court has held in

allowing the defense of laches to be maintained against the Government, "factual scenarios may

exist where the defenses might apply." *Federal Trade Commission v. BF Labs Inc.*, No. 4:14-CV-

815-BCW, 2015 WL 12806580, at \*3 (W.D. Mo. Aug. 28, 2015). In that holding, the Court

allowed the defendants to "have the benefit of some discovery" before finding that laches is

"universally inapplicable" against the Government. *Id.* This Court should allow the Defendants

the benefit of discovery in this case before striking a possibly viable defense.

3

### B. Estoppel

The Government also moves to strike the affirmative defense of estoppel, stating it applies only in "very rare circumstances." (ECF Nos. 51 at 5, 62 at 2). They go on to argue it should be stricken based on the standard needed to prove the defense, not the standard to assert the defense. (*Id.*). While Defendants must "show affirmative misconduct to maintain the equitable estoppel defense, [this] defense[] [is] more fact based" and courts are unwilling to "strike [it] at this point in the litigation." *Resolution Trust Corp. v. Gibson*, 829 F. Supp. 1103, 1108 (W.D. Mo. 1993) (further stating that this defense "may be the subject of a later dispositive motion or motion in limine"); *see also Robertson v. LTS Management Services LLC*, 642 F. Supp. 2d 922, 933 (W.D. Mo. 2008) ("At this early stage of the case, the Court is unable to state definitely that this defense [of estoppel] could not succeed under any circumstances. Therefore, the Court will decline to strike this affirmative defense."). As with the defense of laches, this Court should allow the Defendants the benefit of discovery in this case before striking a possibly viable defense.

### C. Statute of Limitations

The Government moves to strike the affirmative defense of statute of limitations raised by the Defendants and, again, invokes the *Twombly/Iqbal* holdings which do not apply to pleading affirmative defenses. (ECF Nos. 51 at 7, 62 at 2). The Government seeks two remedies in this case, injunctive relief and disgorgement, and each will be addressed with respect to the statute of limitations.

The Government cites three cases from outside the Eighth Circuit Court of Appeals to support their position that injunctive relief does not have a statute of limitations, but this is perplexing logic. (*Id.*). Injunctive relief is necessary only where there is ongoing conduct that requires a court to enjoin such person from "further engaging" in such conduct. 26 U.S.C. § 7407

(2021); 26 U.S.C. § 7408 (2021). The Government alleges that "[f]rom 2015 *through* 2021, Defendant John Eickhoff" performed the alleged actions. (ECF No. 4 at 15) (emphasis added). The Government did not allege those actions were through the time of filing the complaint, significantly undermining their remedy of injunction. For three other Defendants, Rhonda Eickhoff, Aric Schreiner, and Columbia CPA Group LLC, the Government lists an end date of 2020 for their alleged conduct. (*Id.* at 18, 20). If the conduct was contained within the timeframe, as alleged by the Government, then it is not ongoing and part of that time is over 7 years prior to the filing of this complaint, falling outside even the criminal statute of limitations for federal tax offenses. Because the Government pled an end date for the alleged conduct and there are multiple statutes governing limitations on federal lawsuits, discovery is required by the Defendants to specifically identify the alleged conduct, dates of alleged conduct, and, therefore, any applicable statute of limitations. Striking this defense at this time would be premature and possibly prejudicial to the defense of this case.

With respect to disgorgement, the Supreme Court recently held that disgorgement, as it relates to Security and Exchange Commission enforcement actions, is a penalty, and not solely a retributive remedy. *Kokesh v. S.E.C.*, 137 S.Ct. 1635, 1645 (2017). Under that framework, the Supreme Court also held that disgorgement was subject to the five-year statute of limitations under 28 U.S.C. § 2462. This rationale should be applied equally in actions under the Internal Revenue Code. While one district court has not followed *Kokesh* in the context of an Internal Revenue Code case, *United States v. Meyer*, 376 F. Supp. 3d 1290, 1295, 1298 (S.D. Fla. 2019) (solely resting on the distinction between the SEC and IRS, as opposed to analyzing the similarities of the remedies sought), this Court and the Eighth Circuit have not yet addressed this issue. Because the Supreme Court has held that disgorgement is not an equitable remedy, the limitations applicable to actions

under the Internal Revenue Code should apply in this case, and this defense should not be stricken at this point.

**D.      Waiver**

Next, the Government moves to dismiss the affirmative defense of waiver raised by Defendants John Hugo Eickhoff, Jr. ("Mr. Eickhoff") and Hoffman Associates, LLC ("Hoffman Associates"). The Government alleges that these Defendants failed to raise any allegations or facts in support of their affirmative defense of waiver (*See* ECF Nos. 51 at 6, 62 at 2). "Waiver is an affirmative defense which must be affirmatively pleaded." *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756, 765 (8th Cir. 2022). "A valid waiver requires intentional relinquishment of a known right." *Id.* at 766 (internal quotation marks omitted). "Absent an express declaration, waiver may be implied by conduct in a clear, unequivocal, and decisive act." *Id.* (internal quotation marks omitted).

Mr. Eickhoff and Hoffman Associates have properly plead the affirmative defense of waiver. Specifically, Mr. Eickhoff and Hoffman Associates allege, "[s]ome or all of the claims and remedies set forth in the Amended Complaint are barred under the doctrine of waiver." (ECF No. 45 at 65, 55 at 67). In *Crutcher v. MultiPlan, Inc.*, the Eighth Circuit Court of Appeals found the defense of waiver to have been properly plead for Federal Rule of Civil Procedure 8(c) under the *Zotos* standard when defendants averred in their answer to plaintiff's second amended complaint that "Plaintiffs' claims are barred in whole or in part under principles of equitable estoppel, waiver, notification, ratification, confirmation, acquiescense[,] and/or consent." 22 F.4th at 765. *See also United States v. Ringling*, No. 17-CV-4006 (KES), 2017 WL 3738477, at *2 (D.S.D. Aug. 30, 2017) (denying motion to strike affirmative defense of waiver); *Acosta v. Monsanto Co.*, No. 4:20CV3048, 2020 WL 4049887, at *1 (D. Neb. July 20, 2020) (same).

Discovery would afford Mr. Eickhoff and Hoffman Associates the opportunity to uncover whether the Government, either by implied conduct or express declaration, relinquished its right to pursue any relief related to the alleged underlying conduct. Therefore, this Court should allow these Defendants the benefit of discovery before striking a possibly viable defense.

## E.      Prejudice

Finally, the Government cannot show that it would be prejudiced by inclusion of these affirmative defenses. "Even when striking a defense is technically proper, courts are reluctant to do so in the absence of prejudice to the moving party." *Walsh v. Campbell St. Auto., Inc.*, No. 6:21-CV-03037-MDH, 2021 WL 2371511, at *1 (W.D. Mo. June 9, 2021). Discovery as to these defenses would not cause any additional "burdensome discovery, or otherwise result in expending time and resources litigating irrelevant issues that will not affect the case's outcome." *See id.* at *3. For example, the Government's representations to the defendants during prior dealings with the IRS are relevant not only to the defendants' affirmative defenses of estoppel, laches, and waiver but also to the Government's allegations that defendants were put on notice of their allegedly wrongful conduct. *See, e.g.,* ECF No. 4 at ¶44 ("Defendants knew or had reason to know that these statements were false or fraudulent. In addition, these Defendants were on notice that their statements were false because, among other reasons, the IRS informed them on several different occasions that those statements are contrary to the law."). Similarly, the identity of the alleged conduct and dates of alleged conduct are relevant both to the Government's allegations and any applicable statute of limitations. Therefore, the Court should deny the Government's Motion to Strike.

## IV. CONCLUSION

WHEREFORE, Defendants John Hugo Eickhoff, Jr., Hoffman Associates, LLC, Aric Elliot Schreiner, and Columbia CPA Group LLC, respectfully request that the Court deny Plaintiff the United States of America's Motions to Strike Affirmative Defenses (ECF Nos. 51, 62). In the alternative, these Defendants request leave to amend their answers should the Court find any deficiencies in their affirmative defenses.

Dated: August 15, 2022

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Steven E. Holtshouser*
Christina B. Moore, #53917MO
Steven E. Holtshouser, #33531MO
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: 314.480.1500 Office
Fax: 314.480.1505 Facsimile
Christina.Moore@huschblackwell.com
Steve.Holtshouser@huschblackwell.com

***Attorneys for Defendant John Hugo Eickhoff, Jr. and Hoffman Associates, LLC***

MARGULIS GELFAND, LLC

By: */s/ Justin K. Gelfand*
JUSTIN K. GELFAND, #62265MO
7700 Bonhomme Ave., Suite 750
St. Louis, MO 63105
Telephone: 314.390.0230
Facsimile: 314.485.2264
justin@margulisgelfand.com

***Attorney for Defendants Aric Elliott Schreiner and Columbia CPA Group LLP***

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by filing a copy

of the same with the Court's electronic filing system this 15th day of August, 2022.

*/s/ Steven E. Holtshouser*

9