IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) Case No. 2:22-cv-04027-MDH |
| | ) |
| v. | ) |
| | ) |
| JOHN HUGO EICKHOFF, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **DEFENDANT DAMON T. EISMA'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................ii

I.      Introduction ...............................................................................................................2

II.     Argument ..................................................................................................................5

        A.  *Standards* ....................................................................................................5

        B.  *Eisma Asserts a Valid Limitations Defense*..……………………………………..5

        C.  *Striking These Defenses Will Not Save Plaintiff Time and Money*………………12

III.    Conclusion..............................................................................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*AMG Cap. Mgmt., LLC v. FTC*
141 S. Ct. 1341 (2021) .................................................................................... 4, 8, 9, 10, 11

*Am. Tel. & Tel. Co. v. Cent. Off. Tel., Inc.*
524 U.S. 214 (1998) ............................................................................................................ 8

*Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*
306 F.2d 862 (5th Cir. 1962) ................................................................................... 6, 11, 12

*CFTC v. Montano*
Case No: 6:18-cv-1607-Orl-31GJK, 2019 WL 571888 (M.D. Fla. Feb. 1, 2019) ........... 12

*Crutcher v. MultiPlan, Inc.*
22 F.4th 756 (8th Cir. 2022) ............................................................................................... 6

*First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*
477 F.3d 616 (8th Cir. 2007) ............................................................................................. 6

*Knapp v. FAG Bearings, LLC*
2021 WL 3771793 (W.D. Mo. August 24, 2021) ............................................................. 5

*Kokesh v. SEC*
137 S. Ct. 1635 (2017) ..................................................................... 1, 3, 4, 7, 8, 9, 12

*Liu v. SEC*
140 S. Ct. 1936 (2020) .................................................................................................. 9, 10

*Lunsford v. United States*
570 F.2d 221 (8th Cir. 1977) ............................................................................................ 5

*Maldonado v. Competitive Edge Grp., Inc.*
No. 619CV398ORL22GJK, 2019 WL 11502878 (M.D. Fla. June 17, 2019) ................. 11

*Meghrig v. KFC W., Inc.*
516 U.S. 479 (1996) ........................................................................................................ 10

*Mitchell v. Robert DeMario Jewelry, Inc.*
361 U.S. 288 (1960) ........................................................................................................ 10

*Newborn Bros. Co. v. Albion Eng'g Co.*
299 F.R.D. 90 (D.N.J. 2014) .......................................................................................... 11

*New Prime, Inc. v. McGriff Ins. Servs.*
No. 6:22-CV-03037-MDH, 2022 WL 1036780 (W.D. Mo. Apr. 6, 2022)………………….....6, 7

*Nunez v. Orleans Shoring, LLC*
Civil Action No. 16-3005, 2016 WL 3905611 (E.D. La. July 19, 2016) ...................................... 6

*Porter v. Warner Holding Co.*
328 U.S. 395 (1946)……………………………………………………………………....10, 11

*SEC v. BIH Corp.*
Case No. 2:10–cv–577–FtM–29DNF, 2013 WL 1212769 (M.D. Fla. March 25, 2013)………...11

*SEC v. Blackburn*
15 F.4th 676 (5th Cir. 2021) ........................................................................................................ 9

*SEC v. Carebourn Cap., L.P.*
2022 WL 1090825 (D. Minn. Ap. 12, 2022) .............................................................................. 13

*SEC v. Esposito*
2017 WL 5615571 (D. Mass. Nov. 21, 2017) ............................................................................ 12

*SEC v. Montano*
2019 WL 2254943 (M.D. Fla. Jan 7, 2019) ............................................................................... 11

*SEC v. Thrasher*
92 CIV. 6987 (JFK), 1995 WL 456402 (S.D.N.Y. Aug. 2, 1995) ............................................. 12

*SEC v. Toomey*
866 F. Supp. 719 (S.D.N.Y. 1992) ............................................................................................. 12

*Stanbury Law Firm v. IRS*
221 F.3d 1059 (8th Cir. 2000) ..................................................................................................... 5

*United States v. EcoVest Capital Inc., et al.*
1:18-cv-05774 (N.D. Ga.) ............................................................................................................ 1

*United States v. Meyer*
376 F. Supp. 3d 1290 (S.D. Fla. 2019)……………………………………………………..1, 9, 10

*United States v. Rapower-3, LLC*
294 F. Supp. 3d 1238 (D. Utah 2018), *aff'd* 960 F.3d 1240 (10th Cir. 2020) .................................. 9

*United States v. Stinson*
729 F. Appx 891 (11th Cir. 2018) ............................................................................................... 9

*United States v. Zak*
Civil Action No. 1:18-cv-05774-AT, 2020 WL 11191757 (N.D. Ga. Jan. 29, 2020)………1, 7, 10

*United States v. Zak*
426 F. Supp. 3d 1365 (N.D. Ga. 2019)..................................................................................7

*Zotos v. Lindbergh Sch. Dist.*
121 F.3d 3561 (8th Cir. 1997)……………………………………………………… 5, 6


**Rules and Statutes**

Fed. R. Civ. P. 8(b)(1)(A)......................................................................................................5

Fed. R. Civ. P. 11(b)..............................................................................................................3

Fed. R. Civ. P. 12(f)......................................................................................................5, 7, 11

26 U.S.C. § 6672 ...................................................................................................................7

26 U.S.C. § 6694 ...................................................................................................................3

26 U.S.C. § 6695 ...................................................................................................................3

26 U.S.C. § 6700 ...................................................................................................................3

26 U.S.C. § 6701 ...................................................................................................................3

26 U.S.C. § 7402 .............................................................................................1, 2, 3, 5, 7, 8, 9, 11

26 U.S.C. § 7407 ...................................................................................................................2

26 U.S.C. § 7408 ...................................................................................................................2

28 U.S.C. § 2462 ..........................................................................................................1, 5, 7, 8


**Secondary Sources**

5C Charles Alan Wright & Arthur R. Miller
FEDERAL PRACTICE AND PROCEDURE, § 1381 (3d ed. 2004)........................................................11

On July 21, 2022, Plaintiff United States of America moved to strike Defendant Damon T. Eisma's seventh defense related to whether any of the claims or remedies asserted by Plaintiff are barred by the appliable statute of limitations. Doc. 51. Specifically, Defendant contends that if Plaintiff prevails on Count IV and the Court orders any disgorgement under 26 U.S.C. § 7402, any disgorgement can only go back five years from the filing of the complaint. *See* 28 U.S.C. § 2462 (five year statute of limitations governs penalties provided under 28 U.S.C. § 2462); *Kokesh v. SEC*, 137 S. Ct. 1635, 1639 (2017) (SEC's disgorgement clam subject to five-year statute of limitations); *United States v. Zak*, Civil Action No. 1:18-cv-05774-AT, 2020 WL 11191757, at *1-*2 (N.D. Ga. Jan. 29, 2020) (denying United States' motion to strike limitations defense, as well as laches and estoppel, in similar promoter injunction case brought against promoters of syndicated conservation easements as a means to reduce tax liabilities).[1]

Eisma properly listed a limitations defense to a claim or remedy. Plaintiff filed a bare bones motion and merely attempted to incorporate a filing that was not filed until after the motion. Doc. 51 at 7. While Eisma should not have to address arguments and legal reasons not included in the motion, Eisma attempts to address some of the reasons provided. Even if considering them, this Court should deny the motion, and wait for the parties to take discovery and then either decide that issue on summary judgment or after a bench trial.

---

[1] *Zak* was decided <u>after</u> *United States v. Meyer*, 376 F. Supp. 3d 1290 (S.D. Fla. 2019), a case relied on by Plaintiff in its motion. In *Zak*, the court was not persuaded even though the United States submitted it as supplemental authority. Now that the parties in the syndicated conservation easement case have engaged in discovery, the remaining parties in the lawsuit have now filed summary judgment motions challenging whether section 7402(a) allows for disgorgement, and if it does, whether disgorgement is subject to the five-year statute of limitations. Based upon undersigned counsel's review of the docket, there is a brief stay of at least some discovery pending the outcome of settlement discussions. *See United States v. EcoVest Capital Inc., et al.*, 1:18-cv-05774 (N.D. Ga.) (Zak is no longer a defendant and therefore the caption has changed).

## INTRODUCTION

On February 23, 2022, Plaintiff filed suit seeking to prohibit Defendants "from organizing, promoting or selling an allegedly unlawful tax scheme involving the use of charitable remainder annuity trusts (CRATs)." *See* https://www.justice.gov/opa/pr/justice-department-sues-shut-down-multistate-tax-elimination-scheme-involving-charitable (DOJ Tax press release issued day after filing this action). Plaintiff seeks a permanent injunction under 26 U.S.C. §§ 7402, 7408, 7402 and 7407, as well as disgorgement under 26 U.S.C. § 7402. Docs. 1 & 4. On March 9, 2022, pursuant to 26 U.S.C. §§ 7402 and 7408, the United States filed an Amended Complaint against multiple defendants, including Eisma. Doc. 4. The United States alleges that Eisma organized, promoted, and facilitated an abusive tax scheme for his customers involving CRATs. Plaintiff alleges the suit has resulted in at least $8 million in tax losses. *Id.;* Doc. 4 at ¶ 188.

Plaintiff alleges that there are four primary steps in the "scheme": customers would typically contribute appreciated property with a low basis to the CRAT; (2) there would be a step up in basis when the property is contributed to the CRAT; (3) the property would be sold and the proceeds used to purchase an annuity; and (4) the payments paid from the annuity and received by the CRAT would be treated as tax free distributions by the recipients. *E.g.*, Doc. 4 (explanation of CRAT); *see also* Feb. 24, 2022 Press Release (summary of DOJ's interpretation of "scheme").

Eisma denies any wrongdoing or liability. Doc. 44. Eisma was included in this complaint, because of his purported involvement in this "scheme." Doc. 4; Feb. 24, 2022 Press Release. Eisma's alleged conduct is included in paragraphs 1, 15, 25, 30, 34-39, 42-51, 100-120, the prayer for relief and the DOJ press release. However, even though Plaintiff has known since at least May 2019 that Eisma is not engaged in the conduct Plaintiff alleges, they made allegations in the present tense anyway. It is unclear how the government can make these representations and satisfy the

2

obligations under Fed. R. Civ. P. 11(b). The basis for those allegations will be an issue in Eisma's discovery requests. Furthermore, without showing that Eisma is engaged in such conduct, the government at a minimum will have a very difficult time obtaining any injunctive relief.

Rather than making assessments against Eisma, and afford him the corresponding administrative rights, under 26 U.S.C. §§ 6694, 6695, 6700, or 6701, Plaintiff seeks to circumvent Eisma's rights and attempt to "disgorge" any amount earned regardless of time period. Notwithstanding whether Plaintiff can assert any claim for disgorgement under section 7402 as asserted in Defendant Rhonda Eickhoff's motion, Doc. 41, Plaintiff argues it can reach back as long as it wants to go back for its disgorgement claim. When combining disgorgement, any assessed tax against the taxpayers and asserting any additional assessments against Defendants that Plaintiff concedes could be forthcoming, the government could obtain a recovery that could exceed any tax loss purportedly incurred by the government. While Plaintiff asserts this money is meant to "compensate the United States for the approximately $8,000,000 in tax revenue losses resulting from Defendants' unlawful participation in a multi-state abusive tax scheme," that is not consistent with the structure of the Internal Revenue Code. The taxpayers are the ones who are assessed with any outstanding taxes and any tax, penalties and interest are collected directly from them. Furthermore, these same taxpayers who are assessed with these liabilities will not receive credit for any money that may be owed. Any CRAT taxpayer's tax liabilities are not joint, and several liabilities owed by any of the Defendants in this action, and those taxpayers' liabilities will not be offset by any money collected against any disgorgement judgment.

Instead, in bringing this action, Plaintiff is seeking to deter others from engaging in any such behavior and then to penalize Defendants for their involvement in the complained of conduct. These penalties are similar in nature to the SEC penalties at issue in *Kokesh* and the remedy the

3

Supreme Court held the FTC could not attempt to obtain without following its statutory scheme. *See AMG Cap. Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021).[2] Any payments recovered would be paid to the United States Treasure like the payments to the SEC, and not applied to the tax liabilities of any CRAT customers who now have outstanding tax liabilities.

Finally, this Court should deny Plaintiff's motion to prematurely limit the reach of Eisma's defense. This Court should not decide the scope of Eisma's defense until the parties have had to take discovery and file any applicable motions. The issues raised by Plaintiff are premature. Deciding these issues will not further judicial economy or efficiency. Indeed, while Plaintiff assets it is saving time on discovery, it has initially proposed an 18-month discovery period and that each side should have 30 depositions (or more than 200 depositions for all parties). Furthermore, even without the limitations defense, Plaintiff's amended complaint puts at issue the length of time of each defendant's involvement and then puts at issue the tax loss and investigative costs which are issues that need to be addressed in determining whether disgorgement will be considered a penalty.

Thus, this Court should deny the motion where disputed factual and legal issues need to be decided on a complete record, especially where Plaintiff did not even include its legal analysis in its motion and only refers Defendants to a filing filed after the motion. Doc. 51 at 7. Subsumed within the governments' argument are factual questions that the Court must decide – (1) did the Defendants do anything incorrect; (2) are the taxpayers responsible for any additional tax liabilities; (3) have these taxpayers paid any of the amounts that the government contends they now owe and (4) what is the amount of any government tax loss? These and other factual questions must be decided before the Court can decide (i) whether any amounts the Plaintiff seeks under

---

[2] Plaintiff did not move to strike Eisma's affirmative defense challenging whether disgorgement is available as a remedy. Doc. 44, Eisma Defense 6.

Count IV are penalties (or something else), (ii) whether an injunction, disgorgement or other remedy is "necessary or appropriate for the enforcement of internal revenue laws" as required under 26 U.S.C. § 7402 and (iii) whether any attempts to recover these amounts are subject to the five-year statute of limitations contained in 28 U.S.C. § 2462.

Plaintiff's claim to save time, resources and money rings hollow, and this Court should deny the motion and defer deciding these issues until the Court has a complete factual record.[3]

## ARGUMENT

### A. Standards

Federal Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'[M]options to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (additional citations omitted)). In *Lunsford*, the Eighth Circuit held that a defense should remain where there our disputed questions of fact or law that need to be decided based upon a full record. Regarding the standard applicable to affirmative defenses, this Court stated as follows:

> This Court has held recently that under Eighth Circuit precedent, a party need only make a "bare assertion" to plead an affirmative defense. *Knapp v. FAG Bearings, LLC*, 2021 WL 3771793, *2 (W.D. Mo. August 24, 2021) (quoting *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997)) (citations omitted). This standard was recently affirmed by the Eighth Circuit in *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756 (8th Cir. 2022). The Rule 8(c) pleading requirement is intended to give the opposing party both notice of the affirmative defense and an opportunity to rebut it, but the Eighth Circuit declined to adhere to a construction of the Rule that would privilege "form over substance." *Id.* at 765-66 citing *First Union Nat'l*

---

[3]. Alternatively, this Court should limit the defense to Plaintiff's disgorgement claim (Count IV).

> *Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). The purpose of an affirmative defense is to prevent unfair surprise. *Id.* at 766. The "bare assertion" of a defense that is not "articulated with any rigorous degree of specificity" is sufficient. *Id.* citing *Zotos* at 361 (8th Cir. 1997). Accordingly, an affirmative defense that states simply that Plaintiff's claims are barred under principles of estoppel, waiver, notification, etc. is sufficient. *Id.*

*New Prime, Inc. v. McGriff Ins. Servs.*, No. 6:22-CV-03037-MDH, 2022 WL 1036780, at *1 (W.D. Mo. Apr. 6, 2022). At a minimum, Eisma's defense of statute of limitations satisfies this "bare assertion" standard. Regardless, it should not be stricken where there are legal questions to decide pertaining to whether any claim for disgorgement can be made for amounts received prior to February 2017 (more than five years prior to the filing of the complaint). Furthermore, through conversations with the parties, Plaintiff is on notice and there is no unfair surprise. Thus, this motion should be denied since it is not "required for the purposes of justice," and the defense does not have "no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (noting also that "'Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.'" (citations omitted)); *see also Nunez v. Orleans Shoring, LLC*, Civil Action No. 16-3005, 2016 WL 3905611, at *3 (E.D. La. July 19, 2016) (relying on *Augustus* for notion that court should not decide disputed issues of fact or law on a motion to strike, especially without any showing of prejudice).

### B. Eisma asserts a valid limitations defense

This Court should not invoke a "drastic remedy" when Eisma asserts a defense that corresponds directly to the factual allegations contained in the Plaintiff's complaint, and the Plaintiff is not otherwise specifically prejudiced by including them. *New Prime, Inc.,* 2022 WL 1036780, at * 2 (denying motions to strike); Zak. 2020 WL 11191757, at *2; *see also United States v. Zak*, 426 F. Supp. 3d 1365, 1376 (N.D. Ga. 2019) (while the court denied defendant's motion to

dismiss the United States' disgorgement count, the court acknowledged that "'some of the specific transactions identified in the Complaint may be barred by the statute of limitations" under 28 U.S.C. § 2462 as interpreted by *Kokesh*). Furthermore, the purposes of justice certainly do not favor striking these defenses. Next, the defenses are not "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Eisma assets a valid limitations defense.

**First**, the limitations defense assumes disgorgement is authorized at all. Plaintiff did not seek to strike Defense Number six that challenges whether disgorgement is available at all. Section 7402(a) does not specifically authorize disgorgement and the Eighth Circuit has not addressed this issue. Furthermore, Plaintiff acknowledges in its Amended Complaint that the IRS is auditing and assessing the CRAT customers with tax assessments and then will presumably collect outstanding tax liabilities from them. The amounts sought by Plaintiff are not similar to the joint and several federal income tax liabilities that might be owed by a husband and wife, or liabilities owed by responsible persons who are assessed with trust fund recovery penalties under 26 U.S.C. § 6672. If the authority of the Court under section 7402 is as expansive as Plaintiff contends, it remains to be seen why Plaintiff needs to make an assessment against a taxpayer at all and why Plaintiff could not file suit against a taxpayer, contend that individual owes money and then obtain an equitable remedy of disgorgement related to the amount of money owed on an individual's taxes and not paid over. Plaintiff is attempting to collect from Defendants money they received from their involvement and those recoveries will go to the U.S. Treasury without any credits against the liabilities owed by the taxpayers themselves. Because disgorgement would displace the existing

7

statutory scheme, under *AMG*, this Court should not read disgorgement into the statute.[4] This issue need not be decided now but it is important to understand that the issue of whether disgorgement is authorized at all and then whether it is subject to a limitations defense are open questions that should be decided after considering a complete record.

**Second**, even if disgorgement is an available remedy, it is a penalty that is subject to a five-year statute of limitations. *Kokesh*, 137 S. Ct. at 1643-44. Disgorgement would be imposed for violations of a public law, namely the Internal Revenue Code Statutes Plaintiff accuses Eisma of violating. Second, in seeking disgorgement, Plaintiff is seeking to deter Defendant and others from engaging in similar actions. That is exactly why Plaintiff issued a press release the day after it filed a complaint and well before Eisma waived service. Finally, disgorgement is not compensatory when it would exceed the amount necessary to make the United States whole. Plaintiff is made whole by assessing and then seeking to recover tax, interest and penalties from the taxpayers who participated in the purported CRAT scheme. Thus, under Supreme Court precedent, Plaintiff's disgorgement claim is a penalty subject to 28 U.S.C. § 2462's five-year statute of limitations. *See also Liu v. SEC*, 140 S. Ct. 1936, 1941 (2020) (restating the factors articulating in *Kokesh* for why disgorgement is a penalty ).[5]

**Third**, Plaintiff's efforts to distinguish *Kokesh* on equitable grounds fails. In opposing Rhonda Eickhoff's motion, Plaintiff argues that any disgorgement awarded under section 7402(a)

---

[4] The savings clause at the end of section 7402(a) would not save this statute. *See Am. Tel. & Tel. Co. v. Cent. Off. Tel., Inc.*, 524 U.S. 214, 227–28 (1998) ("We have long held that [a savings clause] preserves only. . . those rights that are not inconsistent with the statutory . . . requirements."); *see also AMG*, 141 S. Ct. at 1351 (savings clauses "preserv[e] pre-existing remedies given by other statutory provisions").

[5] The Supreme Court's ruling in *Kokesh* contradicts Plaintiff's argument that no limitations period applies because Congress provided no "statute of limitations for disgorgement claims (or other types of claims) brought under Section 7402." Doc. 52 at 15.

8

is equitable as opposed to a civil penalty. Doc. 52 at 15-17. At bottom, open factual questions need to be decided on the complete record. Also, Plaintiff's interpretation should be rejected for the reasons referenced above. *Cf.* Doc. 52 at 17 (Plaintiff makes assertions about what it is seeking, whether it is only seeking "net profits" and distinguishing the facts in this case from *Koresh*). Furthermore, in arguing that a statute of limitations may apply, the Court should reject any assertion that the relief available is without limits. Doc. 52 at 11.

Plaintiff's reliance on *Meyer*, *Rapower* and *Stinson* also rings hollow where those cases do not adequately address the factors articulated in *Kokesh* that when applied demonstrate why Plaintiff's disgorgement claim is a penalty. *United States v. Meyer*, 376 F. Supp. 3d 1290, 1295, 1297–98 (S.D. Fla. 2019); *United States v. Rapower-3, LLC*, 294 F. Supp. 3d 1238, 1241–42 (D. Utah 2018), *aff'd* 960 F.3d 1240 1250-52 (10th Cir. 2020). While the Eleventh Circuit affirmed a disgorgement award in *Stinson*, that case only involved the computation of disgorgement and not whether disgorgement was available under *Kokesh*. *United States v. Stinson*, 729 F. Appx 891 (11th Cir. 2018). The litigation before the Northern District of Georgia in the conservation easement tax shelter promoter cases demonstrates that this decision in *Stinson* did not decide the issues raised in *Kokesh* and *AMG* that will have to be clearly decided. Furthermore, just as the Northern District of Georgia was not persuaded by *Meyer*, this Court should not either and follow *Zak* in denying the motion to strike. *See Zak, supra*, above. *Meyer* merely rejected a request for a jury trial based upon *Kokesh* and then incorporated that analysis in the challenge to a disgorgement remedy without conducting the analysis that is at issue in this case and in *Zak*. *Meyer* should simply not be persuasive.

Plaintiff's reliance on *SEC v. Blackburn* in opposing Rhonda Eickhoff's motion is also misplaced. 15 F.4th 676, 682 (5th Cir. 2021). In that case, the Fifth Circuit affirmed that

9

disgorgement was an available remedy that could result in a recover of money that is paid to "already-identified victims." Here, payment of money to the general treasury that is not going to pay specifically assessed tax liabilities is more akin to a penalty and at bottom an open question that needs to be decided on a complete factual record. *Cf. Liu*, 140 S. Ct. at 1947 (open question as to whether disgorgement is "'awarded to victims' when the money is put into a Treasury fund that helps 'pay whistleblowers reporting securities fraud and to fund the activities of the Inspector General.'"). Similarly, money collected above what is owed by taxpayers cannot be considered "equitable" when it exceeds Plaintiff's loss. Doc. 52 at 18-19 (Plaintiff asserts without support that it will not be able to recover everything and also appears to assert two different numbers regarding the potential tax loss - $17 million and then $8 million that further supports the need for a developed factual record).

Plaintiff's reliance on *Porter v. Warner Holding Co.*, 328 U.S. 395 (1946) and *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288 (1960) does not save its equitable remedy versus civil penalty distinction. Doc. 52 at 12-13. The Supreme Court, however, rejected this interpretation of *Porter* and *Mitchell*. *See AMG*, 141 S. Ct. at 1350 ("[W]e did not in [*Porter* and *Mitchell*] purport to set forth a universal rule of interpretation."). Instead, "the text and structure of the statutory scheme at issue can, 'in so many words, or by a necessary and inescapable inference, restric[t] the court's jurisdiction in equity.'" *Id*. (citing *Porter*, 328 U.S. at 398). As the FTC's scheme at issue in *AMG*, [the structure of the Internal Revenue Code's enforcement scheme establishes a "necessary and inescapable inference" that district courts' equity jurisdiction under 26 U.S.C. § 7402(a) does not include the requested relief. *Id.*; *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 487 (1996). This Court should reject Plaintiff's contrary interpretation. Doc. 52 at 12-13.

**Fourth**, given the contingent nature of the limitations defense in that it applies if the Court allows disgorgement and then finds that disgorgement is necessary, the arguments concerning the viability of the limitations defense do not justify striking the defense. *See Maldonado v. Competitive Edge Grp., Inc.*, No. 619CV398ORL22GJK, 2019 WL 11502878, at *2 (M.D. Fla. June 17, 2019) (deny motion to strike where defenses "are sufficient to put Plaintiff on notice and are not otherwise patently frivolous or invalid as a matter of law"); *see also Augustus*, 306 F.2d at 868*; Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 97–98 (D.N.J. 2014) (in denying a motion to strike, the court found that it "should deny the motion to strike unless the affirmative defense has no possible relation to the controversy and may cause prejudice to one of the parties, or if the defense will confuse the issues") (citations omitted); 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1381 (3d ed. 2004) (explaining that "even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.").

**Fifth**, if the Court does not deny the motion outright, it should reformulate Eisma's seventh defense to only apply to disgorgement. Such a ruling would be consistent with prior orders by other courts that deny motions to strike allegations that address allegations in the complaint and permit them to be treated as a denial related to the relief sought in Count IV. *See SEC v. BIH Corp.*, Case No. 2:10–cv–577–FtM–29DNF, 2013 WL 1212769, at *3 (M.D. Fla. March 25, 2013) (treating lists of affirmative defenses by two different defenses as denials) (citations omitted). Such a decision would be further supported by the lack of prejudice suffered by the Plaintiff. *See SEC v. Montano*, 2019 WL 2254943, at *2 (M.D. Fla. Jan 7, 2019) (denies the Commission's motion to strike where the defenses are denials and where "[t]he SEC also fails to demonstrate any prejudice it may suffer should the defenses at issue not be stricken"); *CFTC v. Montano*, Case No:

11

6:18-cv-1607-Orl-31GJK, 2019 WL 571888, at *3 (Feb. 1, 2019) (denying CFTC's motion that included an argument that it did not need to establish reliance where it did not demonstrate any prejudice and after concluding that "[t]he issues the Commission raises should be addressed via a fully-briefed motion on the merits, not on a motion to strike").

**Sixth**, this Court should deny Plaintiff's motion since it could not establish prejudice. As explained previously by the Fifth Circuit:

> [W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits.

*Augustus*, 306 F.2d at 868 (footnotes omitted); *see also SEC v. Toomey*, 866 F. Supp. 719, 722 (S.D.N.Y. 1992) (disputed issues of fact and law should not be decided through a motion to strike without significant discovery). In moving to strike Eisma's seventh defense, this Court should reject Plaintiff's attempt to convince this Court to determine "disputed and substantial questions of law" through a motion to strike.

### C. Striking these defenses will not save Plaintiff time and money

Concerning the issue of prejudice, Plaintiff asserts without support that allowing these defenses will cost it time and money and undermine its mission. (Doc. 51 at 8-9). Plaintiff does not explain how allowing Eisma to respond to the factual allegations in the Amended Complaint will result in additional expenses and investigation time, and certainly does not describe what additional discovery, depositions, and other actions it will need to take. *See SEC v. Esposito*, 2017 WL 5615571, at *1-*3 (D. Mass. Nov. 21, 2017) (denied similar motion to strike brought where SEC failed to establish prejudice); *SEC v. Thrasher*, 92 CIV. 6987 (JFK), 1995 WL 456402, at *5 (S.D.N.Y. Aug. 2, 1995) (in case the Commission relied upon, the court rejected a similar prejudice

12

argument and noted that "the SEC fails to specify what time or expense would be saved, or what complexity would be eased, by granting the request: The SEC will still be required to prove all of the elements of the claim").

Indeed, because Plaintiff included allegations related to the length of time of the CRAT "scheme," the amount of money received during the time period and each Defendant's past and present activities in its complaint, discovery will presumably need to be taken regardless of whether the Court strikes Eisma's defense. There is simply no support for the assertion that Eisma will be wasting "time and resources fishing for facts." If Plaintiff truly was interested in saving time and money, it would not have filed this motion and distinguishes it from the *SEC v. Carebourn Cap., L.P.*, 2022 WL 1090825, at *6-*7 (D. Minn. Ap. 12, 2022) (denying in part a motion to strike several defenses and granting in part a motion to strike one defense that was based on unsupported assertions that may lead to unnecessary discovery disputes and discovery motion practice) .[6] The facts in *Carebourn* are not present here.

## CONCLUSION

In sum, Plaintiff has not met its burden and its motion should be denied. Even if the Court ultimately concludes Plaintiff can obtain disgorgement, Eisma raised a valid limitations defense and any claim for disgorgement for more than five years after the filing of the complaint fails. Regardless, the Court does not have a developed factual record, Plaintiff has not provided specific prejudice that will result and when justice does not require, this Court should deny the motion to strike. Instead, the Court should deny the motion and defer making any such ruling until prior to trial and after the close of discovery.

---

[6] Plaintiff inadvertently cited this as a W.D.MO. case and not a D. Minn. case.

13

Case 2:22-cv-04027-MDH   Document 74   Filed 08/15/22   Page 18 of 19

August 15, 2022

Respectfully Submitted:

KENNYHERTZ PERRY, LLC

*/s/ Benjamin L. Tompkins*
BENJAMIN L. TOMPKINS
MO Bar No. 52295
2000 Shawnee Mission Pkwy, Ste. 210
Mission Woods, KS 66206
Tel: (816) 527-9443
Fax: (855) 844-2914
Email: ben@kennyhertzperry.com

*ATTORNEY FOR DEFENDANT*
*DAMON THOMAS EISMA*
(Individually and doing business
as Damon T. Eisma Attorney at Law)

## CERTIFICATE OF SERVICE

I certify that on the 15th day of August, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

*/s/ Benjamin L. Tompkins*
Attorney for Defendant
Damon Thomas Eisma