IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:22-cv-04027-MDH |
| | ) |
| JOHN HUGO EICKHOFF, JR., | ) |
| RHONDA KAY EICKHOFF, | ) |
| HOFFMAN ASSOCIATES, LLC, | ) |
| ARIC ELLIOT SCHREINER, | ) |
| COLUMBIA CPA GROUP LLC, | ) |
| JOHN WILLIAM GRAY II, and | ) |
| DAMON THOMAS EISMA, individually | ) |
| and d/b/a DAMON T. EISMA | ) |
| ATTORNEY AT LAW, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT RHONDA EICKHOFF'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendant Rhonda K. Eickhoff ("Eickhoff"), by and through her undersigned counsel, for her Opposition to Plaintiff United States of America's ("Plaintiff") Motion to Strike Affirmative Defenses ("Motion to Strike"), states as follows:

## INTRODUCTION

This Court should not take the extreme and disfavored measure of striking Eickhoff's affirmative defenses of statute of limitations (¶ 4), laches (¶ 6), and estoppel (¶ 8) without the benefit of a full record, developed after discovery. Plaintiff alleges Defendant Eickhoff's affirmative defenses are deficient and should be stricken, because they are not well-pleaded. However, Plaintiff is wrong as to the pleading standard for affirmative defenses in the Eighth Circuit, which recently affirmed longstanding precedent that a "bare assertion" is sufficient

1

under Federal Rule of Civil Procedure 8. *See Crutcher v. MultiPlan, Inc.*, 22 F.4th 756 (8th Cir. 2022) and *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997).

Here, Eickhoff's affirmative defenses have been adequately pled under Eighth Circuit precedent, as each affirmative defenses provides notice to Plaintiff and an opportunity to rebut it. The Motion to Strike should be denied for two reasons: (1) Eickhoff meets the pleading standard articulated in *Crutcher*, and (2) the Amended Complaint lacks specificity and, thus, Eickhoff is unable to plead additional facts at this stage in the case. At this early stage and due to the lack of a record before it, Eickhoff respectfully requests that the Court deny the Motion to Strike.

## ARGUMENT

1. **Legal Standard**

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The standard for pleading an affirmative defense with respect to a Rule 12(f) motion to strike is lower than the standard for pleading a cause of action with respect to a Rule 12(b)(6) motion to dismiss. *Scott v. City of Sioux City, Iowa*, 23 F. Supp. 3d 1017, 1021–22 (N.D. Iowa 2014) (holding "affirmative defenses do not need to be plead with the same level of specificity that Rule 12(b)(6) requires with regard to a plaintiff's causes of action").

Further, the Eighth Circuit has warned that "[s]triking a party's pleading … is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Motions to strike affirmative defenses are infrequently granted in this circuit. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). It is challenging for the Court to rule "on the sufficiency of a defense that presents either legal or factual uncertainty 'without

2

the benefit of a full record.'" *Holt v. Quality Egg, L.L.C.*, 777 F. Supp. 2d 1160, 1168–69 (N.D. Iowa 2011) (quoting *Lunsford*, 570 F.2d at 229).

The Rule 8(c) pleading requirement is intended to give the opposing party both notice of the affirmative defense and an opportunity to rebut it, but the Eighth Circuit declined to adhere to a construction of the Rule that would privilege "form over substance." *Crutcher*, 22 F.4th at 765-66, citing *First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). The purpose of an affirmative defense is to prevent unfair surprise. *Id.* at 766. The "bare assertion" of a defense that is not "articulated with any rigorous degree of specificity" is sufficient. *Id.*, citing *Zotos* at 361 (8th Cir. 1997).

2. **Eickhoff's affirmative defenses meet the *Crutcher* standard.**

Plaintiff claims the Eighth Circuit has not resolved whether a heightened pleading standard applies to affirmative defenses. See Motion to Strike, note 2. Plaintiff is wrong. *See generally Crutcher*.

In *Crutcher,* the Eighth Circuit was clear that a "bare assertion," such as stating one of the affirmative defenses listed in Rule 8(c)(1), is an adequate pleading, as it provides the opposing party of notice and an opportunity to rebut. *Crutcher*, 22 F.4th at 765-66. Here, Eickhoff pleaded the following affirmative defenses in her Answer that Plaintiff seeks to strike:

> 4. Plaintiff's claims are barred by the applicable statute of limitations.
> 7. Plaintiff's claims for relief are barred due to laches.
> 8. Plaintiff's claims for relief are barred by the doctrine of estoppel.

Plaintiff has not argued any basis for striking these affirmative defenses under the "bare assertion" pleading requirement, which as described above, is the appropriate standard.

3

Moreover, the failure to plead an affirmative defense results in its forfeiture and exclusion from the case. *Id., citing Wood v. Milyard*, 566 U.S. 463, 470 (2012). Thus, by not raising affirmative defenses now, Eickhoff would be precluded from later raising affirmative defenses. Accordingly, without an argument based on the proper pleading requirements, Plaintiff has not presented to the Court a basis for striking Eickhoff's affirmative defenses of statute of limitations (¶ 4), laches (¶ 6), and estoppel (¶ 8).

### 3. The Amended Complaint lacks specificity.

To the extent Eickhoff's affirmative defenses lack specificity, it is because the Amended Complaint lacks specificity. Plaintiff cannot claim bemusement as to "whether, how, or why" an affirmative defense "applies in this action" when its Amended Complaint lacks the very specificity it alleges is required from Eickhoff.

In the Amended Complaint, Plaintiff asserts that "dozens of customers" of Hoffman Associates, Inc. "have used or are using at least 70 known CRATs organized under Defendants' abusive tax scheme." See Amended Complaint, ¶2. However, the Amended Complaint identifies none of the "dozen of customers" or includes a single date as to when any of the alleged improper conduct occurred. With respect to Eickhoff's participation in the alleged abusive tax scheme, the Amended Complaint includes even less information asserting generally that "from at least 2015 through 2020, Rhonda Eickhoff promoted the Hoffman CRAT Scheme to the public." See Amended Complaint, ¶62. Beyond a 2016 advertisement, which Plaintiff wrongly claims was "designed and approved" by Eickhoff, Plaintiff has yet to disclose what alleged acts of Eickhoff it believes violated 26 U.S.C. § 6700, when those violations occurred, or how she allegedly participated in and organized an abusive tax scheme.

4

Case 2:22-cv-04027-MDH   Document 75   Filed 08/15/22   Page 4 of 6

Thus, without the benefit of discovery, Eickhoff cannot plead additional facts given the lack of specificity in the Amended Complaint, nor are additional facts required at this stage in light of Plaintiff's Amended Complaint.[1]

## CONCLUSION

For the forgoing reasons, Defendant Rhonda K. Eickhoff respectfully requests the Court deny Plaintiff's Motion to Strike.

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: */s/ Sara G. Neill*
Sara G. Neill, #53053 (MO)
Andrew W. Blackwell, #64734 (MO)
8182 Maryland Avenue, Fifteenth Floor
St. Louis, Missouri 63105
314-505-5418 (Phone)
314-505-5419 (Facsimile)
neill@capessokol.com
blackwell@capessokol.com

***Attorneys for Defendant Rhonda Eickhoff***

---

[1] Eickhoff incorporates by reference her Motion to Dismiss Count IV of the Amended Complaint ("Motion to Dismiss"). As more fully explained in Motion to Dismiss, to the extent Plaintiff asserts it is entitled to disgorgement before February 23, 2017, the statute of limitations bars Plaintiff's claims. Thus, Eickhoff has pleaded a specific reason her statute of limitations affirmative defense applies to Plaintiff's claims for disgorgement.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was served by filing a copy of the same with the Court's electronic filing system this 15th day of August, 2022.

                                                */s/ Sara G. Neill*