IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:22-cv-04027-MDH |
| ) | |
| JOHN HUGO EICKHOFF, JR., ) | |
| RHONDA KAY EICKHOFF, ) | |
| HOFFMAN ASSOCIATES, LLC, ) | |
| ARIC ELLIOT SCHREINER, ) | |
| COLUMBIA CPA GROUP LLC, ) | |
| JOHN WILLIAM GRAY II, and ) | |
| DAMON THOMAS EISMA, individually ) | |
| and d/b/a DAMON T. EISMA ) | |
| ATTORNEY AT LAW, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT RHONDA EICKHOFF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT**

Defendant Rhonda K. Eickhoff ("Eickhoff"), by and through her undersigned counsel, and for her Reply in Support of her Motion to Dismiss Count IV of Plaintiff United States of America's ("Plaintiff") Amended Complaint ("Complaint"), pursuant to Fed. R. Civ. P. 12(b)(6), states as follows:

**REPLY**

**A. Disgorgement is not an available remedy under Section 7402.**

In its opposition to Eickhoff's motion, Plaintiff tries to distinguish *AMG* from the text of 26 U.S.C. § 7402(a). *See AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 141 S. Ct. 1341 (2021). First, although the Court in *AMG* inspected the text of section 13(b) of the Federal Trade Commission Act ("FTCA"), its holding does not rest on the particular way in which that section is phrased. Instead, *AMG* rests on the structure of the FTCA. See *AMG*, 141 S. Ct. at 1348

1

("[T]he structure of the [FTCA] beyond § 13(b) confirms this conclusion."). *AMG* provides that, when one section of a statute explicitly provides for certain types of equitable remedies, and other sections of a statute provide a comprehensive scheme of monetary remedies, the former section should not be read to provide for monetary remedies as well. *Id*. at 1348–49. In this case, the Internal Revenue Code provides the limits on the amounts, timing, and scope of penalties for alleged violations. *See generally* I.R.C. of 1986, as amended. Nothing inn the Internal Revenue Code provides for disgorgement and there is no textual authority for disgorgement contained in 26 U.S.C. § 7402(a). Rather, 26 U.S.C. § 7402(a) performs the specific, limited role of enabling district courts to issue injunctions and other writs in order to "stop[] seemingly unfair practices from taking place while the [Government] determines their lawfulness." *AMG*, 141 S. Ct. at 1348.

Second, Plaintiff is wrong that Section 7402(a) is broader than the provisions of the FTCA. Assuming that comparing the text of Section 7402(a) to various sections of the FTCA is a proper way to analyze the holding in *AMG*, the language of the FTCA is broader than Section 7402. For example, Section 5(l) of the FTCA authorizes injunctions and "such other *and further equitable relief as they deem appropriate* in the enforcement of such final orders of the Commission." 15 U.S.C. § 45(l) (emphasis added). This exceeds the language of 26 U.S.C. § 7402(a), which does not authorize "further equitable relief." As further example, Section 19(b) of the FTCA explicitly authorizes monetary damages, relief not authorized by 26 U.S.C. § 7402(a). See 15 U.S.C. § 57b(b) ("Such relief may include, but shall not be limited to…the refund of money or return of property, the payment of damages . . .").

Third, in *AMG*, the Supreme Court expressly rejected Plaintiff's contention that the holdings in *Porter* and *Mitchell* give District Courts broad unenumerated powers while sitting in

2

equity. See *AMG*, 141 S. Ct. at 1350 ("[*Porter* and *Mitchell*] did not adopt a universal rule that statutory authority to grant an injunction automatically encompasses the power to grant equitable monetary remedies"). Instead, "the text and structure of the statutory scheme at issue can, 'in so many words, or by a necessary and inescapable inference, restric[t] the court's jurisdiction in equity.'" *Id*. (citing *Porter v. Warner Holding Co.,* 328 U.S. 395, 398 (1946)). As in *AMG* and other recent Supreme Court decisions, in this case, the structure of the Internal Revenue Code's enforcement scheme establishes a "necessary and inescapable inference" that district courts' equity jurisdiction under 26 U.S.C. § 7402(a) does not encompass monetary damages. *Id*.

Finally, the holdings in *United States v. RaPower-3, LLC,* 960 F.3d 1240 (10th Cir. 2020) and *United States v. Stinson*, 729 Fed. Appx. 891 (11th Cir. 2018) preceded *AMG* and do not specifically address whether 26 U.S.C. § 7402(a) authorizes disgorgement. Instead, *RaPower* and *Stinson* address whether the computation of the disgorgement award was proper, which is not relevant to the Court's consideration of this motion.

Because Congress did not expressly authorize disgorgement in 26 U.S.C. § 7402(a) and instead established a robust statutory scheme through which Plaintiff can seek monetary damages, 26 U.S.C. § 7402(a) does not authorize Plaintiff to pursue disgorgement as a remedy. Therefore, the Complaint fails to state a claim for disgorgement and Count IV should be dismissed.

### B. **Disgorgement is a penalty and Plaintiff's claims that pre-date February 23, 2017 are precluded by the statute of limitations.**

Disgorgement in this case is a penalty subject to a statute of limitations because it bears each of the three hallmarks of a penalty enunciated in *Kokesh v. S.E.C.*, 137 S. Ct. 1635, 1643-44 (2017). Plaintiff's argument that *Kokesh* does not apply is incorrect.

3

First, the Supreme Court's decision in *Liu* does not address whether disgorgement, even if considered an equitable remedy, is not subject to a five-year statute of limitation. *Liu v. Sec. & Exch. Comm'n,* 140 S. Ct. 1936, 1941 (2020) ("In *Kokesh*, this Court determined that disgorgement constituted a "penalty" for the purposes of 28 U.S.C. § 2462…The Court reached this conclusion based on several considerations, namely, that disgorgement is imposed as a consequence of violating public laws, it is assessed in part for punitive purposes, and in many cases, the award is not compensatory. [citation omitted] But the Court did not address whether a § 2462 penalty can nevertheless qualify as "equitable relief" under [the relevant SEC disgorgement statute]"). In this regard, the Supreme Court left its analysis in *Kokesh* undisturbed. *Id*. Therefore, disgorgement is a penalty and subject to a five-year statute of limitation under *Kokesh* if: (1) it seeks to deter infractions of "public laws," described as "violation[s] . . . committed against the United States rather than an aggrieved individual"; (2) it is imposed for "punitive purposes" to "deter violations of . . . laws by depriving violators of their ill-gotten gains," and (3) the recovered funds are returned to the Treasury and, thus, are not compensatory. *Kokesh*. at 1643–44 (internal quotations and citations omitted).

Second, in its opposition, Plaintiff admits – without explicitly stating – that the disgorgement it seeks in this case is punitive in nature. The giveaway is that Plaintiff claims that "the government would still not be made whole" for the alleged "significant understatement of tax liability on each customer's federal income tax return" even if it recovered "all of its loss from customers of the Hoffman CRAT Scheme" including interest and penalties because "identifying customers" and "auditing them" "requires significant time and resources" justifying the imposition of disgorgement. See Opposition, pp. 8 and 19. However, Plaintiff offers no

4

Case 2:22-cv-04027-MDH    Document 76    Filed 08/15/22    Page 4 of 6

explanation for why this entitles it to exceed § 2462's statute of limitations or how the disgorgement of Eickhoff's profits bears any relationship to Plaintiff's time and resources.

Even if disgorgement were available in tax cases – which it is not – Plaintiff's admission that the disgorgement it seeks will likely exceed the amount necessary to make the government whole makes it punitive in nature and subject to the five-year statute of limitations of 28 U.S.C. § 2462. Like *Kokesh*, disgorgement against Eickhoff is sought as an infraction against the United States. Plaintiff filed its original complaint in this matter on February 23, 2022. As a result, Plaintiff's Claims that pre-date February 23, 2017 are precluded by the statute of limitations and fail to state a claim.

## CONCLUSION

For the forgoing reasons, Defendant Rhonda K. Eickhoff respectfully requests the Court dismiss Count IV of the Complaint, and for all other relief the Court deems just and proper.

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: */s/ Sara G. Neill*
Sara G. Neill, #53053 (MO)
Andrew W. Blackwell, #64734 (MO)
8182 Maryland Avenue, Fifteenth Floor
St. Louis, Missouri 63105
314-505-5418 (Phone)
314-505-5419 (Facsimile)
neill@capessokol.com
blackwell@capessokol.com

***Attorneys for Defendant Rhonda Eickhoff***

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was served by filing a copy of the same with the Court's electronic filing system this 15th day of August, 2022.

                                                                     */s/ Sara G. Neill*