

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN HUGO EICKHOFF, JR., ) <br> RHONDA KAYE EICKHOFF, ) <br> HOFFMAN ASSOCIATES, LLC, ) <br> ARIC ELLIOT SCHREINER, ) <br> COLUMBIA CPA GROUP LLC, ) <br> JOHN WILLIAM GRAY II, and ) <br> DAMON THOMAS EISMA, individually ) <br> and d/b/a DAMON T. EISMA ) <br> ATTORNEY AT LAW, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:22-cv-04027-MDH |

**[PROPOSED] ORDER ENTERING STIPULATED
PERMANENT INJUNCTION AND JUDGMENT AGAINST DAMON T. EISMA**

Now before the Court is the Joint Motion by the United States and Damon T. Eisma for Entry of Stipulated Permanent Injunction and Judgment Against Damon T. Eisma (Doc. No. 100). The Court **GRANTS** the Joint Motion and enters the following Stipulated Permanent Injunction and Judgment against Defendant Damon T. Eisma:

**IT IS HEREBY ORDERED AND DECREED** that Defendant Damon Thomas Eisma is **PERMANENTLY ENJOINED**, pursuant to 26 U.S.C. §§ 7402 and 7408, effective from the date of entry of this Order, from directly or indirectly:

1. In exchange for compensation or promise of compensation, advising any individual or entity that:

a. By establishing or through use of a trust, federal law (*e.g.*, 26 U.S.C. § 1015 ("Basis of property acquired by gifts and transfers in trust") or 26 U.S.C. § 1014 ("Basis of property acquired from a decedent")) allows a trust to acquire a stepped-up value basis for the property when the prior owner transfers it to the trust, unless the property is/was transferred, acquired from, and/or passed to the trust by the decedent or decedent's estate as permitted under federal law;

b. By establishing a trust under 26 U.S.C. § 664, that trust qualifies as a charitable organization for federal tax purposes;

c. By establishing a qualified tax-exempt trust under 26 U.S.C. § 664, distributions from that trust to noncharitable beneficiaries qualify as tax-exempt income for federal income tax purposes;

d. 26 U.S.C. § 72 ("Annuities; certain proceeds of endowment and life insurance contracts") supersedes the ordering rules under 26 U.S.C. § 664(b) requiring noncharitable beneficiaries to report CRAT payments as income, unless treated as a distribution of nontaxable trust corpus under federal law, on the taxpayer's federal income tax return;

e. When a trust established under 26 U.S.C. § 664 purchases an annuity, distributions of gains or income by the trust to beneficiaries are recharacterized from ordinary income or capital gains to distributions of non-taxable trust corpus; and

  f.  A trust established pursuant to 26 U.S.C. § 664 can purchase an annuity and, by doing so, payments from that annuity to trust beneficiaries do not need to be reported as income on federal income tax returns.

2. In exchange for compensation or promise of compensation, providing tax advice or any opinion (whether legal or otherwise) to any person or entity concerning any trust that both:

  a.  Qualifies or purports to qualify as a trust under 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs; and

  b.  Was or would potentially be established after entry of this injunction.

3. In exchange for compensation or the promise of compensation, organizing, promoting, selling, marketing, or advising others regarding any plan or arrangement that includes establishing a trust pursuant to 26 U.S.C. § 664 after the date of this injunction.

4. Preparing, aiding, or assisting in preparing any IRS Form 5227 (Split-Interest Trust Information Return) or any tax return that requires completion of a Form 5227 for any individual or entity. This does not include preparing an individual or entity tax return that includes a K-1 or other similar document received from a trust that was established pursuant to 26 U.S.C. § 664 after the date of this injunction, unless preparing, aiding, or assisting in preparing the tax return would be in violation of Paragraph 3 above, Paragraph 5 below, or the trust was established in violation of Paragraph 1(a)-(f) above.

5. Preparing, aiding, or assisting in the preparation of federal tax returns or amended returns or other tax forms resulting from use of a trust that Eisma knows or has reason to know was established with the assistance of any Defendant in this action.

6. Representing anyone before the IRS's Independent Office of Appeals on any tax matter other than himself (or his spouse, if the tax matter involves his jointly filed tax return with his spouse) if the matter before the IRS involves contesting IRS findings that result in a change of taxes owed as a result of a trust established under or subject to 26 U.S.C. § 664.

7. Making any statements, written or verbal, or causing or encouraging others to make any statements, written or verbal, that misrepresent any of the terms of a stipulated judgment and order of permanent injunction against him in this action.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this order, Eisma shall file with this Court a declaration, signed by him under penalty of perjury, that he has:

1. Identified to counsel for the United States in this action, in writing, any customer (including by name, and if known by Eisma, last known address, telephone, and e-mail) known to Eisma who participated in any trust established under/subject to 26 U.S.C. § 664 with the aid or assistance of any Defendant in this action;

2. Received and understands any order and judgment of permanent injunction entered by the Court against him in this action.

**IT IS FURTHER ORDERED** that the United States claim for disgorgement (Count IV of the Amended Complaint) is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the District Court shall retain jurisdiction to enforce such injunction and allow the United States to engage in post-judgment discovery to ensure compliance with the injunction.

**IT IS FURTHER ORDERED** that the Clerk is directed to enter final judgment pursuant to Fed. R. Civ. P. 54(b) in favor of the United States and against Defendant Damon T. Eisma since there is no reason for delay. The Court finds that entry of the Order and Judgment of Permanent Injunction against Eisma does not bind other parties, except that if the other Defendants with notice of this injunction take any future action in concert with Eisma for which Eisma is being enjoined they too are then subject to this injunction.

**IT IS SO ORDERED.**

DATED: _____, 2023

_____
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**