| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN HUGO EICKHOFF, JR., ) <br> RHONDA KAYE EICKHOFF, ) <br> HOFFMAN ASSOCIATES, LLC, ) <br> ARIC ELLIOT SCHREINER, ) <br> COLUMBIA CPA GROUP LLC, ) <br> JOHN WILLIAM GRAY II, and ) <br> DAMON THOMAS EISMA, individually ) <br> and d/b/a DAMON T. EISMA ) <br> ATTORNEY AT LAW, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:22-cv-04027-MDH |

**STIPULATION FOR ENTRY OF ORDER AND JUDGMENT
OF PERMANENT INJUNCTION AND DISGORGEMENT
AGAINST DAMON T. EISMA**

Plaintiff, the United States, and Defendant, Damon Thomas Eisma (individually and doing business as Damon T. Eisma Attorney at Law), stipulate as follows:

1. On March 9, 2022, pursuant to 26 U.S.C. §§ 7402 and 7408, the United States filed an Amended Complaint against multiple defendants, including Eisma. The United States alleges that Eisma organized, promoted, and facilitated an abusive tax scheme for his customers involving charitable remainder annuity trusts ("CRATs"). Eisma denies any wrongdoing or liability.

2. Eisma admits that the Court has jurisdiction over him and over the subject matter of this action pursuant to 26 U.S.C. § 7402(a), and 28 U.S.C. §§ 1340 and 1345.

3. The United States and Eisma waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure.

4. Eisma consents to being PERMANENTLY ENJOINED from the following:

   a. In exchange for compensation or promise of compensation, advising any individual or entity that:

      i. By establishing or through use of a trust, federal law (*e.g.*, 26 U.S.C. § 1015 ("Basis of property acquired by gifts and transfers in trust") or 26 U.S.C. § 1014 ("Basis of property acquired from a decedent")) allows a trust to acquire a stepped-up value basis for the property when the prior owner transfers it to the trust, unless the property is/was transferred, acquired from, and/or passed to the trust by the decedent or decedent's estate as permitted under federal law;

      ii. By establishing a trust under 26 U.S.C. § 664, that trust qualifies as a charitable organization for federal tax purposes;

      iii. By establishing a qualified tax-exempt trust under 26 U.S.C. § 664, distributions from that trust to noncharitable beneficiaries qualify as tax-exempt income for federal income tax purposes;

      iv. 26 U.S.C. § 72 ("Annuities; certain proceeds of endowment and life insurance contracts") supersedes the ordering rules under 26 U.S.C. § 664(b) requiring noncharitable beneficiaries to report CRAT payments as income, unless treated as a distribution of nontaxable trust corpus under federal law, on the taxpayer's federal income tax return;

v. When a trust established under 26 U.S.C. § 664 purchases an annuity, distributions of gains or income by the trust to beneficiaries are recharacterized from ordinary income or capital gains to distributions of non-taxable trust corpus; and

vi. A trust established pursuant to 26 U.S.C. § 664 can purchase an annuity and, by doing so, payments from that annuity to trust beneficiaries do not need to be reported as income on federal income tax returns.

b. In exchange for compensation or promise of compensation, providing tax advice or any opinion (whether legal or otherwise) to any person or entity concerning any trust that both:

i. Qualifies or purports to qualify as a trust under 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs; and

ii. Was or would potentially be established after entry of this injunction.

c. In exchange for compensation or the promise of compensation, organizing, promoting, selling, marketing, or advising others regarding any plan or arrangement that includes establishing a trust pursuant to 26 U.S.C. § 664 after the date of this injunction.

d. Preparing, aiding, or assisting in preparing any IRS Form 5227 (Split-Interest Trust Information Return) or any tax return that requires completion of a Form 5227 for any individual or entity. This does not include preparing an individual or entity tax return that includes a K-1 or other similar document

received from a trust that was established pursuant to 26 U.S.C. § 664 after the date of this injunction, unless preparing, aiding, or assisting in preparing the tax return would be in violation of Section 4.c above, Section 4.e. below, or the trust was established in violation of Section 4(a)(i)-(vi) above.

    e.    Preparing, aiding, or assisting in the preparation of federal tax returns or amended returns or other tax forms resulting from use of a trust that Eisma knows or has reason to know was established with the assistance of any Defendant in this action.

    f.    Representing anyone before the IRS's Independent Office of Appeals on any tax matter other than himself (or his spouse, if the tax matter involves his jointly filed tax return with his spouse) if the matter before the IRS involves contesting IRS findings that result in a change of taxes owed as a result of a trust established under or subject to 26 U.S.C. § 664.

    g.    Making any statements, written or verbal, or causing or encouraging others to make any statements, written or verbal, that misrepresent any of the terms of a stipulated judgment and order of permanent injunction against him in this action.

5. The parties agree that the Court's entry of a stipulated judgment and order of permanent injunction in this action will resolve only this civil injunction action, and neither precludes the United States from pursuing any other current or future civil or criminal matters or proceedings, nor precludes Eisma from contesting liability in any such matter or proceeding.

6. Within thirty (30) days of entry of this order, Eisma agrees to file with this Court a declaration, signed by him under penalty of perjury, that he has:

a. Identified to counsel for the United States in this action, in writing, any customer (including by name, and if known by Eisma, last known address, telephone, and e-mail) known to Eisma who participated in any trust established under/subject to 26 U.S.C. § 664 with the aid or assistance of any Defendant in this action;

b. Received and understands any order and judgment of permanent injunction entered by the Court against him in this action.

7. Eisma consents to entry of judgment against him under Count IV of the Amended Complaint ("Disgorgement under 26 U.S.C. § 7402") for $20,000.00.

8. Eisma consents to allowing the District Court to retain jurisdiction to enforce such injunction and to allowing the United States to engage in post-judgment discovery to ensure compliance with the injunction and collection of any disgorgement judgment entered against him.

9. Eisma understands that a judgment for permanent injunction against him in this action will be the final judgment in this matter entered under Fed.R.Civ.P. 54(b) because there is no just reason for delay, and he waives any and all right to appeal from that judgment.

10. Eisma consents to entry of a judgment of permanent injunction against him, without further notice, and agrees to be bound by its terms.

//
//
//
//

TERESA A. MOORE
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Russell J. Edelstein*
_____
RUSSELL J. EDELSTEIN
MA Bar No. 663227
JUSTIN M. FONTAINE
Cal. Bar No.: 323357
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7328 – Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2704 (Edelstein)
Tel: (202) 514-5085 (Fontaine)
Fax: (202) 514-6770
russell.j.edelstein@usdoj.gov
justin.m.fontaine@usdoj.gov
*COUNSEL FOR THE UNITED STATES*

*/s/ Damon Thomas Eisma*
_____
DAMON THOMAS EISMA
(Individually and doing business
as Damon T. Eisma Attorney at Law)
*DEFENDANT*

*/s/ Benjamin L. Tompkins*
_____
BENJAMIN L. TOMPKINS
MO Bar No. 52295
KENNYHERTZ PERRY, LLC
2000 Shawnee Mission Pkwy, Ste. 210
Mission Woods, KS 66206
Tel: (816) 527-9443
Fax: (855) 844-2914
Email: ben@kennyhertzperry.com
*COUNSEL FOR DEFENDANT*
*DAMON THOMAS EISMA*