

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Case No. 2:22-cv-04027-MDH |
| ) | |
| v. ) | |
| ) | |
| JOHN HUGO EICKHOFF, JR., ) | |
| RHONDA KAYE EICKHOFF, ) | |
| HOFFMAN ASSOCIATES, LLC, ) | |
| ARIC ELLIOT SCHREINER, ) | |
| COLUMBIA CPA GROUP LLC, ) | |
| JOHN WILLIAM GRAY II, and ) | |
| DAMON THOMAS EISMA, individually ) | |
| and d/b/a DAMON T. EISMA ) | |
| ATTORNEY AT LAW, ) | |
| ) | |
| Defendants. ) | |

**STIPULATION FOR ENTRY OF ORDER AND JUDGMENT
OF PERMANENT INJUNCTION AGAINST JOHN WILLIAM GRAY II**

Plaintiff, the United States, and Defendant, John William Gray II ("Gray"), stipulate as

follows:

1.  On March 9, 2022 and pursuant to 26 U.S.C. §§ 7402 and 7408, the United States filed an

Amended Complaint against multiple defendants, including Gray. The United States alleges that

Gray organized, promoted, and facilitated an abusive tax scheme for his customers involving

charitable remainder annuity trusts ("CRATs").

2.  Gray admits that the Court has jurisdiction over him and over the subject matter of the

Amended Complaint pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

3.  Without admitting any of the allegations in the Amended Complaint, John William Gray

II has consented to the entry of this injunction. The United States and Gray waive the entry of

findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure.

4.    Following approval by the IRS of a closing agreement resolving penalties assessed or to be assessed against Gray, the United States will dismiss, with prejudice, its disgorgement claims in this action against Gray (Count IV).

5.    Gray consents to being PERMANENTLY ENJOINED from the following:

    a.    In exchange for compensation or promise of compensation, advising any individual or entity that:

        i.    By establishing or through use of a trust, federal law (e.g., 26 U.S.C. § 1015 ("Basis of property acquired by gifts and transfers in trust")) allows a trust to acquire a stepped-up value basis for the property when the prior owner transfers it to the trust, unless the property is/was transferred to the trust by a decedent's estate;

        ii.    By establishing a trust under 26 U.S.C. § 664, that trust qualifies as a charitable organization for federal tax purposes;

        iii.    By establishing a qualified tax-exempt trust under 26 U.S.C. § 664, distributions from that trust to noncharitable beneficiaries qualify as tax-exempt income for federal income tax purposes;

        iv.    26 U.S.C. § 72 ("Annuities; certain proceeds of endowment and life insurance contracts") supersedes the ordering rules under 26 U.S.C. § 664(b) requiring beneficiaries to report annuity payments as income on the taxpayer's federal income tax return;

     v.     When a trust established under 26 U.S.C. § 664 purchases an annuity, distributions of gains or income by the trust to beneficiaries are recharacterized from ordinary income or capital gains to distributions of non-taxable trust corpus; and

     vi.    A trust established pursuant to 26 U.S.C. § 664 can purchase an annuity and, by doing so, payments from that annuity to trust beneficiaries do not need to be reported as income on federal income tax returns.

b.     In exchange for compensation or the promise of compensation, making or furnishing or causing another person to make or furnish a statement with respect to the use of any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs, for the securing of any tax benefit;

c.     In exchange for compensation or the promise of compensation, providing tax advice concerning any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

d.     Advising anyone for compensation or promise of compensation that transferring property or assets to a trust allows an individual or entity to claim a stepped-up basis in the property or assets, including but not limited to a fair market value basis;

e.     Organizing, promoting, selling, marketing, advising, or participating in any plan or arrangement concerning any trust established under/subject to 26

U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

f.    In exchange for compensation or the promise of compensation, encouraging or advising others, or assisting others in encouraging or advising others, to establish or use any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

g.    Serving as a trustee of any trust established after the date of this injunction under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

h.    Preparing, aiding, or assisting in preparing any IRS Form 5227 (Split-Interest Trust Information Return) for any individual and/or entity;

i.    Preparing, aiding, or assisting in the preparation of federal tax returns or amended returns or other tax forms resulting from use of a trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

j.    Representing anyone before the IRS on any tax matter other than himself (or his spouse, if the tax matter involves his jointly filed tax return with his spouse); and

k.    Making any statements, written or verbal, or causing or encouraging others to make any statements, written or verbal, that misrepresent any of the terms of a stipulated judgment and order of permanent injunction against him in this action.

6. Gray agrees that the Court's entry of this stipulated judgment and order of permanent injunction:

    a.      Will resolve only this civil injunction action against him.

    b.      Will not resolve Gray's liability for penalties the IRS has assessed or will assess against him for conduct prior to entry of this civil injunction, which is the subject of a separate settlement closing agreement requiring payment from Gray to the IRS.

    c.      And neither precludes the government from pursuing any other current or future civil or criminal matters or proceedings, nor precludes Gray from contesting liability in any such matter or proceeding.

7. Gray agrees to terminate his role as trustee of any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs, no later than ninety (90) days after entry of this order and judgment.

8. Within thirty (30) days of entry of this order and judgment, Gray agrees to file with the Court a declaration, signed by him under penalty of perjury, that he has received and understands any Order and Judgment of Permanent Injunction entered against him in this action.

9. Gray consents to allowing the District Court to retain jurisdiction to enforce such injunction and to allowing the United States to engage in post-judgment discovery to ensure compliance with the injunction entered against him. Gray consents to an order by the Court allowing the United States to: (a) serve document requests on him pursuant to Fed. R. Civ. P. 34; (b) serve up to five (5) interrogatories on him pursuant to Fed. R. Civ. P. 33; and (c) take a post-judgment deposition on Notice under Fed. R. Civ. P. 30. Further, Gray also agrees and consents

that he may be subpoenaed to give a deposition and produce documents relevant to this litigation involving the other Defendants.

10. Gray understands that a Judgment of Permanent Injunction will be the final judgment in this matter under Fed. R. Civ. P. 54(b) since there is no just reason for delay, and he waives any and all right to appeal from that judgment.

11. Gray consents to entry of a Judgment of Permanent Injunction, without further notice, and agree to be bound by its terms.


TERESA A. MOORE
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

_____
RUSSELL J. EDELSTEIN
MA Bar No. 663227
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7328 – Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2704
Fax: (202) 514-6770
russell.j.edelstein@usdoj.gov
*COUNSEL FOR THE UNITED STATES*

_____
JOHN WILLIAM GRAY II
*DEFENDANT*

_____
JACQUELINE M. WIPPLE
Dentons US LLP
4250 Main Street, Suite 1100
Kansas City, MO 64111-7700
Telephone: (816) 460-2432
Email:  jacqueline.whipple@dentons.com
*COUNSEL FOR DEFENDANT*
*JOHN WILLIAM GRAY II*

that he may be subpoenaed to give a deposition and produce documents relevant to this litigation involving the other Defendants.

10.     Gray understands that a Judgment of Permanent Injunction will be the final judgment in this matter under Fed. R. Civ. P. 54(b) since there is no just reason for delay, and he waives any and all right to appeal from that judgment.

11.     Gray consents to entry of a Judgment of Permanent Injunction, without further notice, and agree to be bound by its terms.


TERESA A. MOORE
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General


_____

RUSSELL J. EDELSTEIN
MA Bar No. 663227
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7328 – Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2704
Fax: (202) 514-6770
russell.j.edelstein@usdoj.gov
*COUNSEL FOR THE UNITED STATES*

_____

JOHN WILLIAM GRAY II
*DEFENDANT*

_____

JACQUELINE M. WIPPLE
Dentons US LLP
4250 Main Street, Suite 1100
Kansas City, MO 64111-7700
Telephone: (816) 460-2432
Email:  jacqueline.whipple@dentons.com
*COUNSEL FOR DEFENDANT*
*JOHN WILLIAM GRAY II*

that he may be subpoenaed to give a deposition and produce documents relevant to this litigation involving the other Defendants.

10.     Gray understands that a Judgment of Permanent Injunction will be the final judgment in this matter under Fed. R. Civ. P. 54(b) since there is no just reason for delay, and he waives any and all right to appeal from that judgment.

11.     Gray consents to entry of a Judgment of Permanent Injunction, without further notice, and agree to be bound by its terms.


TERESA A. MOORE
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

_____
RUSSELL J. EDELSTEIN
MA Bar No. 663227
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7328 – Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2704
Fax: (202) 514-6770
russell.j.edelstein@usdoj.gov
*COUNSEL FOR THE UNITED STATES*

_____
JOHN WILLIAM GRAY II
*DEFENDANT*


_____
JACQUELINE M. WIPPLE
Dentons US LLP
4250 Main Street, Suite 1100
Kansas City, MO 64111-7700
Telephone: (816) 460-2432
Email:  jacqueline.whipple@dentons.com
*COUNSEL FOR DEFENDANT*
*JOHN WILLIAM GRAY II*