IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:22-cv-04027-MDH |
| v. | ) |
| JOHN HUGO EICKHOFF, JR., RHONDA KAYE EICKHOFF, HOFFMAN ASSOCIATES, LLC, ARIC ELLIOT SCHREINER, COLUMBIA CPA GROUP LLC, JOHN WILLIAM GRAY II, and DAMON THOMAS EISMA, individually and d/b/a DAMON T. EISMA ATTORNEY AT LAW, | ) |
| Defendants. | ) |

**ORDER ENTERING STIPULATED
PERMANENT INJUNCTION AND JUDGMENT AGAINST JOHN WILLIAM GRAY II**

Now before the Court is the Joint Motion by the United States and John William Gray II for Entry of Stipulated Permanent Injunction and Judgment Against John William Gray II (Doc. No. 110). The Court **GRANTS** the Joint Motion and enters the following Stipulated Permanent Injunction and Judgment against Defendant John William Gray II:

**IT IS HEREBY ORDERED AND DECREED** that Defendant John William Gray II is **PERMANENTLY ENJOINED**, pursuant to 26 U.S.C. §§ 7402 and 7408, effective from the date of entry of this Order, from directly or indirectly:

1. In exchange for compensation or promise of compensation, advising any individual or entity that:

a. By establishing or through use of a trust, federal law (e.g., 26 U.S.C. § 1015 ("Basis of property acquired by gifts and transfers in trust")) allows a trust to acquire a stepped-up value basis for the property when the prior owner transfers it to the trust, unless the property is/was transferred to the trust by a decedent's estate;

b. By establishing a trust under 26 U.S.C. § 664, that trust qualifies as a charitable organization for federal tax purposes;

c. By establishing a qualified tax-exempt trust under 26 U.S.C. § 664, distributions from that trust to noncharitable beneficiaries qualify as tax-exempt income for federal income tax purposes;

d. 26 U.S.C. § 72 ("Annuities; certain proceeds of endowment and life insurance contracts") supersedes the ordering rules under 26 U.S.C. § 664(b) requiring beneficiaries to report annuity payments as income on the taxpayer's federal income tax return;

e. When a trust established under 26 U.S.C. § 664 purchases an annuity, distributions of gains or income by the trust to beneficiaries are recharacterized from ordinary income or capital gains to distributions of non-taxable trust corpus; and

f. A trust established pursuant to 26 U.S.C. § 664 can purchase an annuity and, by doing so, payments from that annuity to trust beneficiaries do not need to be reported as income on federal income tax returns.

2. In exchange for compensation or the promise of compensation, making or furnishing or causing another person to make or furnish a statement with respect to

the use of any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs, for the securing of any tax benefit;

3. In exchange for compensation or the promise of compensation, providing tax advice concerning any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

4. Advising anyone for compensation or promise of compensation that transferring property or assets to a trust allows an individual or entity to claim a stepped-up basis in the property or assets, including but not limited to a fair market value basis;

5. Organizing, promoting, selling, marketing, advising, or participating in any plan or arrangement concerning any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

6. In exchange for compensation or the promise of compensation, encouraging or advising others, or assisting others in encouraging or advising others, to establish or use any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

7. Serving as a trustee of any trust established after the date of this injunction under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

8. Preparing, aiding, or assisting in preparing any IRS Form 5227 (Split-Interest Trust Information Return) for any individual and/or entity;

9. Preparing, aiding, or assisting in the preparation of federal tax returns or amended returns or other tax forms resulting from use of a trust established under/subject to

26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

10. Representing anyone before the IRS on any tax matter other than himself (or his spouse, if the tax matter involves his jointly filed tax return with his spouse); and

11. Making any statements, written or verbal, or causing or encouraging others to make any statements, written or verbal, that misrepresent any of the terms of a stipulated judgment and order of permanent injunction against him in this action.

**IT IS FURTHER ORDERED** that John William Gray II shall terminate his role as trustee of any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs, no later than ninety (90) days after entry of this order and judgment.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this order and judgment, John William Gray II shall file with the Court a declaration, signed by him under penalty of perjury, that he has received and understands any Order and Judgment of Permanent Injunction entered against him in this action.

**IT IS FURTHER ORDERED** that the United States may: (a) serve document requests on Gray pursuant to Fed. R. Civ. P. 34; (b) serve up to five (5) interrogatories on Gray pursuant to Fed. R. Civ. P. 33; and (c) take a post-judgment deposition of Gray on Notice under Fed. R. Civ. P. 30.

**IT IS FURTHER ORDERED** the United States claim for disgorgement (Count IV of the Amended Complaint) is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the District Court shall retain jurisdiction to enforce this injunction and allow the United States to engage in post-judgment discovery to ensure compliance with this injunction.

**IT IS FURTHER ORDERED** that the Clerk is directed to enter final judgment pursuant to Fed. R. Civ. P. 54(b) in favor of the United States and against Defendant John William Gray II since there is no reason for delay. The Court finds that entry of the Order and Judgment of Permanent Injunction against John William Gray II does not bind other parties, except that if the other Defendants with notice of this injunction take any future action in concert with John William Gray II for which John William Gray II is being enjoined, they too are then subject to this injunction.

**IT IS SO ORDERED.**

**IT IS SO ORDERED.**

Dated: March 24, 2023   /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**