IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:22-cv-04027-MDH |
| ) | |
| JOHN HUGO EICKHOFF, JR., ) | |
| RHONDA KAYE EICKHOFF, ) | |
| HOFFMAN ASSOCIATES, LLC, ) | |
| ARIC ELLIOT SCHREINER, ) | |
| COLUMBIA CPA GROUP LLS, ) | |
| JOHN WILLIAM GRAY II, and ) | |
| DAMON THOMAS EISMA, individually ) | |
| and d/b/a DAMON T. EISMA ) | |
| ATTORNEY AT LAW, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are Plaintiff United States of America's ("Plaintiff's") Motions to Strike (Docs. 51, 62). Specifically, Plaintiff requests that this Court strike from Defendants' answers the following affirmative defenses: laches (asserted by John Hugo Eickhoff, Jr., Rhonda Eickhoff, Aric Schreiner, Columbia CPA Group LLC, John William Gray II, Hoffman Associates, LLC); estoppel (asserted by John Hugo Eickhoff, Jr., Rhonda Eickhoff, Aric Schreiner, Columbia CPA Group LLC, John William Gray II, and Hoffman Associates, LLC); waiver (asserted by John Hugo Eickhoff, Jr. and Hoffman Associates, LLC); and statute of limitations (asserted by John Hugo Eickhoff, Jr., Rhonda Eickhoff, Aric Schreiner, Columbia CPA Group LLC, John William Gray II, Damon Thomas Eisma, and Hoffman Associates, LLC). (Docs. 51 at 1, 62 at 1). In support, Plaintiff argues that Defendants' affirmative defenses lack sufficient facts to place Plaintiff on notice. Plaintiff further argues each of the affirmative defenses in contention remains unavailable

1

as a matter of law. For reasons herein, Plaintiffs Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case deals with alleged violations of the United States tax code. Specifically, Plaintiff alleges that each defendant engaged in the organization and execution of an unlawful tax scheme involving the sale of property through charitable remainder annuity trusts ("CRATs"). Defendants' actions, Plaintiff alleges, resulted in an unlawful reduction in customers' tax burden. Plaintiff seeks a permanent injunction under 26 U.S.C. §§ 7402, 7407, and 7408 as well as disgorgement under 26 U.S.C. §§ 7402.

## STANDARD

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." A court is given liberal discretion under Rule 12(f), however, motions to strike are viewed with disfavor and rarely granted. *Lucas v. Jerusalem Café*, LLC, 2011 WL 1364075, *1 (W.D.Mo. April 11, 2011); citing *Associated Indem. Corp. v. Small*, 2007 WL 844773 (W.D.Mo. Mar. 19, 2007); *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977). Specifically, a motion to strike directed to affirmative defenses should be granted only when "the affirmative defense is so deficient that it fails to fairly present a question of law or fact which the court ought to hear and that deficiency causes prejudice to the moving party." *Knapp v. FAG Bearings*, 2021 WL 3771793, at *2 (W.D. Mo. Aug. 24, 2021) quoting *Lunsford*, 570 F.2d at 229.

2

## DISCUSSION

I. **Sufficiency of the Pleadings:**

A threshold issue to address is what standard determines the sufficiency of Defendants affirmative defenses in their answers to Plaintiff's Amended Complaint. As Plaintiff notes, this Court previously addressed this issue, applying the *Twombly* and *Iqbal* standards to affirmative defenses based on the issue of notice. *Karnes v. Happy Trails RV Park, LLC*, No. 2:16-CV-04309-MDH, 2018 WL 11403700, at *1 (W.D. Mo. Feb. 23, 2018). In *Karnes*, this Court noted some debate surrounding whether to apply *Twombly* and *Iqbal* standards to affirmative defenses. Since *Karnes*, however, the Eighth Circuit appears to have weighed in on the issue. In *Crutcher*, the Eighth Circuit declined to apply *Twombly* and *Iqbal* to affirmative defenses, instead opting for the "bare assertions" standard suggested by *Zotos*. *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756, 766 (8th Cir. 2022).

> Appellees argue that they in fact asserted the defenses of waiver and modification in their answer to the second amended complaint, in which they averred that "Plaintiffs' claims are barred in whole or in part under principles of equitable estoppel, waiver, notification, ratification, confirmation, acquiescence[,] and/or consent." R. Doc. 361, at 34. The explicit assertion of waiver in their the answer constitutes an adequate pleading for Rule 8(c) under *Zotos*. *Crutcher* at 766.

Plaintiff argues for a narrower read of *Crutcher*. (Doc. 79 at 3-4). It is sufficiently clear to this Court, however, that *Crutcher* establishes the inapplicability of *Twombly* and *Iqbal* to affirmative defenses in the Eighth Circuit. *See, e.g., New Prime, Inc. v. McGriff Ins. Servs.,* No. 6:22-CV-03037-MDH, 2022 WL 1036780, at *1 (W.D. Mo. Apr. 6, 2022) (applying *Zotos* to affirmative defenses post-*Crutcher*). Therefore, to the extent Plaintiff's Motions seek to have affirmative defenses stricken based on insufficiency of pleadings, Plaintiff's arguments are **DENIED**.

**II.     Laches**:

As Plaintiff argues, laches is unavailable as a defense against the United States, unless the government is engaged in proprietary functions outside strictly governmental matters. *United States v. Summerlin*, 310 U.S. 414, 416 (1940); *O'Rourke v. Duncan*, No. 4:10-CV-957 CEJ, 2011 WL 1297546, at *6 (E.D. Mo. Mar. 31, 2011). Defendants argue against striking the defense without some benefit of discovery, as "factual scenarios may exist where the defenses may apply." *Fed. Trade Comm'n v. BF Labs Inc.*, No. 4:14-CV-00815-BCW, 2015 WL 12806580, at *3 (W.D. Mo. Aug. 28, 2015). Here, the government has brought a civil action seeking injunctive relief and disgorgement for alleged violations of the federal tax code. Unlike the claims in *Squires*, in which the government was extending loans under the Farmers Home Administration Act, allegations in the present matter do not conceivably implicate any proprietary function of the government. *United States v. Squires*, 378 F. Supp. 798, 801–02 (S.D. Iowa 1974). Put differently, the government has not come "down from its position of sovereignty and enter[ed] the domain of commerce," so to subject itself to additional affirmative defenses. *Cooke v. United States*, 91 U.S. 389, 398, 23 L. Ed. 237 (1875). Laches as an affirmative defense, therefore, is unavailable as a matter of law. Plaintiff's Motion is **GRANTED** as to Defendant's affirmative defenses of laches, which is stricken from the answers of John Hugo Eickhoff, Jr., Rhonda Eickhoff, Aric Schreiner, Columbia CPA Group LLC, John William Gray II, and Hoffman Associates, LLC.

**III.     Estoppel:**

While a party may face a higher burden on an estoppel claim against the government, this does not indicate estoppel is unavailable as a matter of law. *Bartlett v. U.S. Dep't of Agric.,* 716 F.3d 464, 475 (8th Cir. 2013). In addition to the elements of estoppel, litigants must also assert and argue affirmative misconduct, when the opposing party is the government. *Charleston Hous. Auth.*

*v. U.S. Dep't of Agric.,* 419 F.3d 729, 739 (8th Cir. 2005). Though a successful estoppel defense may be unlikely given the specific claims in this case, it remains too early to conclude that estoppel is altogether unavailable. Accordingly, Plaintiff's Motions are **DENIED** as to estoppel claims asserted by John Hugo Eickhoff, Jr., Rhonda Eickhoff, Aric Schreiner, Columbia CPA Group LLC, John William Gray II, and Hoffman Associates, LLC.

IV.     Waiver:

Plaintiff argues this Court should strike the waiver affirmative defense from answers provided by John Hugo Eickhoff, Jr and Hoffman Associates, LLC because of pleading insufficiency. Because Plaintiff's argument appears limited to sufficiency of pleadings, this Court **DENIES** Plaintiff's Motion to Strike the affirmative defense of waiver asserted by John Hugo Eickhoff, Jr and Hoffman Associates, LLC for reasons more fully discussed above.

V.      Statute of Limitations:

Plaintiff moves this Court to strike the statute of limitations affirmative defense asserted by John Hugo Eickhoff, Jr., Rhonda Eickhoff, Aric Schreiner, Columbia CPA Group LLC, John William Gray II, Damon Thomas Eisma, and Hoffman Associates, LLC. In support, Plaintiff argues a statute of limitations defense remains unavailable for injunctive relief sought under 26 U.S.C. §§ 7402, 7407, and 7408. Plaintiff cites to two district court cases from outside this circuit and one Eleventh Circuit case in support of this proposition. (Doc. 51 at 7). Defendants in response challenge the availability of injunctive relief where the government has pled an end date to the alleged violations for at least some of the defendants. (Doc. 73 at 5). In response, Plaintiff cites a case from this district holding that injunctive relief may still be appropriate as a deterrent for future

5

conduct, even where the complained about conduct has ceased. *United States v. Stover*, 731 F. Supp. 2d 887, 912-13 (W.D. Mo. 2010), *aff'd*, 650 F.3d 1099 (8th Cir. 2011).

Defendants also argue the statute of limitations defense is available as well under Plaintiff's disgorgement theory, as the Supreme Court found disgorgement to be a penalty rather than a retributive or equitable remedy in a Securities and Exchange Commission enforcement action. Defendants concede that one district court has declined to reach a similar finding in an IRS enforcement action like the present matter, however, Defendants further note that this appears to be a matter of first impression in this District and Circuit. In response, Plaintiff argues that disgorgement remains an equitable remedy rather than a penalty so long as "does not exceed a wrongdoer's net profits and is awarded for victims." (Doc. 52 at 17). Disgorgement sought here, Plaintiff argues, remains an equitable remedy, as the amount sought fails to exceed the amount obtained in violation of IRS code. (Doc. 52 at 17).

Striking any statute of limitations affirmative defense would be premature at this early stage of litigation. This is because the availability of any statute of limitations defense toward the disgorgement appears to depend at least in part on the nature of the amount sought by Plaintiff. This is also because of the absence of clear, binding authority regarding the availability of a statute of limitations defense for claims brought under 26 U.S.C. §§ 7402, 7407, and 7408. Collectively, this indicates that the statute of limitations affirmative defense is not unavailable as a matter of law at this early stage. Plaintiff's Motion is therefore **DENIED** as to the statute of limitations affirmative defenses.

6

Case 2:22-cv-04027-MDH   Document 118   Filed 03/24/23   Page 6 of 7

## CONCLUSION

For the reasons above, Plaintiff's Motions are **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion is **GRANTED** as to Defendants' affirmative defenses of laches, which is stricken from the answers of John Hugo Eickhoff, Jr., Rhonda Eickhoff, Aric Schreiner, Columbia CPA Group LLC, John William Gray II, and Hoffman Associates, LLC. Plaintiff's Motion is **DENIED** as to all other affirmative defenses.

**IT IS SO ORDERED.**

Dated: March 24, 2023  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**