IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:22-cv-04027-MDH |
| ) | |
| JOHN HUGO EICKHOFF, JR., ) | |
| RHONDA KAYE EICKHOFF, ) | |
| HOFFMAN ASSOCIATES, LLC, ) | |
| ARIC ELLIOT SCHREINER, ) | |
| COLUMBIA CPA GROUP LLS, ) | |
| JOHN WILLIAM GRAY II, and ) | |
| DAMON THOMAS EISMA, individually ) | |
| and d/b/a DAMON T. EISMA ) | |
| ATTORNEY AT LAW, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendant Rhonda Kaye Eickhoff's ("Defendant's") 12(b)(6) Motion to Dismiss, wherein Defendant asks this Court to dismiss Count IV of Plaintiff's Amended Complaint (Doc. 4), which seeks disgorgement under 26 U.S.C. § 7402 for alleged tax code violations. Plaintiff responded (Doc. 52) and Defendant replied in turn (Doc. 76). The Court has reviewed all briefing. For reasons herein, Defendant's Motion is **DENIED**.

**BACKGROUND**

This case deals with alleged violations of the United States tax code. Specifically, Plaintiff alleges that each defendant engaged in the organization and execution of an unlawful tax scheme involving the sale of property through charitable remainder annuity trusts ("CRATs"). Defendants' actions, Plaintiff alleges, resulted in an unlawful reduction in customers' tax burden. Counts I, III,

1

and IV apply to Defendant Rhonda Kaye Eickhoff. Under those counts, Plaintiff seeks a permanent injunction under 26 U.S.C. §§ 7402 and 7408 as well as disgorgement under 26 U.S.C. § 7402.

## STANDARD

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Plaintiff argues this Court should dismiss Count IV against Defendant for two reasons. First, disgorgement is unavailable to Plaintiff under 26 U.S.C. § 7402 as a matter of law. Second, even if Plaintiff could seek disgorgement, the applicable statute of limitation bars any such claim in this case. In support of her first point, Defendant argues this court must follow the *expressio unius est exclusio alterius* principle. Because disgorgement is not among the available remedies included in the text of 26 U.S.C. § 7402, Defendant argues, this Court should find disgorgement unavailable as a matter of law under that statutory provision. Defendant further cites to two

Supreme Court cases. *See AMG Cap. Mgmt., LLC v. Fed. Trade Comm'n*, 141 S. Ct. 1341, 1350 (2021) ("based on our reading of a statutory scheme as a whole…a provision's grant of an 'injunction' or other equitable powers does not automatically authorize a court to provide monetary relief."); *Meghrig v. KFC W., Inc.,* 516 U.S. 479, 487–88, 116 S. Ct. 1251, 1256, 134 L. Ed. 2d 121 (1996) ("where Congress has provided elaborate enforcement provisions for remedying the violation of a federal statute…it cannot be assumed that Congress intended to authorize by implication additional judicial remedies.") (internal citations omitted).

Neither case Defendant cites specifically interprets the text of 26 U.S.C. § 7402. Further, these cases stand for the somewhat limited proposition that one cannot *automatically* assume a statute's provision of some remedies *necessarily* allows courts to provide other remedies. Further, the Supreme Court in *AMG* emphasized "the scope of equitable relief that a provision authorizes remains a question of interpretation in each case." *AMG* at 1350 (internal citations omitted). This further supports the principle that the *AMG* holding remains limited to *automatic assumptions* about the availability of some remedies not specifically listed in the text of a statute. Neither case makes unavailable as a matter of law disgorgement under of 26 U.S.C. § 7402. Defendant further concedes that the Eleventh Circuit has affirmed disgorgement in a tax case brought under 26 U.S.C. § 7402. *United States v. Stinson*, 729 F. App'x 891, 898–99 (11th Cir. 2018).

Drawing all reasonable inferences in favor of Plaintiff at this early stage of litigation, this Court finds disgorgement is not plainly unavailable under 26 U.S.C. § 7402 as a matter of law. Lack of binding, relevant authority to support Defendant's argument, prevents this Court from finding in Defendant's favor as to her argument about the general availability of disgorgement under 26 U.S.C. § 7402.

In support of her second argument, Defendant argues 28 U.S.C. § 2462's five-year statute of limitation for "any civil fine, penalty, or forfeiture, pecuniary or otherwise" applies to Count IV's disgorgement remedy. Any claims that predate February 23, 2017, Defendant argues, violate the five-year statute of limitations. Defendant's argument relies on *Kokesh v. SEC*, where the Supreme Court found disgorgement for violation of securities laws constituted a penalty for purposes of 28 U.S.C. § 2462 because disgorgement: 1) functioned as a consequence of violating public laws; 2) served a punitive purpose; and 3) is not compensatory because disgorgement profits were given to the district court to determine appropriate distribution rather than given to a victim. *Kokesh v. S.E.C.*, 137 S. Ct. 1635, 1643-44 (2017). Defendant asks this Court to find that Count IV's disgorgement remedy also constitutes a "penalty," like disgorgement under securities laws, thereby activating the five-year statute of limitations under 28 U.S.C. § 2462.

In response, Plaintiff cites *Liu v. SEC*, wherein the Supreme Court clarified that *Kokesh* does not stand for the proposition that disgorgement is necessarily a "penalty" subject to 28 U.S.C. § 2462's statute of limitations. *Liu v. Sec. & Exch. Comm'n*, 140 S. Ct. 1936, 1946 (2020). Disgorgement sought through SEC civil enforcement, the Supreme Court specifies, constitutes "equitable relief" rather than a "penalty" when "a disgorgement award that does not exceed a wrongdoer's net profits…is awarded for victims." *Liu* at 1940. Therefore, the question of whether 28 U.S.C. § 2462's statute of limitations applies to disgorgement hinges in part on the amount sought and whether victims receive that award. It also hinges on the applicability of the *Kokesh-Liu* reasoning to the federal tax code. Here, Plaintiff argues it seeks nothing more than the amount Plaintiff alleges Defendant profited from the tax scheme and that such an award goes toward the victim, the United States government. Drawing all reasonable inferences in favor of Plaintiff, at minimum, questions of fact remain as to whether the remedy Plaintiff seeks constitutes a penalty

or equitable relief. Accordingly, at this early stage of litigation it remains impossible to conclude as a matter of law whether 28 U.S.C. § 2462's five-year statute of limitations precludes Plaintiff's Count IV claims against Defendant.

## CONCLUSION

For foregoing reasons, Defendant's 12(b)(6) Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 24, 2023                                    */s/ Douglas Harpool*
                                                        **DOUGLAS HARPOOL**
                                                        **United States District Judge**