IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 2:22-cv-04027-MDH |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN HUGO EICKHOFF, JR., | ) |
| RHONDA KAYE EICKHOFF, | ) |
| HOFFMAN ASSOCIATES, LLC, | ) |
| ARIC ELLIOT SCHREINER, | ) |
| COLUMBIA CPA GROUP LLC, | ) |
| JOHN WILLIAM GRAY II, and | ) |
| DAMON THOMAS EISMA, individually | ) |
| and d/b/a DAMON T. EISMA | ) |
| ATTORNEY AT LAW, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**JOINT MOTION FOR ENTRY OF STIPULATED PERMENANT INJUNCTION AND DISGORGEMENT AGAINST JOHN EICKHOFF, JR. AND HOFFMAN ASSOCIATES, LLC**

The United States, John Eickhoff, Jr., and Hoffman Associates, LLC jointly move for entry of an Order and Judgment of Permanent Injunction and Disgorgement that would settle all claims in this action against John Eickhoff, Jr. and Hoffman Associates, LLC. The grounds for this joint motion are set forth below.

1. On March 9, 2022, the United States filed an Amended Complaint against multiple defendants, including John Eickhoff, Jr. and Hoffman Associates, LLC, under 26 U.S.C. §§ 7402 and 7408, alleging that they organized, promoted, and facilitated an abusive tax scheme for their customers involving charitable remainder annuity trusts ("CRATs"). John Eickhoff, Jr. and Hoffman Associates, LLC deny any wrongdoing or liability.

2. Sections 7402 and 7408 of Title 26 each authorize this Court to issue orders to enjoin conduct alleged in the Amended Complaint. Specifically:

   a. Section 7408 authorizes a district court to enjoin any person from engaging in "specified conduct" subject to penalty under 26 U.S.C. §§ 6700, 6701, 6707, or 6708, or in violation of any requirement under regulations issued under section 330 of title 31 of the United States Code if injunctive relief is appropriate to prevent the recurrence of the conduct or other activity subject to penalty under the Internal Revenue Code.

   b. Section 7402 authorizes a district court to, among other things, issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws … in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws."

3. The United States, John Eickhoff, Jr., and Hoffman Associates, LLC agree that the jurisdictional prerequisites to this action and for entry of the parties' proposed Order and Judgment of Permanent Injunction and Disgorgement are met as enumerated below.

   a. The Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, authorized the Attorney General to initiate this litigation and seek terms contained in the proposed Order and Judgment of Permanent Injunction and Disgorgement.

   b. Jurisdiction is conferred on this Court by 26 U.S.C § 7402(a), granting that:

   > [t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction . . . and such other orders and processes, and to render such judgments and decrees as may be

necessary or appropriate for the enforcement of the internal revenue laws.

c.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this action occurred within this judicial district.

4. The terms of the Order and Judgment of Permanent Injunction and Disgorgement by the United States, John Eickhoff, Jr., and Hoffman Associates, LLC, submitted as a proposed order with this Motion, reflect terms stipulated to by all three parties. (*See* Exhibit A (stipulation among the United States, John Eickhoff, Jr., and Hoffman Associates, LLC).) The Order and Judgment of Permanent Injunction and Disgorgement would permanently bar John Eickhoff, Jr. and Hoffman Associates, LLC from specific conduct and activities that the United States alleges violate the Internal Revenue laws and are the subject of the allegations in the Amended Complaint. While agreeing to the stipulation, as stated above, John Eickhoff, Jr. and Hoffman Associates, LLC dispute these allegations.

5. The Court evaluates terms of a proposed, consented-to order in litigation enforcing federal law for "fairness, reasonableness, and consistency with the governing statute." *Mo. Coalition for the Env't Found. v. McCarthy*, 2016 U.S. Dist. LEXIS 190125, *3 (W.D. Mo. Dec. 7, 2016) (citing *U.S. v. Union Elec. Co.*, 132 F.3d 422, 430 (8th Cir. 1997)). "The Court is required to determine not whether a particular decree is the one that will best serve society, but whether the settlement is within the reaches of the public interest." *Id*. (citing *United States v. Bechtel Corp.*, 648 F.2d 660, 666 (9th Cir. 1981)). Whether the proposed order will "inhibit or otherwise affect the right[s]" of non-parties to the order is also relevant to the Court's inquiry. *Id*. at *4-5.

6. The proposed Order and Judgment of Permanent Injunction and Disgorgement against John Eickhoff, Jr. and Hoffman Associates, LLC meets this standard because: (a) it will permanently enjoin them from conduct that the United States alleges violates the Internal Revenue laws; (b) the terms and prohibitions in the proposed Order and Judgment of Permanent Injunction and Disgorgement are consistent with the purpose of the governing statutes in this action (*i.e.*, 26 U.S.C. §§ 7402 and 7408), as addressed above; and (c) entry of the Order and Judgment of Permanent Injunction and Disgorgement against John Eickhoff, Jr. and Hoffman Associates, LLC would not bind other parties in this action, except that if the other Defendants with notice of this injunction take any future action in concert with John Eickhoff, Jr. and Hoffman Associates, LLC for which they are being enjoined, they too are then subject to this injunction.

7. Accordingly and pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay to enter the proposed Order and Judgment of Permanent Injunction and Disgorgement against John Eickhoff, Jr. and Hoffman Associates, LLC.

WHEREFORE, the United States, John Eickhoff, Jr., and Hoffman Associates, LLC respectfully request that the Court enter the proposed Order and Judgment of Permanent Injunction and Disgorgement against John Eickhoff, Jr. and Hoffman Associates, LLC.

//
//
//
//
//
//

Dated: May 10, 2023

THERESA A. MOORE
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Russell J. Edelstein*
RUSSELL J. EDELSTEIN
MA Bar No.: 663227
NATHAN D. BANEY
VA Bar No.: 75935
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238 – Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2704 (Edelstein)
Tel: (202) 307-6560 (Baney)
Fax: (202) 514-6770
russell.j.edelstein@usdoj.gov
nathan.baney@usdoj.gov
*COUNSEL FOR PLAINTIFF UNITED STATES*


*/s/ Steven E. Holtshouser*
CHRISTINA B. MOORE, #53917 (MO)
STEVEN E. HOLTSHOUSER, #33531 (MO)
Husch Blackwell LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
Email: Christina.Moore@huschblackwell.com
Email: Steve.Holtshauser@huschblackwell.com
*COUNSEL FOR DEFENDANTS*
*JOHN EICKHOFF, JR. and*
*HOFFMAN ASSOCIATES, LLC*