
Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN HUGO EICKHOFF, JR., ) <br> RHONDA KAYE EICKHOFF, ) <br> HOFFMAN ASSOCIATES, LLC, ) <br> ARIC ELLIOT SCHREINER, ) <br> COLUMBIA CPA GROUP LLC, ) <br> JOHN WILLIAM GRAY II, and ) <br> DAMON THOMAS EISMA, individually ) <br> and d/b/a DAMON T. EISMA ) <br> ATTORNEY AT LAW, ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:22-cv-04027-MDH |

## STIPULATION FOR ENTRY OF ORDER AND JUDGMENT
## OF PERMANENT INJUNCTION
## AGAINST RHONDA KAYE EICKHOFF

Plaintiff, the United States, and Defendant, Rhonda Kaye Eickhoff, stipulate as follows:

1. On March 9, 2022, pursuant to 26 U.S.C. §§ 7402 and 7408, the United States filed an Amended Complaint against multiple defendants, including Rhonda Kaye Eickhoff. The United States alleges that Rhonda Kaye Eickhoff organized, promoted, and facilitated an abusive tax scheme for her customers involving charitable remainder annuity trusts ("CRATs").

2. Rhonda Kaye Eickhoff admits that the Court has jurisdiction over her and over the subject matter of the Amended Complaint pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

3. Without admitting any of the allegations in the Amended Complaint, Rhonda Kaye Eickhoff has consented to the entry of this injunction. The United States and Rhonda Kaye

Eickhoff waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure.

4. Rhonda Kaye Eickhoff consents to being PERMANENTLY ENJOINED pursuant to 26 U.S.C. §§ 7402 and 7408 from the following:

    a. for compensation or the promise of compensation, providing tax advice, including but not limited to tax advice concerning any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts");

    b. for compensation or the promise of compensation, making or furnishing or causing another person to make or furnish a statement with respect to the use of any trust for the securing of any tax benefit, including but not limited to any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts");

    c. organizing, promoting, selling, or marketing any plan or arrangement concerning any trust, including but not limited to any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts");

    d. participating in any plan or arrangement concerning any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

    e. organizing, promoting, selling, producing, or marketing any single-payment insurance annuity ("SPIA") policy;

    f. serving as a trustee of any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

g. preparing, aiding, or assisting in preparing any IRS Form 5227 (Split-Interest Trust Information Return) for any individual and/or entity;

h. preparing, aiding, or assisting in the preparation of federal tax returns or amended returns or other tax forms resulting from use of any trust, including but not limited to a trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts");

i. representing anyone before the IRS on any tax matter other than herself (or her spouse, if the tax matter involves her jointly filed tax return with her spouse);

j. owning, partially owning, or working for any entity in which any Defendant in this action is also an owner, part owner, or otherwise works for;

k. owning, partially owning, or working for any entity that operates to sell wealth preservation strategies or any product to the public other than insurance policies not prohibited from paragraph 4(e);

l. selling or aiding in the sale of any insurance product to any individual or entity referred to her by any Defendant in this action, or to any individual or entity participating in a tax arrangement or wealth preservation strategy sold, promoted, or organized by any Defendant in this action; and

m. making any statements, written or verbal, or causing or encouraging others to make any statements, written or verbal, that misrepresent any of the terms of a stipulated judgment and order of permanent injunction against her in this action.

5. Rhonda Kaye Eickhoff agrees that the Court's entry of this stipulated judgment and order of permanent injunction:

    a. Will resolve only this civil injunction action against her.

    b. Will not resolve Rhonda Kaye Eickhoff's liability for penalties the IRS has assessed or will assess against her for conduct prior to entry of this civil injunction, which is the subject of a separate, proposed settlement closing agreement she consented to that requires payment from Rhonda Kaye Eickhoff to the IRS.

    c. And neither precludes the government from pursuing any other current or future matters or proceedings, nor precludes Rhonda Kaye Eickhoff from contesting liability in any such matter or proceeding.

6. Within thirty (30) days of entry of this order, Rhonda Kaye Eickhoff agrees to file with this Court a declaration, signed by her under penalty of perjury, that she has:

    a. Identified to counsel for the United States in this action, in writing, any customer (including by name, and if known by Rhonda Kaye Eickhoff, last known address, telephone, and e-mail) known to Rhonda Kaye Eickhoff who participated in any trust established under/subject to 26 U.S.C. § 664 with the aid or assistance of any Defendant in this action;

    b. Identified to counsel for the United States in this action, in writing, all independent contractors, agents, and employees of Hoffman Associates, LLC, known to Rhonda Kaye Eickhoff since 2018; and

    c. Received and understands any Order and Judgment of Permanent Injunction entered by the Court against her in this action.

7. Rhonda Kaye Eickhoff declares that she has no control over the operations of Defendant Hoffman Associates, LLC. Rhonda Kaye Eickhoff agrees not to incorporate, organize, or otherwise establish any entity, partnership, or joint venture to continue the business or activities of Hoffman Associates, LLC, or begin any activities performed by Hoffman Associates, LLC, or any enjoined activities covered by this injunction.

8. Rhonda Kaye Eickhoff consents to allowing the District Court to retain jurisdiction to enforce such injunction and to allowing the United States to engage in post-judgment discovery to ensure compliance with the injunction and collection of any disgorgement judgment entered against her.

9. Rhonda Kaye Eickhoff understands that a Judgment for Permanent Injunction will be the final judgment in this matter, and she waives any and all right to appeal from that judgment.

10. Rhonda Kaye Eickhoff consents to entry of a Judgment of Permanent Injunction, without further notice, and agrees to be bound by its terms.

//

//

//

//

//

//

//

//

TERESA A. MOORE
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

*[signature]*

RUSSELL J. EDELSTEIN
MA Bar No. 663227
NATHAN D. BANEY
VA Bar No. 75935
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7328 – Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2704 (Edelstein)
Tel: (202) 307-6560 (Baney)
Fax: (202) 514-6770
russell.j.edelstein@usdoj.gov
nathan.baney@usdoj.gov
*COUNSEL FOR THE UNITED STATES*

*[signature]*
RHONDA KAYE EICKHOFF
*DEFENDANT*

*[signature]*

SARA G. NEILL, #53053 (MO)
ANDREW W. BLACKWELL, #64734 (MO)
Capes, Sokol, Goodman & Sarachan, P.C.
8182 Maryland Avenue, Fifteenth Floor
St. Louis, MO 63105
Telephone: (314) 505-5418
Facsimile: (314) 505-5419
Email: neill@capessokol.com
Email: blackwell@capessokol.com
*COUNSEL FOR DEFENDANT
RHONDA KAYE EICKHOFF*