IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) Case No. 2:22-cv-04027-MDH |
| v. | ) |
| JOHN HUGO EICKHOFF, JR., RHONDA KAYE EICKHOFF, HOFFMAN ASSOCIATES, LLC, ARIC ELLIOT SCHREINER, COLUMBIA CPA GROUP LLC, JOHN WILLIAM GRAY II, and DAMON THOMAS EISMA, individually and d/b/a DAMON T. EISMA ATTORNEY AT LAW, | ) |
| Defendants. | ) |

**ORDER ENTERING STIPULATED**
**PERMANENT INJUNCTION AND JUDGMENT AGAINST JOHN EICKHOFF, JR.**
**AND HOFFMAN ASSOCIATES LLC**

Now before the Court is the Joint Motion by the United States, John Eickhoff, Jr., and Hoffman Associates, LLC for Entry of Stipulated Permanent Injunction and Judgment Against them (Doc. No. 128). The Court **GRANTS** the Joint Motion and enters the following Stipulated Permanent Injunction and Judgment against Defendants John Eickhoff, Jr., and Hoffman Associates, LLC:

**IT IS HEREBY ORDERED AND DECREED** that Defendant Hoffman Associates, LLC is **PERMANENTLY ENJOINED** from operating in any capacity pursuant to 26 U.S.C. §§ 7402 and 7408.

**IT IS HEREBY ORDERED AND DECREED** that Defendant John Eickhoff, Jr. is **PERMANENTLY ENJOINED**, pursuant to 26 U.S.C. §§ 7402 and 7408, effective from the date of entry of this Order, from directly or indirectly:

a. for compensation or the promise of compensation, providing tax advice, including but not limited to tax advice concerning any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts");

b. for compensation or the promise of compensation, making or furnishing or causing another person to make or furnish a statement with respect to the use of any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts");

c. organizing, promoting, selling, or marketing any plan or arrangement concerning any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts");

d. participating in any plan or arrangement concerning any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

e. organizing, promoting, selling, producing, or marketing any single-premium immediate annuity ("SPIA") policy;

f. serving as a trustee of any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

g. preparing, aiding, or assisting in preparing any IRS Form 5227 (Split-Interest Trust Information Return) for any individual and/or entity;

Page **2** of **6**

Case 2:22-cv-04027-MDH   Document 133   Filed 05/17/23   Page 2 of 6

h. preparing, aiding, or assisting in the preparation of federal tax returns or amended returns or other tax forms resulting from use of a trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts");

i. representing anyone before the IRS on any tax matter other than himself (or his spouse, if the tax matter involves his jointly filed tax return with his spouse);

j. owning, partially owning, or providing any services for compensation or promise of compensation to any entity in which any Defendant in this action is also an owner, part owner, or otherwise works for;

k. owning or partially owning any entity, or providing any services for compensation or promise of compensation to any person or entity that sells tax strategies, tax advice, financial products whose primary purpose is to preserve wealth by lowering an individual's tax obligation, or any financial product marketed to the public as providing tax benefits other than insurance policies not prohibited from paragraph (e);

l. selling or aiding in the sale of any insurance product to any individual or entity referred to him by any Defendant in this action, or to any individual or entity participating in a tax arrangement or wealth preservation strategy sold, promoted, or organized by any Defendant in this action; and

m. making any statements, written or verbal that misrepresent any of the terms of a stipulated judgment and order of permanent injunction against him in this action.

**IT IS FURTHER ORDERED** that:

    A.    John Eickhoff, Jr. shall take any steps in his control to: (1) terminate any legal association he has with Hoffman Associates, LLC and any other entity he owns, partially owns, or operates to conduct activities he is barred from under Pages 2-3 of this Order (Paragraphs a-m); and (2) terminate the legal status of that entity/those entities.

    B.    John Eickhoff, Jr. shall not incorporate, organize, or otherwise establish any entity, partnership, or joint venture to continue the business or activities of Hoffman Associates, LLC and any other entity he owns, partially owns, or operates to conduct activities he is barred from by Pages 2-3 of this Order (Paragraphs a-m), or begin any activities performed by Hoffman Associates, LLC and any other entity he owns, partially owns, or operates to conduct activities he is barred from by Pages 2-3 of this Order (Paragraphs a-m), or any enjoined activities covered by this injunction

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this order, John Eickhoff, Jr., on behalf of himself and Hoffman Associates, LLC, shall file with the Court a declaration, signed by him under penalty of perjury, that he has:

    a.    Identified to counsel for the United States in this action, in writing, any customer (including by name, and if known by John Eickhoff, Jr., last known address, telephone, and e-mail) known to John Eickhoff, Jr. who participated in any trust established under/subject to 26 U.S.C. § 664 with the aid or assistance of any Defendant in this action;

b. Identified to counsel for the United States in this action, in writing, all independent contractors, agents, and employees of Hoffman Associates, LLC known to John Eickhoff, Jr. after reasonable inquiry since 2018;

c. Received and understands any Order and Judgment of Permanent Injunction entered by the Court against them in this action; and

d. Provided a copy of any Order and Judgment of Permanent Injunction entered by the Court against them to his current spouse.

**IT IS FURTHER ORDERED** that John Eickhoff, Jr. shall provide on May 1st of each year, for three (3) years commencing in 2024, a signed declaration under penalty of perjury: (a) affirming that he has not engaged in any of the conduct identified on Pages 2-3 of this Order (Paragraphs a-m) during the prior twelve-month period; (b) affirming he complied with the terms of Page 4 of this Order (Paragraphs A(1), A(2), and B) during the prior twelve-month period; and (c) identifying any income-generating activity he engaged in during the prior twelve-month period, including the income source/payors (by name, address, and telephone number) and a description of the income-generating activity, or in the alternative, provide a copy of all filed federal tax return(s) for 2023, 2024, and 2025 (including any subsequent amendments), if filed with the IRS on or before the deadline(s) for filing, within fourteen (14) days of filing. John Eickhoff, Jr. shall send that declaration and any tax returns to the following addresses (unless notified of new addresses):

> Internal Revenue Service
> Lead Development Center Stop MS5040
> 24000 Avila Road
> Laguna Niguel, CA 92677
>
> Department of Justice, Tax Division
> Chief - Civil Trial Section, Central Region
> P.O. Box 7238

Ben Franklin Station
Washington, D.C. 20044

**IT IS FURTHER ORDERED** that a judgment of $400,000.00 is entered in favor of the United States and against John Eickhoff, Jr. under Count IV of the Amended Complaint.

**IT IS FURTHER ORDERED** that a judgment of $1,100,000.00 is entered in favor of the United States and against Hoffman Associates, LLC under Count IV of the Amended Complaint.

**IT IS FURTHER ORDERED** that the District Court shall retain jurisdiction to enforce this injunction and allow the United States to engage in post-judgment discovery to ensure compliance with the injunction and collection of the disgorgement judgments.

**IT IS FURTHER ORDERED** that the Clerk is directed to enter final judgment pursuant to Fed. R. Civ. P. 54(b) in favor of the United States and against Defendants John Eickhoff, Jr. and Hoffman Associates, LLC since there is no reason for delay.  The Court finds that entry of the Order and Judgment of Permanent Injunction against Defendants John Eickhoff, Jr. and Hoffman Associates, LLC does not bind other parties, except that if the other Defendants with notice of this injunction take any future action in concert with Defendants John Eickhoff, Jr. or Hoffman Associates, LLC for which Defendants John Eickhoff, Jr. and Hoffman Associates, LLC are being enjoined, they too are then subject to this injunction.

**IT IS SO ORDERED.**

DATED:     May 17, 2023

    */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**