IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JOHN HUGO EICKHOFF, JR.,<br>RHONDA KAYE EICKHOFF,<br>HOFFMAN ASSOCIATES, LLC,<br>ARIC ELLIOT SCHREINER,<br>COLUMBIA CPA GROUP LLC,<br>JOHN WILLIAM GRAY II, and<br>DAMON THOMAS EISMA, individually<br>and d/b/a DAMON T. EISMA<br>ATTORNEY AT LAW,<br><br>Defendants. | ) | Case No. 2:22-cv-04027-MDH |

**ORDER ENTERING STIPULATED PERMANENT INJUNCTION AND JUDGMENT AGAINST RHONDA EICKHOFF**

Now before the Court is the Joint Motion by the United States and Rhonda Eickhoff for Entry of Stipulated Permanent Injunction and Judgment Against her (Doc. No. 132). The Court **GRANTS** the Joint Motion and enters the following Stipulated Permanent Injunction and Judgment against Defendant Rhonda Eickhoff:

**IT IS HEREBY ORDERED AND DECREED** that Defendant Rhonda Eickhoff is **PERMANENTLY ENJOINED**, pursuant to 26 U.S.C. §§ 7402 and 7408, effective from the date of entry of this Order, from directly or indirectly:

a. for compensation or the promise of compensation, providing tax advice, including but not limited to tax advice concerning any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts");

b. for compensation or the promise of compensation, making or furnishing or causing another person to make or furnish a statement with respect to the use of any trust for the securing of any tax benefit, including but not limited to any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts");

c. organizing, promoting, selling, or marketing any plan or arrangement concerning any trust, including but not limited to any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts");

d. participating in any plan or arrangement concerning any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

e. organizing, promoting, selling, producing, or marketing any single-payment insurance annuity ("SPIA") policy;

f. serving as a trustee of any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), including but not limited to CRATs;

g. preparing, aiding, or assisting in preparing any IRS Form 5227 (Split-Interest Trust Information Return) for any individual and/or entity;

h. preparing, aiding, or assisting in the preparation of federal tax returns or amended returns or other tax forms resulting from use of any trust, including but not limited to a trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts");

i. representing anyone before the IRS on any tax matter other than herself (or her spouse, if the tax matter involves her jointly filed tax return with her spouse);

j. owning, partially owning, or working for any entity in which any Defendant in this action is also an owner, part owner, or otherwise works for;

k. owning, partially owning, or working for any entity that operates to sell wealth preservation strategies or any product to the public other than insurance policies not prohibited from paragraph (e);

l. selling or aiding in the sale of any insurance product to any individual or entity referred to her by any Defendant in this action, or to any individual or entity participating in a tax arrangement or wealth preservation strategy sold, promoted, or organized by any Defendant in this action; and

m. making any statements, written or verbal, or causing or encouraging others to make any statements, written or verbal, that misrepresent any of the terms of a stipulated judgment and order of permanent injunction against her in this action.

**IT IS FURTHER ORDERED** that Rhonda Eickhoff shall, within thirty (30) days of entry of this order, file with this Court a declaration, signed by her under penalty of perjury, that she has:

a. Identified to counsel for the United States in this action, in writing, any customer (including by name, and if known by Rhonda Kaye Eickhoff, last known address, telephone, and e-mail) known to Rhonda Kaye Eickhoff who

participated in any trust established under/subject to 26 U.S.C. § 664 with the aid or assistance of any Defendant in this action;

b. Identified to counsel for the United States in this action, in writing, all independent contractors, agents, and employees of Hoffman Associates, LLC, known to Rhonda Kaye Eickhoff since 2018; and

c. Received and understands any Order and Judgment of Permanent Injunction entered by the Court against her in this action.

**IT IS FURTHER ORDERED** that Rhonda Kaye Eickhoff shall not incorporate, organize, or otherwise establish any entity, partnership, or joint venture to continue the business or activities of Hoffman Associates, LLC, or begin any activities performed by Hoffman Associates, LLC, or any enjoined activities covered by this injunction.

**IT IS FURTHER ORDERED** that the District Court shall retain jurisdiction to enforce this injunction. The United States may engage in post-judgment discovery to ensure compliance with the injunction entered against her in this action.

**IT IS FURTHER ORDERED** that the United States claim for disgorgement against Rhonda Eickhoff (Count IV) is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to enter final judgment pursuant to Fed. R. Civ. P. 54(b) in favor of the United States and against Defendant Rhonda Eickhoff under Counts I-III of the Amended Complaint since there is no reason for delay. The Court finds that entry of the Order and Judgment of Permanent Injunction against Defendant Rhonda Eickhoff does not bind other parties, except that if the other Defendants with notice of this injunction take any future action in concert with Defendant Rhonda Eickhoff for which Defendant Rhonda Eickhoff is being enjoined, they too are then subject to this injunction.

**IT IS SO ORDERED.**

DATED: May 23, 2023

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**