IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN HUGO EICKHOFF, JR., ) <br> RHONDA KAYE EICKHOFF, ) <br> HOFFMAN ASSOCIATES, LLC, ) <br> ARIC ELLIOT SCHREINER, ) <br> COLUMBIA CPA GROUP LLS, ) <br> JOHN WILLIAM GRAY II, and ) <br> DAMON THOMAS EISMA, individually ) <br> and d/b/a DAMON T. EISMA ) <br> ATTORNEY AT LAW, ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-04027-MDH |

## ORDER

Pursuant to Western District Local Rule 37.1, Plaintiff United States ("Plaintiff") and Defendants Aric Schreiner and Columbia CPA Group ("Defendants") informed this Court disagreement exists regarding a possible deposition of IRS Attorney Steven Haller. The Court held a telephone conference on October 19, 2023 to address the matter. In accord with Local Rule 37.1, Plaintiff emailed a description of the dispute to this Court before the telephone conference (Ex. A), as did Defendants (Ex. B).

Defendants seek to depose Attorney Haller, who, Plaintiff contends, was assigned by the IRS "to act as counsel to advise non-attorney, IRS agents conducting the administrative investigation that led to this action." (Ex. A at 1). Plaintiff also states Attorney Haller, in his capacity as an attorney advisor, was present during a September 2019 interview with Defendant

1

Schreiner, also attended by three IRS revenue agents. In addition to subpoenaing Attorney Haller, Defendants have subpoenaed the three IRS agents also present during the 2019 interview. The 2019 interview was recorded, a copy of which Plaintiff provided to Defendants in discovery. Plaintiff also provided Defendants with an IRS memo reviewing the recorded interview as well as notes taken by the IRS agents. Apart from the 2019 interview, Plaintiff informs this Court "Attorney Haller also authored a referral to the Tax Division of the Department of Justice authorizing this litigation based on the IRS' investigation and is also assigned as Government counsel in U.S. Tax Court cases brought by Hoffman CRAT customers." (Ex. A at 1).

Plaintiff seeks a protective order to prevent the deposition of Attorney Haller. Plaintiff contends that statements from Attorney Haller would be either privileged or duplicative and therefore irrelevant, given the interview was recorded and other non-attorneys who attended the meeting are already scheduled to be deposed.

Trial courts have broad discretion in settling discovery disputes. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 381 (8th Cir. 1992). Federal Rule of Civil Procedure 26 guides the scope of discovery. The rule states the following.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

In resolving discovery disputes, the burden is initially on the requesting party to make a threshold showing of relevance. *Burke v. Ability Ins. Co.*, 291 F.R.D. 343, 349 (D.S.D. 2013). "While the standard of relevance in the context of discovery is broader than in the context of admissibility…

2

this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery." *Hofer* at 380. Assuming relevance, then the burden shifts to the resisting party to show the request is irrelevant, unduly burdensome, overly broad, or otherwise improper. *Carlton v. Union Pac. R. Co.*, No. 8:05CV293, 2006 WL 2220977, at *2 (D. Neb. Aug. 1, 2006). The resisting party must do this by laying out specific facts, rather than claiming irrelevance or overbreadth in conclusory, boilerplate fashion. *St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000). The Eighth Circuit has found that Rule 26 "vests the district court with discretion to limit discovery if it determines, *inter alia*, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003).

Here, as Plaintiff contends, because Attorney Haller served as a legal advisor to the three IRS agents, any confidential communication between Attorney Haller and the agents would be protected by attorney-client privilege. *See United States v. Horvath*, 731 F.2d 557, 562 (8th Cir. 1984) ("it is well established under common law that confidential communications between an attorney and a client are privileged and not subject to disclosure absent consent of the client."). Likewise, to the extent Defendants seek Attorney Haller's legal referral to the Tax Division of the Department of Justice, this document is protected by the work-product privilege, which works to "ensure that a party cannot obtain materials that his opponent has prepared in anticipation of litigation." *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997). Finally, pertinent to the 2019 interview, Plaintiff has produced: 1) an audio recording of the interview; 2) an IRS memo about the interview; 3) agent notes from the interview. Moreover, Defendant has subpoenaed for deposition the agents present during the interview. Collectively, this indicates any questions that

Defendants could pose to Attorney Haller regarding his specific recollections about the 2019 interview would be irrelevant, redundant, and, accordingly, outside the scope of Rule 26.

For foregoing reasons, Defendants' subpoena for the deposition testimony of Attorney Haller is **QUASHED**. Defendants are precluded from seeking the deposition testimony of Attorney Haller. Accordingly, however, to the extent Plaintiff declines to produce Attorney Haller for deposition, Plaintiff is precluded from calling Attorney Haller as witness at trial.

 **IT IS SO ORDERED.**

Dated: October 20, 2023  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**