October 18, 2023

Re:     <u>United States v. John Hugo Eickhoff et al.,</u> 2:22-cv-04027-MDH (USDC, W.D. Mo.)

Dear Judge Harpool:

The United States submits the following in advance of the October 19, 2023 teleconference pursuant to the Court's Scheduling Order governing discovery disputes.

The United States initiated this action to, *inter alia*, enjoin multiple Defendants from engaging in conduct subject to penalty under the Title 26 of the U.S. Code and conduct that substantially interferes with the enforcement and administration of the internal revenue laws. The Government alleges, *inter alia*, that Defendants promoted and implemented, through Hoffman Associates LLC, an illegal tax scheme involving the use of Charitable Remainder Annuity Trusts (the "Hoffman CRAT").

In September 2023, Defendants Aric Schreiner and Columbia CPA Group ("Defendants") informed undersigned counsel that they intend to depose IRS Counsel Steven Haller in this action. On September 20, 2023, the parties conferred by telephone as required by L.R. 37.1 and exchanged additional e-mails. On October 16, 2023, Defendants served a subpoena for IRS attorney Steven Haller's deposition for October 27, 2023.

The IRS assigned Steven Haller to act as counsel to advise non-attorney, IRS agents conducting the administrative investigation that led to this action. In this capacity, Haller attended an IRS interview of Schreiner in 2019 with three Revenue Agents. The Government produced to Defendants an audio recording of the interview, agent notes, and an IRS memorandum of the interview. Haller also authored a referral to the Tax Division of the Department of Justice authorizing this litigation based on the IRS' investigation and is also assigned as Government counsel in U.S. Tax Court cases brought by Hoffman CRAT customers, including the two cases decided to-date, which hold that the Hoffman CRAT violates federal tax law. *See Gerhardt v. Comm'r*, 2023 U.S. Tax Ct. LEXIS 1956 (2023); *Furrer v. Comm'r*, 2022 Tax Ct. Memo LEXIS 102 (2022).

Any non-privileged testimony by Haller would be duplicative of the three Revenue Agents who attended the interview, each of whom is scheduled for deposition in this action. Haller has no personal, non-privileged information that is relevant to any claim or defense, his deposition is disproportionate to the needs of this case, and Defendants have failed to identify any potential deposition topics to overcome these objections. *See, e.g., Lee v. United States*, 2016 U.S. Dist. LEXIS 75305, *20 (D. Nev. 2016) (holding deposition testimony of IRS counsel would be "not relevant or proportional" in a *de novo* proceeding, such as this action, and granting protective order). We anticipate that the deposition of Mr. Haller is designed to invade the attorney work product privilege and impinge on the attorney-client privilege. Therefore, the United States seeks a protective order to preclude Haller's deposition.

Sincerely,

RUSSELL J. EDELSTEIN