**From:** Greg Bailey <greg@margulisgelfand.com>
**Sent:** Wednesday, October 18, 2023 9:45 AM
**To:** Linda Howard <Linda_Howard@mow.uscourts.gov>
**Cc:** russell.j.edelstein_usdoj.gov <russell.j.edelstein@usdoj.gov>; nathan.baney_usdoj.gov <nathan.baney@usdoj.gov>; justin_margulisgelfand.com <justin@margulisgelfand.com>
**Subject:** RE: 22-cv-04027-MDH United States of America v. Eickhoff, Jr. et al

**CAUTION - EXTERNAL:**

Good morning,

Please find our brief statement of the discovery issue before the Court for the telephonic conference tomorrow in United States v. Eickhoff (22-cv-4027-MDH):

At issue is the currently pending deposition subpoena for Internal Revenue Service (IRS) employee Steven Haller. The Plaintiff, the United States of America, is seeking a protective order to foreclose the taking of this deposition by our clients, Aric Schreiner and Columbia CPA Group, LLC. Plaintiff bases this motion for a protective order, as represented to us, on Mr. Haller's status as a licensed attorney employed by the IRS. This proposed motion should be denied on multiple grounds.

First, the Plaintiff does not have standing to move for this relief. Mr. Haller is represented, if at all, by agency counsel for the IRS. Mr. Haller is not a party to this litigation and is not represented by the attorneys representing the United States in this matter. Any motion for a protective order would, necessarily, need to come from counsel for Mr. Haller or Mr. Haller himself.

Second, Mr. Haller's status as an attorney does not confer on him blanket immunity from being deposed. He is an employee of the IRS, has admittedly worked on matters involved in this litigation, and, therefore, likely has relevant testimony and evidence that can be elicited in a deposition. While we intend to question Mr. Haller about objectively non-privileged issues, including his conversations with Mr. Schreiner, Mr. Haller can assert any and all appropriate privileges and protections for specific questions in the deposition, but does not get a shield from deposition simply by being a licensed attorney.

Third, Plaintiffs argue that any testimony Mr. Haller can give is duplicative to testimony which can be offered by other IRS employees. Mr. Schreiner and Columbia CPA Group, LLC have never had the opportunity to speak with Mr. Haller and should be afforded the opportunity to probe what relevant testimony Mr. Haller can offer. For purposes of trial, if necessary, certainly a cumulative argument could be made when appropriate, but Mr. Schreiner and Columbia CPA

Group, LLC are simply conducting fact discovery to marshal evidence relevant to this lawsuit brought by the United States.

Respectfully,

Gregory P. Bailey
*Counsel*
**Margulis Gelfand, LLC**

P: 410.943.2065
F: 314.485.2264
margulisgelfand.com
View Bio



CONFIDENTIALITY NOTICE:  The materials enclosed with this email transmission are private and confidential. The information contained in the material may be privileged and is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, be advised that unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited.  If you have received this email transmission in error, please immediately notify us either by telephone or by email to arrange for return of the emailed information to us.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.