IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:22-cv-04027-MDH |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN HUGO EICKHOFF, JR., | ) | |
| RHONDA KAYE EICKHOFF, | ) | |
| HOFFMAN ASSOCIATES, LLC, | ) | |
| ARIC ELLIOT SCHREINER, | ) | |
| COLUMBIA CPA GROUP LLC, | ) | |
| JOHN WILLIAM GRAY II, and | ) | |
| DAMON THOMAS EISMA, individually | ) | |
| and d/b/a DAMON T. EISMA | ) | |
| ATTORNEY AT LAW, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION
FOR PARTIAL SUMMARY JUDGMENT**

The United States moves the Court, pursuant to Fed. R. Civ. P. 56(a), 56(g), and LR 56.1, for an order granting it partial summary judgment against Defendants Aric Schreiner and Columbia CPA Group LLC ("Columbia") under Count III of its Amended Complaint ("Injunction against Defendants under 26 U.S.C. § 7402"). As grounds for this motion, the United States refers the Court to the Declaration of David Mueller with attached exhibits, Declaration of Michael Denault with attached exhibits, Declaration of John Eickhoff, Jr., the Declaration of Russell J. Edelstein with attached exhibits, and the United States' Statement of Uncontroverted Material Facts and Suggestions in Support of Motion for Partial Summary Judgment.

As the summary judgment record shows, there are no genuine disputes as to any material fact, and the United States is entitled to judgment as a matter of law. Specifically, the Court should grant the United States' Motion for Partial Summary Judgment against Defendants Schreiner and Columbia under Count III of the Amended Complaint and enter an order against them, pursuant to 26 U.S.C. § 7402, that provides for the following injunctive relief:

1. Permanently bars Columbia and Schreiner from preparing tax returns for others that they know, or have reason to know, will result in the failure to report taxes owed from distributions from trusts governed by 26 U.S.C. § 664, including but not limited to capital gains taxes from CRAT distributions;

2. For compensation or promise of compensation, permanently bars Columbia and Schreiner from providing tax advice concerning trusts governed by 26 U.S.C. § 664, including but not limited to CRATs, that claims that:

   a. Their use allows taxpayers to avoid capital gains taxes (or otherwise provides for capital gains taxes to vanish, disappear, be forgiven, or escape taxation) from distributions to beneficiaries;

   b. 26 U.S.C. § 1015 does not apply to them;

   c. They are charities, are charitable entities, or to otherwise suggest that they qualify as tax-exempt charities under federal tax law.

   d. By establishing or through their use, a trust can acquire a stepped-up value basis for property (or treat the basis as equal to fair market value) when the prior owner transfers it to the trust, unless the property is/was transferred, acquired from, and/or passed to the trust by the decedent or decedent's estate as permitted under federal law;

- e. By transferring property to them, the proceeds of the sale of the property by the trust are or become trust corpus;
- f. When they purchase an annuity, distributions of gains or income by the trust to beneficiaries are recharacterized from ordinary income or capital gains to distributions of nontaxable trust corpus or return of principal;
- g. A trust established pursuant to 26 U.S.C. § 664 can purchase an annuity and, by doing so, payments from that annuity to trust beneficiaries do not need to be reported as capital gains income on federal income tax returns;
- h. 26 U.S.C. § 72 controls or otherwise supersedes the ordering rules of 26 U.S.C. § 664 for distributions from the trust; and
- i. The exclusion ratio under 26 U.S.C. § 72 allows taxpayers to avoid capital gains taxes resulting from distributions from the trust.

3. Requires Schreiner, within fifteen (15) days of the Court's order, to include a copy of any such order enjoining him and/or Columbia on Columbia's website and any website controlled by Schreiner and used by him to sell or market accounting or tax preparation services to the public (placed prominently on the main webpage of those websites), as well as to remove all content advocating for the use of a trust governed by 26 U.S.C. § 664 to avoid or eliminate capital gains taxes from Columbia's website.

4. Requires Schreiner, within thirty (30) days of the Court's order, to provide a copy of any order issued by the Court enjoining him and/or Columbia to any customer who hired him to prepare a tax return as part of the CRAT Strategy since 2016, or who he represented since 2016 before the IRS in a matter involving implementation of the CRAT Strategy.

Page **3** of **4**

Case 2:22-cv-04027-MDH   Document 155   Filed 01/08/24   Page 3 of 4

5. Bars Schreiner and Columbia from making any statements, written or verbal, or causing or encouraging others to make any statements, written or verbal, that misrepresent any of the terms of the Court's order against them in this action.

To the extent that the Court does not grant all the relief requested by this motion, pursuant to Fed. R. Civ. P. 56(g), the United States requests that the Court enter an order stating any material fact that is not genuinely in dispute and treating the fact as established in this case.

Dated: January 8, 2024

Respectfully submitted,

TERESA A. MOORE
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Russell J. Edelstein*
RUSSELL J. EDELSTEIN
MA Bar No. 663227
NATHAN D. BANEY
VA Bar No. 75935
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7328 – Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2704 (Edelstein)
Tel: (202) 307-6560 (Baney)
Fax: (202) 514-6770
russell.j.edelstein@usdoj.gov
nathan.baney@usdoj.gov
*Attorneys for Plaintiff United States*