IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:22-cv-04027-MDH |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN HUGO EICKHOFF, JR., | ) | |
| RHONDA KAYE EICKHOFF, | ) | |
| HOFFMAN ASSOCIATES, LLC, | ) | |
| ARIC ELLIOT SCHREINER, | ) | |
| COLUMBIA CPA GROUP LLC, | ) | |
| JOHN WILLIAM GRAY II, and | ) | |
| DAMON THOMAS EISMA, individually | ) | |
| and d/b/a DAMON T. EISMA | ) | |
| ATTORNEY AT LAW, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER ENTERING STIPULATED
PERMANENT INJUNCTION AND JUDGMENT AGAINST ARIC SCHREINER
AND COLUMBIA CPA GROUP LLC**

Now before the Court is the Joint Motion by the United States, Aric Schreiner

("Schreiner"), and Columbia CPA Group LLC ("Columbia") for Entry of Stipulated Permanent

Injunction and Judgment (Doc. No. 170). The Court **GRANTS** the Joint Motion and enters the

following Stipulated Permanent Injunction and Judgment against Schreiner and Columbia:

**IT IS HEREBY ORDERED AND DECREED** that Schreiner and Columbia are

**PERMANENTLY ENJOINED**, pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, effective from

the date of entry of this Order, from directly or indirectly:

     a.     providing tax advice for compensation or promise of compensation, with the

          limited exception that Schreiner and Columbia may provide tax advice that:

          (i) is specific to and necessary to advise a client how to accurately report pre-

existing financial data or information on a federal tax return (or amended return) that either Schreiner or Columbia is paid to prepare; and (ii) Schreiner or Columbia are not otherwise barred from providing such advice under the other terms of this injunction;

b. providing tax advice for compensation or the promise of compensation concerning any: (i) trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"); (ii) conservation easement; and (iii) monetized installment sale (a/k/a the "M453" strategy);

c. making or furnishing or causing another person to make or furnish a statement (including but not limited to by referral of individuals or entities to others) with respect to the use of any: (i) trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"); (ii) conservation easement; and (iii) monetized installment sale (a/k/a the "M453" strategy);

d. organizing, promoting, marketing, or selling (directly or indirectly) any plan or arrangement or any interest in an entity, plan, or arrangement concerning any tax strategy, including but not limited to any: (i) trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"); (ii) conservation easement; and (iii) monetized installment sale (a/k/a the "M453" strategy);

e. preparing, aiding, or assisting in the preparation of federal tax returns or amended returns or other tax forms reporting the use of any: (i) trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts");

(ii) conservation easement; and (iii) monetized installment sale (a/k/a the "M453" strategy);

    f.      preparing, aiding, or assisting in preparing any IRS Form 5227 (Split-Interest Trust Information Return) for any individual and/or entity;

    g.      preparing, aiding, or assisting in the preparation of federal tax returns or amended returns or other tax forms that claim a stepped-up value basis for property when the prior owner transferred it to a trust, unless the property was transferred, acquired from, and/or passed to a trust by the decedent or decedent's estate as permitted by law;

    h.      representing anyone before the IRS, unless that representation arises from a tax return selected by the IRS for examination that was prepared by Schreiner or Columbia after tax year 2017 and does not report use of a strategy enumerated in paragraphs (b)-(e), above, or any strategy or scheme identified among the IRS's publicly disclosed "Dirty Dozen" list; and

    i.      making any statements, written or verbal, that misrepresent any of the terms of this order of permanent injunction against them.

**IT IS FURTHER ORDERED** that Schreiner and Columbia provide to counsel for the United States in this action, within thirty (30) days after entry of this order of permanent injunction against them, a list of all persons or entities (including contact information for each person/entity) who have engaged either of them to aid, assist, or implement (including but not limited to by preparing tax returns) any tax strategy identified on the IRS's "Dirty Dozen" list since January 1, 2018.

**IT IS FURTHER ORDERED** that within forty-five (45) days after entry of this order of permanent injunction, Schreiner, on behalf of himself and Columbia, shall file with the Court a declaration, signed by him under penalty of perjury, that he has:

a. Received and understands this order of permanent injunction entered by this Court against them;

b. Removed all content from any website of Columbia, or other website they control, consistent with the terms on pages 1-3, paragraphs a-h above;

c. Provided a copy of this order of permanent injunction against them to any individual or entity who has, since January 1, 2015, compensated either of them, directly or indirectly, for preparing a tax return that reports use of any trust established under/subject to 26 U.S.C. § 664 ("Charitable Remainder Trusts"), any conservation easement, or any monetized installment sale (a/k/a the "M453" strategy);

d. Provided a copy of this order of permanent injunction against them to any individual or entity who has, since January 1, 2019, compensated either of them, directly or indirectly, for entering into any plan or arrangement concerning any tax strategy;

e. Provided in writing the identities and contact information for all individuals and entities pursuant to paragraphs c and d (page 4) above to counsel for the United States in this action; and

f. Provided to counsel for the United States in this action, within thirty (30) days after entry of this order of permanent injunction against them, a list of all persons or entities (including contact information for each person/entity) who

have engaged either of them to aid, assist, or implement (including but not limited to by preparing tax returns) any tax strategy identified on the IRS's "Dirty Dozen" list since January 1, 2018.

**IT IS FURTHER ORDERED** that Schreiner shall provide on or before May 1st of each year, for three (3) years commencing May 1, 2025, a signed declaration under penalty of perjury: (a) affirming that he has not engaged in any of the barred conduct identified on pages 1-3, paragraphs a-i above, during the prior twelve-month period; and (b) identifying any income-generating activity he engaged in during the prior twelve-month period, including the income source/payors (by name, address, and telephone number) and a description of the income-generating activity, or in the alternative, provide a copy of all filed federal tax return(s) for 2023, 2024, and 2025 (including any subsequent amendments), if filed with the IRS on or before the deadline(s) for filing, within fourteen (14) days of filing. Schreiner agrees to send that declaration and any tax returns under this Paragraph to the following addresses (unless notified of new addresses):

Internal Revenue Service
Lead Development Center Stop MS5040
24000 Avila Road
Laguna Niguel, CA 92677

Department of Justice, Tax Division
Chief - Civil Trial Section, Central Region
P.O. Box 7238
Ben Franklin Station
Washington, D.C. 20044

**IT IS FURTHER ORDERED** that a judgment of $400,000.00 is entered in favor of the United States and against Schreiner under Count IV of the Amended Complaint.

**IT IS FURTHER ORDERED** that Count IV of the Amended Complaint against Columbia is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the District Court shall retain jurisdiction to enforce this injunction and allow the United States to engage in post-judgment discovery to ensure compliance with the injunction and collection of the disgorgement judgment.

**IT IS FURTHER ORDERED** that the Clerk is directed to enter final judgment pursuant to Fed. R. Civ. P. 54(b) in favor of the United States and against Schreiner and Columbia since there is no reason for delay. The Court finds that entry of the Order and Judgment of Permanent Injunction against Schreiner and Columbia does not bind other parties, except that if the other Defendants with notice of this injunction take any future action in concert with Schreiner and Columbia for which Schreiner and Columbia are being enjoined, they too are then subject to this injunction.

**IT IS SO ORDERED.**

Dated: May 3, 2024

_/s/ Douglas Harpool_

**DOUGLAS HARPOOL**
**United States District Judge**